UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| EVERGREEN EQUITY TRUST, EVERGREEN SELECT EQUITY TRUST, EVERGREEN VARIABLE ANNUITY TRUST, and EVERGREEN INTERNATIONAL TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, FRANKLIN D. RAINES, TIMOTHY HOWARD, LEANNE G. SPENCER, THOMAS P. GERRITY, ANNE M. MULCAHY, FREDERICK V. MALEK, TAYLOR C. SEGUE, III, WILLIAM R. HARVEY, JOE PICKETT, VICTOR H. ASHE, STEPHEN B. ASHLEY, MOLLY H. BORDONARO, KENNETH M. DUBERSTEIN, JAMIE S. GORELICK, MANUEL J. JUSTIZ, ANN KOROLOGOS, DONALD B. MARRON, DANIEL H. MUDD, H. PATRICK SWYGERT, LESLIE RAHL, and JOHN DOE,<br><br>Defendants. | Case No. 1:06CV00082 |

## PLAINTIFFS' OBJECTION TO CONSOLIDATION

Plaintiffs Evergreen Equity Trust, Evergreen Select Equity Trust, Evergreen Variable Annuity Trust, and Evergreen International Trust (collectively, "Plaintiffs") hereby object to the consolidation of this action into the consolidated class action captioned *In re Fannie Mae Securities Litigation*, Master Civil Action No. 1:04CV01639 (the "Class Action"). While Plaintiffs do not oppose reasonable coordination of discovery in their action with that in the Class Action, Plaintiffs oppose consolidation of the actions for the reasons set forth below:

## BACKGROUND

1. Two federal securities class actions were filed in the Fall of 2004, arising out of revelations that Fannie Mae and its management had engaged in improper accounting practices for the purpose of distorting Fannie Mae's reported financial results. On December 10, 2004, the parties to those actions filed a Stipulated Order of Consolidation with the Court, which was entered by the Court on April 7, 2005, *nunc pro tunc* to December 16, 2004. (A copy of the Stipulated Order of Consolidation is attached hereto as Exhibit A).

2. The Stipulated Order of Consolidation provides that the two class actions would be consolidated "for all purposes through final judgment," and that the terms of the Order would apply to all future cases arising out of the same nucleus of facts, unless a party objected to the consolidation of such a future case within ten days after the mailing of the Stipulated Consolidation Order to counsel for that party. Although Plaintiffs believe the Order's provisions relating to future cases were intended to apply only to future *class* actions, the language of the Order is not so limited.

3. The pertinent provisions of the Stipulated Order of Consolidation are as follows::

> 1. The *Anne E. Flynn and Robert L. Garber* (Case No. 1:04-cv-01843) related securities class action is hereby consolidated into the first-filed action, *Vincent Vinci v. Federal National Mortgage Association, et al.*, Case No. 1:04-cv-01639 (the "Consolidated Action"). All future pleadings in either of these cases shall be filed under Case No. 1:04-cv-01639 and shall have the following caption: *In re Fannie Mae Securities Litigation*, Consolidated Civil Action No. 1:04-cv-01639. The consolidation will be for all purposes through final judgment....
>
> \*   \*   \*
>
> 3. Any action involving substantially related questions of law and fact hereafter filed in or transferred to this Court, shall be consolidated under the master file number assigned to this case.

2

4. The terms of this Order apply to any action hereafter filed in this District or transferred to this Court that involve claims on behalf of the purchasers of Fannie Mae securities and that arise out of the same facts and assert the same or substantially similar claims as alleged in the Consolidated Action, under the following procedures:

    a. When a case which relates to the subject matter of this Consolidated Action is hereafter filed in or transferred to this Court, the Clerk of the Court shall:

        (i) Mail a copy of this Order to the attorney(s) for the plaintiff(s) in the newly filed or transferred action and to the attorneys for any new defendant(s) in the newly filed or transferred action ...

        \*    \*    \*

    b. This Order will apply to each such case that arises out of or is related to the same common nucleus of fact, subsequently instituted in, removed to, or transferred to this Court unless a party objecting to the consolidation of such case or to any other provision of this Order files, within ten (10) days after the date upon which a copy of this Order is mailed to counsel for such party, an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

4. On March 4, 2005, the lead plaintiffs in the Class Action filed a Consolidated Class Action Complaint For Violations of Federal Securities Laws, which asserts claims pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, against only four defendants: Fannie Mae, Franklin Raines, Timothy Howard, and Leanne Spencer. The defendants' motions to dismiss the Consolidated Class Action Complaint are *sub judice*.

