## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668 |

| | |
|---|---|
| In Re Fannie Mae Securities Litigation | Consolidated Civil Action No. 1:04-cv-01639 |
| | Judge Richard J. Leon |

### RESPONSE TO EVERGREEN AND FRANKLIN TEMPLETON'S APPLICATIONS FOR RELIEF

Defendant Fannie Mae, through undersigned counsel, hereby files this combined opposition to the Objections to Consolidation filed by Plaintiffs in the *Evergreen Equity Trust et al. v. Federal National Mortgage Association et al.*, (Case No. 1:06-cv-00082, D.D.C. Jan. 17, 2006) ("Evergreen") and *Franklin Managed Trust et al. v. Federal National Mortgage Association et al.*, (Case No. 1:06-cv-00139, D.D.C. Jan. 25, 2006) ("Franklin Templeton") actions. The following individually named defendants consent to this response: Raines, Howard, Spencer, Gerrity, Mulcahy, Malek, Segue, Harvey, Pickett, Ashe, Ashley, Duberstein, Gorelick, Justiz, Korologos, Marron, Mudd, Swygert, and Rahl ("Individual Defendants") (all, collectively, "Defendants"). For the reasons set forth below, Defendants respectfully request that the Evergreen and Franklin Templeton actions remain consolidated with the above-captioned action for all purposes through final judgment.

### STATEMENT OF FACTS

The parties in the consolidated proceeding, *In re Fannie Mae Securities Litigation*, agreed to a consolidation order and filed it with the Court on December 10, 2004. The Court

signed the order on December 16, 2004. Pursuant to the terms of that order, all future filed cases arising out of the same set of facts as the consolidated action were to be consolidated into the main action.

The Evergreen Plaintiffs filed an individual opt-out complaint in this Court on January 17, 2006 and the Franklin Templeton Plaintiffs filed a virtually identical opt-out complaint in this Court on January 25, 2006 (collectively, the "Individual Complaints"). Both Evergreen and Franklin Templeton concede that they would be members of the putative class in the above-captioned class action. *See* Evergreen Compl. ¶ 440, Franklin Templeton Compl. ¶ 517. The Court consolidated the Evergreen and Franklin Templeton complaints into the above-captioned action on January 30, 2006 and February 2, 2006, respectively. Pursuant to the terms of the Court's orders, the actions were "consolidated into the first-filed action, *Vincent Vinci v. Federal National Mortgage Association, et al.*, Case No. 1:04-cv-01639 (the "Consolidated Action") … for all purposes through final judgment." (*See* Stipulated Order of Consolidation, Case No. 1:06-cv-00082, Jan. 30, 2006, at 1-2; Case No. 1:06-cv-00139, Feb. 2, 2006, at 1-2.) Evergreen and Franklin Templeton both filed applications for relief from the Court's consolidation order on February 9, 2006. (*See* Pls.' Objection to Consolidation, Case No. 1:06-cv-00082, Feb. 9, 2006 ("Evergreen Obj. to Consol."); Pls.' Objection to Consolidation, Case No. 1:06-cv-00139, Feb. 9, 2006 ("Franklin Templeton Obj. to Consol.").)

The overwhelming majority of the allegations set forth in the Evergreen and Franklin Templeton complaints are nearly identical to the allegations in the amended consolidated complaint filed by lead plaintiffs in the above-captioned class action on March 4, 2005 ("Amended Consolidated Complaint"). As with the Amended Consolidated Complaint, the Evergreen and Franklin Templeton complaints are based on the findings made by the Office of

Federal Housing Enterprise Oversight ("OFHEO") in its September 22, 2004, preliminary report ("OFHEO Preliminary Report"). The Evergreen and Franklin Templeton complaints allege the same misapplications of generally accepted accounting principles ("GAAP") cited in the Amended Consolidated Complaint as the bases for their claims. Indeed, both Evergreen and Franklin Templeton concede that the claims set forth in their respective complaints "arise out of the same facts and circumstances" as the claims in the Amended Consolidated Complaint. (*See* Evergreen Compl. ¶ 440, Templeton Compl. ¶ 517.) Although the Evergreen and Franklin Templeton Complaints do add additional defendants and additional counts based on claims under the federal securities laws as well as state law, it is not clear that the claims against the newly added Defendants and/or the newly added claims will survive motions to dismiss. Even if new claims survive motions to dismiss, Evergreen and Franklin Templeton will have to prove substantially the same set of facts as the lead plaintiffs in the above-captioned class action to secure a judgment on its claims.

