UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE FANNIE MAE SECURITIES LITIGATION | ) ) ) ) | Case No. 1:04CV01639 |
| FRANKLIN MANAGED TRUST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:06CV00139 |
| EVERGREEN EQUITY TRUST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL NATIONAL MORTGAGE ASSOCIATION, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:06CV00082 |

**PLAINTIFFS' REPLY IN SUPPORT OF OBJECTION TO CONSOLIDATION**

Plaintiffs in the two above-captioned individual actions are institutional investors who collectively purchased over $750 million in Fannie Mae stock at artificially inflated prices. Given their substantial economic stakes in the federal securities litigation against Fannie Mae and related defendants, and the fact that the Class Action against Fannie Mae did not assert all of

the claims against all of the defendants that Plaintiffs believe should be pursued, Plaintiffs chose to opt out of the Class Action and to pursue their claims individually, through their own counsel.

On February 9, 2006, Plaintiffs filed objections to the consolidation of their actions with the pending Class Action. As explained in Plaintiffs' submission, Plaintiffs do not oppose reasonable coordination of discovery between their actions and the Class Action. Toward that end, Plaintiffs' counsel have contacted Class counsel in an effort to work out a mutually acceptable plan of coordination for submission to the Court. Plaintiffs and the Class plaintiffs agree that consolidation is inappropriate. As Class counsel stated in their submission to the Court, they and Plaintiffs' counsel have fiduciary obligations to their respective clients that preclude consolidation. Additionally, as discussed in Plaintiffs' original submission, the actions should not be consolidated because to do so would: (1) deprive Plaintiffs of their constitutional right to opt out of the Class Action and control the prosecution of their own claims (including numerous claims that were not, and could not be, asserted in the Class Action), and (2) provide fodder to the defendants to argue that Plaintiffs' state law claims are barred by SLUSA.

The defendants, recognizing that it would be in their best interests to restrict Plaintiffs' ability to pursue their claims, contend that Plaintiffs' cases must be consolidated with the Class Action. In support, they argue that the actions involve common questions of law and fact, and that individual cases are "routinely consolidated into multidistrict litigation proceedings" for pretrial purposes. Of course, the existence of common questions of law and fact does not compel consolidation, but merely counsels in favor of *coordination* – which Plaintiffs do not oppose. Indeed, the federal statute regarding multidistrict litigation, which the defendants quote in their brief, expressly recognizes that actions involving common questions may be transferred to a

single district for *"coordinated or consolidated* pretrial proceedings." 28 U.S.C. § 1407 (emphasis added).

Incredibly, Fannie Mae also argues that "there is nothing about the consolidation of [Plaintiffs'] actions with the consolidated proceeding that would deny those Plaintiffs their right to opt-out from the putative class." *See* Defendants' Response to Evergreen and Franklin Templeton's Applications For Relief, at 4. Does this mean that, even if the cases were consolidated, the defendants would recognize Plaintiffs' right to file separate pleadings from those filed on behalf of the Class, and to take discovery in addition to that taken by the Class plaintiffs? It must, because Plaintiffs' ability to control the destiny of their own claims is central to their right to opt out, particularly in light of the Class plaintiffs' failure to assert all of the claims or name all of the defendants that Plaintiffs believe should be asserted. Indeed, if an opt-out action could be consolidated back into the very class action from which the plaintiff opted out, the right to opt out would be completely meaningless.

With respect to the preemption of Plaintiffs' state law claims, Fannie Mae argues that consolidation would not adversely affect Plaintiffs, because Plaintiffs' claims would be barred by the Securities Litigation Uniform Standards Act ("SLUSA") even if the cases were merely coordinated.[1] According to Fannie Mae, mere coordination of Plaintiffs' individual action with the Class Action would mean that the cases are "proceed[ing] as a single action ..." *See* Response, at 7. That is an odd position for Fannie Mae to take, having argued three pages earlier

---

[1]   SLUSA provides that "[n]o covered class action" alleging claims akin to securities fraud may be brought under state law. 15 U.S.C. § 78bb(f)(1). SLUSA was enacted to close a loophole left by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), whereby plaintiffs were circumventing the PSLRA's restrictive pleading requirements and mandatory discovery stays by filing class actions in state court instead of federal court. *Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 332 F.3d 116, 122-123 (2d Cir. 2003). Through SLUSA, Congress sought to "mandat[e] federal courts as the 'exclusive venue for *class actions* alleging fraud in the sale of certain covered securities and [to] mandat[e] that such *class actions* be governed exclusively by federal law.'" *Id.* at 123 (citation omitted; emphasis added).

in the same brief that even the drastic step of consolidation would "not merge the suits into a single cause." *Id.* at 4 (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479 (1933)). In any event, the notion that Plaintiffs' individually-asserted state law claims would be preempted by SLUSA merely because Plaintiffs' actions are coordinated (but not consolidated) with a class action for the sake of judicial efficiency, is ludicrous. Plaintiffs, having acted in good faith by exercising their Constitutional rights to opt out of the Class Action and pursue individual actions, cannot be denied their right to assert state law claims merely because their cases are coordinated with another.[2]

KPMG goes a step further than the other defendants and argues not only that the actions should be consolidated, but that Plaintiffs should be denied any ability to pursue their claims against KPMG or other defendants not named in the Class Action until after class certification has been addressed. No doubt because KPMG was not named as a defendant in the Class Action, KPMG proposes that the Lead Plaintiffs in the Class Action should be solely responsible for pursuing discovery pending class certification. In support, KPMG purports to cite and quote from an opinion by this Court in the Fannie Mae derivative litigation. However, that citation – *In re Federal National Mortgage Association Derivatives Litigation*, 2005 WL 2453284 (D.D.C.