5. Plaintiffs are institutional investors that collectively purchased over $415 million in Fannie Mae stock during the time when the price of those securities was artificially inflated.

Although Plaintiffs are putative members of the class in the Class Action, given their substantial economic interest in the litigation, Plaintiffs decided to file their own individual action, in which they could retain their own counsel and control the prosecution of their own claims. Additionally, Plaintiffs wished to assert claims, including state law claims and additional federal claims, that were not asserted in the Class Action, and to pursue claims against defendants who were not named in the Class Action. Accordingly, Plaintiffs retained separate counsel and, on January 17, 2006, filed an individual (non-class) action alleging four state law claims, plus federal securities claims pursuant to Sections 10(b), 18, 20A and 20(a) of the Securities Exchange Act of 1934 and Sections 11 and 15 of the Securities Act of 1933. Plaintiffs brought these claims against Fannie Mae and the individual defendants who are named in the Class Action, as well as 17 current and former members of Fannie Mae's Board of Directors and one "John Doe" defendant (an insurance company). Thus, Plaintiffs' action is significantly broader in scope, in terms of both parties and claims, than the Class Action.

6. On January 31, 2006, the Stipulated Consolidation Order was entered on the docket in Plaintiffs' individual action. In accordance with paragraph 4(b) of the Order, Plaintiffs hereby object to the application of the Order in this case, and respectfully request that the Court refrain from consolidating this action with the Class Action.

## ARGUMENT

7. Plaintiffs' action was not brought as a class action, and it involves eighteen more defendants and nine more causes of action than the Class Action. Thus, it is arguable whether the Stipulated Order of Consolidation is even implicated here, since the Order applies only to later-filed actions "involving substantially related questions of law and fact" or that "assert the same or substantially similar claims as alleged in the [Class] Action." *See* Stipulated Order of

4

Consolidation, ¶¶ 3-4. However, even if the Stipulated Order of Consolidation would otherwise apply, consolidation of Plaintiffs' individual (non-class) action with the Class Action – which the Stipulated Order says is "for all purposes through final judgment" – would be unjust.

8. First, Plaintiffs have a constitutional right to opt out of the Class Action and pursue their own individual claims, through counsel of their own choosing. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) ("due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class ..."). *See also Becherer v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 193 F.3d 415, 426 (6th Cir. 1999) ("it would defeat the clear purposes of Rule 23 to bar a group of plaintiffs, who were putative members of a class but either opted our or retained their right to opt out, from litigating separately"); Wright, Miller & Kane, *Federal Practice & Procedure: Civil 2d*, 1787 at p. 211 (2d ed. 1980) ("a class member's right to exclusion is without qualification"). Plaintiffs' right to opt out would be meaningless if their individual action were consolidated back into the Class Action. Such a result would deprive Plaintiffs of the ability to control and direct the prosecution of their individual claims, including claims which the lead plaintiffs in the Class Action have not even asserted. Not only do the lead plaintiffs in the Class Action have no incentive to pursue those claims, but they actually have a disincentive to do so, since Plaintiffs' recovery on those claims may diminish the insurance and other proceeds available to the class plaintiffs.

9. Furthermore, consolidating Plaintiffs' claims into the Class Action may prevent Plaintiffs from pursuing valuable state law claims, which they are entitled to pursue in an individual action but which cannot be maintained in a class action. *See* Securities Litigation Uniform Standards Act, 15 U.S.C. § 77p(b). Plaintiffs should not be deprived of substantive legal rights through the procedural mechanism of consolidation.

10. By opposing consolidation, Plaintiffs do not mean to suggest that they will not agree to coordinate with the Class Action where appropriate. For example, Plaintiffs are willing to work with class counsel when scheduling depositions, in an effort to avoid requiring witnesses to appear for more than one deposition. However, Plaintiffs should be permitted to remain independent of the class and its counsel with respect to substantive matters, including pleadings, pretrial motions and trial, and should not be bound by decisions or actions taken on behalf of the class.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order declaring that Plaintiffs' action shall not be consolidated with the Class Action, and that terms of the Stipulated Consolidation Order do not apply to this action.

Dated: February 9, 2006

*/s/ Stuart M. Grant*
Stuart M. Grant (D.C. Bar # 450895)
GRANT & EISENHOFER P.A.
Chase Manhattan Centre
1201 N. Market St.
Wilmington, DE 19801
(302) 622-7000
(302) 622-7100 (facsimile)
Attorneys for Plaintiffs