ARGUMENT

I.    THE EVERGREEN AND FRANKLIN TEMPLETON COMPLAINTS SHOULD REMAIN CONSOLIDATED WITH THE ABOVE-CAPTIONED ACTION THROUGH FINAL JUDGMENT.

As this Court is well aware, Federal Rule of Civil Procedure 42(a) permits consolidation of "actions involving a common question of law or fact." Where consolidation is appropriate, courts "may order a joint hearing or trial of any or all the matters in issue in the actions [and] may order all the actions consolidated." Fed. R. Civ. P. 42(a). Here, there is no dispute that the Evergreen and Franklin Templeton actions involve common questions of law and fact with the consolidated securities class action. Both Evergreen and Franklin Templeton concede as much. (*See* Evergreen Compl. ¶ 440, Templeton Compl. ¶ 517.)

Individual opt-out cases, such as Evergreen and Franklin Templeton, are routinely consolidated into multidistrict litigation proceedings for pretrial purposes – even when they are filed in another federal district.  For example, 28 U.S.C. 1407, the statute governing multidistrict litigation, specifically provides for just such a result:

> (a) When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings.

> \*        \*        \*

> (b) Such coordinated or consolidated pretrial proceedings shall be conducted by a judge or judges to whom such actions are assigned by the judicial panel on multidistrict litigation.

*Id.*  The only restriction that the Supreme Court has imposed on transferee courts is that they remand any actions consolidated for pretrial purposes to plaintiff's chosen venue consistent with the provisions of 1407(b) "at or before the conclusion of such pretrial proceedings."  *See id.*

There is nothing about the consolidation of the Evergreen or Franklin Templeton actions with the consolidated proceeding that would deny those Plaintiffs their right to opt-out from the putative class.  It is well-settled that consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933) (discussing 28 U.S.C. § 734, the predecessor statute to Fed. R. Civ. P. 42(a)).  Cases consolidated under Rule 42(a) retain their separate identity.  *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 606 (6th Cir. 1985).  "A consolidation of separate actions … does not merge the independent actions into one suit.... Each cause of action retain[s] a separate identity, and each party [is] responsible for complying with procedural requirements."  *Stacey v. Charles J. Rogers, Inc.*, 756 F.2d 440, 442 (6th Cir. 1985).  "[C]onsolidation is a purely ministerial act which … relieves the parties and the Court of the burden of duplicative pleadings and Court orders."  *New York v. Microsoft Corp.*, 209 F.

Supp. 2d 132, 147-48 (D.D.C. 2002).  Simply put, Plaintiffs' contention that consolidation would deprive them "of the ability to control and direct the prosecution of their individual claims" lacks any basis in law.

Here, Plaintiffs filed both actions in this Court, knowing that the multidistrict litigation was pending in the same venue.  As a result, not only can Evergreen and Franklin Templeton be consolidated for pretrial purposes, they can remain consolidated with the class action through final judgment.  Such consolidation would conserve judicial resources and ease the administrative burden on the parties and this Court.  Consolidation of all individual actions with the above-captioned action would also enable the Court to adjudicate various overlapping claims by numerous parties.  If either, or both, actions reach trial, this Court can determine the most efficient way to try common factual issues at that time.