---

[2]    Fannie Mae's citation of *In re Worldcom, Inc. Securities Litigation* is misplaced. There, the Court found that ten purportedly individual actions *which had been consolidated with the plaintiffs' consent* were actually "proceed[ing] as a single action" where the actions were brought on behalf of 293 plaintiffs whose counsel had "intentionally structured the filing of the Ten Actions with the purpose of evading SLUSA's removal and preemption provisions." *In re Worldcom, Inc. Sec. Litig.*, 2004 WL 692746, at *5 (S.D.N.Y. Apr. 2, 2004). The Court stated: "This is simply not a case in which an individual or even a group of individuals have in good faith decided to pursue individual actions .... as permitted by SLUSA. From the inception of this litigation, these plaintiffs have operated a *de facto* class action .... in the face of the explicit prohibitions of SLUSA." *Id.* Here, by contrast, there are fewer than 30 Plaintiffs and only two individual actions; those cases have not been consolidated; and Plaintiffs filed their actions in good faith and not in an effort to evade SLUSA. Indeed, unlike the 293 plaintiffs in *Worldcom*, if all of the 30 Plaintiffs here had joined together in a single opt-out action, they would not have met the threshold of 50 plaintiffs that may cause an individual action to be treated as a "covered class action" for purposes of SLUSA. *See* 15 U.S.C. § 77p(f)(2)(A)(i)(I). In any event, because the actions in *Worldcom* had been consolidated, that opinion does not support the conclusion that mere coordination can lead to a finding that cases are "proceed[ing] as a single action" for purposes of SLUSA.

4

Aug. 9, 2005) – is *not* to a judicial opinion, but merely to a brief submitted by Fannie Mae. Moreover, although the Court ultimately denied the objection to consolidation in that case, the circumstances were very different. There, the objecting party was one of numerous plaintiffs who had filed derivative actions, all purporting to pursue claims on behalf of Fannie Mae. Thus, consolidation was not depriving the objector of any rights to pursue individual claims. Here, by contrast, consolidation would deny Plaintiffs the right to control the prosecution of individual claims which they have brought for their own benefit.

KPMG also cites *In re WorldCom, Inc. Securities Litigation*, for the proposition that the Plaintiffs should be required to defer to Class counsel to litigate their common claims. There, the Court recognized "the need to respect the decision of any plaintiff [in an individual action] ... to choose her own counsel" and the need for "the plaintiffs and defendants in the Individual Actions [to] have a full and fair opportunity for discovery," including "an opportunity to ensure that the discovery conducted is sufficient to meet the needs of their action." 2003 WL 21219037, at *3 (S.D.N.Y. May 22, 2003). Finding that the individual actions would not require any different discovery than the class action, the Court held that class counsel would conduct discovery, subject to the right of the plaintiffs' counsel in the individual actions to request additions and deletions from that discovery, and to ask non-duplicative questions during depositions. *Id.* at *5-6. The Court further recognized that, if an individual plaintiff were to establish that its action raised unique issues, permission would be granted for that plaintiff to pursue separate discovery on those issues. *Id.* Here, Plaintiffs do not object to allowing Class counsel to take the lead in discovery relating to common issues, provided that Plaintiffs have an opportunity to provide input into the discovery requests and to ask non-duplicative questions at depositions. In addition, because Plaintiffs have sued numerous defendants (including KPMG)

that are not named in the Class Action, Plaintiffs must have the right to pursue separate discovery relating to those unique claims (including, for example, discovery regarding the conduct of KPMG's audits which is unlikely to be a subject of discovery in the Class Action).

In sum, the defendants have offered no legitimate reasons why any concerns they may have about efficiency cannot be satisfied through coordination of Plaintiffs' actions with the Class Action, rather than consolidation. Not only is there no need for full-blown consolidation, but consolidation might adversely affect Plaintiffs' due process and substantive rights. As purchasers of $750 million in Fannie Mae securities, Plaintiffs have suffered substantial damage as a result of the misconduct alleged in their complaints, and they cannot be forced to merely sit on the sidelines and hope that counsel for the Class are successful in achieving a recovery on their behalf. Instead, Plaintiffs' actions should be coordinated with the Class action, so that inefficiency and duplication are avoided, while Plaintiffs' rights are protected.

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order declaring that Plaintiffs' actions shall not be consolidated with the Class Action, and that the terms of the Stipulated Consolidation Order do not apply to *Evergreen Equity Trust, et al. v. Federal National Mortgage Association, et al.*, No. 1:06CV00082, or *Franklin Managed Trust, et al. v. Federal National Mortgage Association, et al.*, No. 1:06CV00139.

Dated: March 10, 2006

                                                   Stuart M. Grant (D.C. Bar # 450895)
GRANT & EISENHOFER P.A.
Chase Manhattan Centre
1201 N. Market St.
Wilmington, DE 19801
(302) 622-7000
(302) 622-7100 (facsimile)
Attorneys for Plaintiffs

6