II.    PLAINTIFFS' CONCERN ABOUT PREEMPTION OF ANY STATE CLAIMS UNDER THE SECURITIES LITIGATION UNIFORM STANDARDS ACT IS INSUFFICIENT TO PREVENT CONSOLIDATION

In Paragraph 9 of their respective Objections to Consolidation, Plaintiffs reveal the true reason that they oppose consolidation of their actions.  There, Evergreen and Franklin Templeton contend that "consolidating Plaintiffs' claims into the Class Action may prevent Plaintiffs from pursuing valuable state law claims," (*see* Evergreen Obj. to Consol. ¶ 9; Franklin Templeton Obj. to Consol. ¶ 9), because those claims would become preempted under the Securities Litigation Uniform Standards Act ("SLUSA").  15 U.S.C. § 77p(b).  Regardless of whether the Evergreen or Franklin Templeton lawsuits are consolidated into the main class action, preemption of their state law claims is required under SLUSA.  Thus, Plaintiffs cannot be heard to complain.

Plaintiffs, as masters of their complaint, can choose what claims to assert and where to file as long as jurisdiction and venue are proper.  *See*, *e.g.*, *Bastien v. AT & T Wireless Servs., Inc.,* 205 F.3d 983, 986 (7th Cir. 2000) (as a general rule, the plaintiff is the master of his own

complaint and can avoid federal jurisdiction by pleading exclusively state-law claims) (citing

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983)); *In re*

*Comcast Cellular Telecomms. Litig.*, 949 F. Supp. 1193, 1201 (E.D. Pa. 1996) (as the master of

the complaint, a plaintiff is free to select the forum in which to proceed); *Feltner v. Bluegreen*

*Corp.*, No. IP 02-0873-C-M/S, 2002 WL 31399106, at *8 (S.D. Ind. Oct. 8, 2002) (same).

Evergreen and Franklin Templeton voluntarily elected to assert five causes of action for relief

under the Securities Exchange Act of 1934, for which there is exclusive federal jurisdiction, and

chose to do so in this Court.  They did so with full knowledge of SLUSA and its potential

application.  Plaintiffs cannot now seek to restrict this Court's ability to manage its docket

(through a standing consolidation order entered over a year ago) because they do not like the

results of their own tactical decisions.

       Further, whether the Evergreen and Franklin Templeton actions are actually consolidated

or not, the state law claims asserted therein will be preempted under SLUSA.  SLUSA provides

that:

> (b) Class action limitations
>
> No covered class action based upon the statutory or common law
> of any State or subdivision thereof may be maintained in any State
> or Federal court by any private party alleging (A) a
> misrepresentation or omission of a material fact in connection with
> the purchase or sale of a covered security; or (B) that the defendant
> used or employed any manipulative or deceptive device or
> contrivance in connection with the purchase or sale of a covered
> security.

15 U.S.C. § 78bb(f); *see also* §§ 77p(b).  A "covered class action" under SLUSA is defined as

"any group of lawsuits filed in or pending in the same court and involving common questions of

law or fact, in which (I) damages are sought on behalf of more than 50 persons; and (II) the

lawsuits are *joined, consolidated, or otherwise proceed as a single action for any purpose*."  15

U.S.C. §§ 77p(f)(2), 78bb(f)(5)(B) (emphasis added).  Here the addition of the Evergreen and Franklin Templeton Plaintiffs to the existing "covered class action" renders the entire group of lawsuits a "covered class action" whether the cases are consolidated, joined or simply proceed as a single action for any purpose.  *See In re Worldcom, Inc. Sec. Litig.*, 308 F. Supp. 2d 236, 247 (S.D.N.Y. 2004) (finding that ten individual actions that collectively claimed damages on behalf of 293 plaintiffs was a group of lawsuits for purposes of SLUSA).  Both Evergreen and Franklin Templeton concede that their actions should be coordinated where appropriate.  (*See* Evergreen Obj. to Consol. ¶ 10; Franklin Templeton Obj. to Consol. ¶ 10.)  Thus, even if the Evergreen and Franklin Templeton actions were not consolidated into *In re Fannie Mae Securities Litigation*, they will be "joined" or "otherwise proceed as a single action" for purposes of preempting Plaintiffs' state law claims.

<u>CONCLUSION</u>

For all of these reasons, Defendants respectfully request that *Evergreen Equity Trust et al. v. Federal National Mortgage Association et al.*, (Case No. 1:06-cv-00082) and *Franklin Managed Trust et al. v. Federal National Mortgage Association et al.*, (Case No. 1:06-cv-00139) remain consolidated with *In re Fannie Mae Securities Litigation*, Consolidated Civil Action No. 1:04-cv-01639, part of *In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation*, MDL 1668, "for all purposes through final judgment" as required by the Court's Orders of January 30, 2006 and February 2, 2006.

Dated: February 27, 2006                        Respectfully submitted,

                                                **ON BEHALF OF DEFENDANTS**

                                                _____/s/ Jeffrey W. Kilduff _____
                                                John Beisner (D.C. Bar No. 320747)
                                                Jeffrey W. Kilduff (D.C. Bar No. 426632)
                                                Kimberly A. Newman (D.C. Bar No. 420236)
                                                Robert M. Stern (D.C. Bar No. 478742)
                                                Natasha Colton (D.C. Bar No. 479647)
                                                Michael J. Walsh, Jr. (D.C. Bar No. 483296)
                                                O'Melveny & Myers LLP
                                                1625 Eye Street, N.W.
                                                Washington, DC  20006
                                                T:  202/383-5300
                                                F:  202/383-5414

                                                Seth Aronson
                                                O'Melveny & Myers LLP
                                                400 South Hope Street, 15th Floor
                                                Los Angeles, CA  90071-2899
                                                T:  213/430-6000
                                                F:  213/430-6407
                                                ***Counsel for Defendant Fannie Mae***

## CERTIFICATE OF SERVICE

I certify that on February 27, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record in this matter who are registered on the CM/ECF.

Kevin M. Downey, Esq.
Joseph M. Terry, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005-5091

*Counsel for Defendant Franklin D. Raines*

Steven M. Salky
Eric Delinsky
Zuckerman Spaeder LLP
1201 Connecticut Ave., NW
12th Floor
Washington, DC  20036-2638

*Counsel for Defendant J. Timothy Howard*

David S. Krakoff, Esq.
Mark W. Ryan, Esq.
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, DC 20006-1101

*Counsel for Defendant Leanne G. Spencer*

Curtis V. Trinko
Jeffrey B. Silverstein
Law Office of Curtis V. Trinko, LLP
16 West 46th Street, 7th Floor
New York, NY  10036
-and-
Alfred G. Yates, Jr.
Law Offices of Alfred G. Yates, Jr., P.C.
429 Forbes Ave.
Pittsburgh, PA

*Counsel For Plaintiffs Anne E. Flynn and Robert L. Garber, as Custodian for Michael Saul Garber*

Mark A. Topaz
Richard A. Maniskas
Richard S. Schiffrin
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA 19004

**_Counsel for Plaintiffs Vincent Vinci_**

Stanley M. Chesley
James R. Cummins
Waite, Schneider, Bayless & Chesley Co., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 45202
-and-
Jeffrey C. Block
Berman Devalerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA 02169
-and
Steven J. Toll
Daniel S. Sommers
Cohen, Millstein, Hausfeld, & Toll P.L.L.C.
1100 New York Avenue, N.W.
Washington, DC 20005

**_Counsel for Plaintiff Ohio Public Employees Retirement System_**

Stuart M. Grant
Grant & Eisenhofer, P.A.
Chase Manhattan Centre
1201 N. Market Street
Wilmington, DE 19801

**_Counsel for Plaintiff Evergreen Trust and Franklin Templeton Trusts_**

Frank J. Johnson
Brett M. Weaver
Law Office of Frank J. Johnson
402 W. Broadway, 27th Floor
San Diego, CA  92101
-and-
Robert W. Liles
1054 31st Street, NW
Suite 415
Washington, DC  20007

**_Counsel for Plaintiff Sassan Shahrokhinia_**

                                                 _/s/ Michael J. Walsh, Jr._
                                                 Michael J. Walsh, Jr.