UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668 |
| In Re Fannie Mae Securities Litigation | Consolidated Civil Action No. 1:04-cv-01639<br><br>Judge Richard J. Leon |

**SUPPLEMENTAL REPLY REGARDING OBJECTIONS TO CONSOLIDATION**

Defendant Fannie Mae, through undersigned counsel, hereby files this supplemental reply to the responses filed by the Evergreen and Franklin Templeton plaintiffs (collectively, the "Opt-Out Plaintiffs") and Lead Plaintiffs in the above-captioned action. For the reasons set forth below, Fannie Mae respectfully requests that the Court reject the coordination proposed by Lead Plaintiffs Ohio Public Employees Retirement System and State Teachers Retirement System of Ohio ("OPERS/STRS") and keep the Evergreen and Franklin Templeton actions consolidated with the above-captioned action for all purposes through final judgment pursuant to the Court's December 16, 2004 Consolidation Order.

STATEMENT OF FACTS

The Opt-Out Plaintiffs filed individual opt-out complaints in this Court on January 17, 2006 and January 25, 2006, respectively, over one year after this Court entered the stipulated consolidation order and over eight months after the Judicial Panel on Multidistrict Litigation transferred all actions arising out of the same facts and circumstances as the above-captioned action to this Court. Pursuant to the clear terms of the Court's December 16, 2004 consolidation

1

order (the "Consolidation Order"), all future filed cases arising out of the same set of facts as the consolidated action were to be consolidated into the main action. The Clerk of this Court entered the Consolidation Order in the Evergreen and Franklin Templeton cases on January 30, 2006 and February 2, 2006, respectively.

## ARGUMENT

I.   Consolidation of the Evergreen and Franklin Templeton Actions Is Appropriate Under Federal Rule Civil Procedure 42(a)

The Opt-Out Plaintiffs assert—albeit in a conclusory fashion—that "the existence of common questions of law and fact does not compel consolidation, but merely counsels in favor of *coordination*, which Plaintiffs do not oppose." (Plaintiffs' Reply In Support Of Objection To Consolidation at 2.) Notably absent from the Opt-Out Plaintiffs' response, however, is any authority for such an assertion. More importantly, the Opt-Out Plaintiffs ignore Federal Rule Civil Procedure 42(a) and all relevant authority thereunder.

As a general matter, where separate actions involve common issues of law and fact, courts regularly consolidate the cases under Rule 42(a). *See, e.g.*, *Clarke v. Cash*, 840 F. Supp. 158, 160 (D.D.C. 1993); *see also Tracinda Corp. v. DaimlerChrysler AG*, 2001 WL 849736, at *23 (D. Del. July 26, 2001). If "common questions of law and fact exist among the claims advanced, the mere pursuit of a different legal theory or a different claim by one of the parties is insufficient to defeat a motion to consolidate." *Tracinda Corp.*, 2001 WL 849736 at *2 (collecting cases). In the securities litigation context, where, as here, "the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact." *Primavera Familienstiftung*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997) (quoting *Werner v. Atterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992)); *see also Borenstein v. The Finova Group, Inc.*, 2000 WL 34524743, at *3 (D. Ariz. Aug.

30, 2000) (noting that action included all the Exchange Act claims included in the other actions even though the action also added claims under the Securities Act); *Waldman v. Electrospace Corp.*, 68 F.R.D. 281, 284 (S.D.N.Y. 1975) (noting that actions were based on alleged violations of the same accounting principles). Consolidation is equally appropriate where, as here, actions are based on essentially the same conduct. *See Primavera Familienstiftung*, 173 F.R.D. at 130 (holding that consolidation of action asserting common law fraud claim with action asserting federal securities law claim was appropriate because the claims "share substantial similarities").

The Opt-Out Plaintiffs simply ignore all this authority. Instead, their sole rejoinder is that consolidation will somehow extinguish their right to "control the destiny of their own claims." (Plaintiffs' Reply In Support Of Objection To Consolidation at 3.) As a general matter, however, cases consolidated under Rule 42(a) do not lose their separate identity. *See, e.g.*, *New York v. Microsoft Corp.*, 209 F. Supp. 2d 132, 147-48 (D.D.C. 2002); *Synar v. United States*, 626 F. Supp. 1374, 1379 (D.D.C. 1986). Although consolidated cases may be treated as a single action for certain limited purposes, the mere fact of consolidation does not mandate that individual actions be considered collectively for all purposes. *See, e.g.*, *Bay State HMO Mgmt., Inc. v. Tingley Sys., Inc.*, 181 F.3d 174, 177 (1st Cir. 1999) (treating consolidated cases as separate actions except for res judicata purposes); *Huene v. United States,* 743 F.2d 703, 705 (9th Cir. 1984) (treating consolidated cases as separate actions except for purposes of appeal); *Cablevision Sys. Dev. Co. v. Motion Picture Ass'n , Inc.*, 808 F.2d 133, 136 (D.C. Cir. 1987) (treating consolidated cases as separate actions except for purposes of determining applicability of extended time period in which to file appeal where the government is a named party). To the contrary, the "established rule" is that "consolidation does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."

3

*Synar*, 626 F. Supp. at 1379 (quoting *Johnson v. Manhattan Railway*, 289 U.S. 479, 496-97 (1933)).

Finally, notwithstanding the Opt-Out Plaintiffs' assertion, consolidation of the Evergreen and Franklin Templeton actions with the consolidated proceeding would not deny the Opt-Out Plaintiffs their right to opt-out from the putative class. In fact, courts routinely consolidate class actions with individual actions commenced by opt-out plaintiffs. *See, e.g.*, *In re Shell Oil Refinery*, 136 F.R.D. 588, 590 (E.D. La. 1991) (finding consolidation of opt-out cases with class action for trial on punitive damages was not in violation of due process because plaintiffs were given the opportunity to expedite recovery of compensatory damages by waiving their right to punitive damages) (citing Manual for Complex Litigation, Second § 21.631 at 109 (1985)); *see also Primavera Familienstiftung*, 173 F.R.D. at 130 (noting that notwithstanding consolidation, "plaintiffs remain free to opt out of the class, if one is certified, and pursue their individual actions.").

II.    The *Xerox* and *WorldCom* Orders Cited By The Lead Plaintiffs Are Inapposite

Because the Opt-Out Plaintiffs filed their complaints in this Court, which is both the MDL Court and the court in which the main securities class action will ultimately be tried, this Court is free to consolidate the individual actions for all purposes through final judgment. That the *Xerox* and *WorldCom* courts ordered coordination instead of consolidation through final judgment is of no moment, as the procedural posture of those cases was different than the procedural posture here. Although it is true that both *Xerox* and *WorldCom* involved securities cases that were consolidated for pretrial proceedings by the MDL Panel, the similarities between *Xerox* and *WorldCom* on the one hand and the above-captioned action on the other end there.

In both *Xerox* and *WorldCom*, many, if not most of the opt-out plaintiffs filed individual securities actions in state courts around the country. Some of the opt-out plaintiffs filed in other

4

federal district courts. Few filed in the MDL court, as Evergreen and Franklin Templeton have done here. Indeed, the *WorldCom* litigation involved cases filed in federal *and* state courts throughout the country, all of which were transferred to the Southern District of New York for pretrial proceedings. *See In re WorldCom Sec. Litig.*, 308 F. Supp. 2d 236 (S.D.N.Y. 2004). In those cases, it was only by order of the Judicial Panel on Multidistrict Litigation ("MDL Panel") that the opt-out plaintiffs' cases were transferred to the MDL court where the main securities class actions were pending. As a result of those differences, the MDL court did not have the ability to consolidate the opt-out actions through final judgment. Rather, under *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998), the MDL court was ultimately going to have to remand all transferred cases to their district of origin following discovery. None of those considerations are present in this case.

Here, by contrast, all of the litigation is pending in this Court, and the Court has the ability to consolidate all these actions through final judgment in the interest of efficiency. The Opt-Out Plaintiffs made the affirmative decision to file their actions in federal, not state court, and to file in this Court. The Opt-Out Plaintiffs presumably were aware of the Court's Consolidation Order and its terms when they filed their cases. As such, they should have known that their actions would likely be consolidated with the main securities class action "for all purposes through final judgment," as contemplated by the Consolidation Order.

Having filed their actions in this Court, consolidation through final judgment is appropriate. As argued by OPERS/STRS in support of its Lead Plaintiff application: "consolidation is clearly appropriate and would foster judicial economy, prevent the possibility of inconsistent results and avoid unnecessary costs and delays." (*See* OPERS/STRS Mem. In Supp. of Mot. For Consolidation, Appointment as Lead Plaintiffs and Approval of Selection as

5

Counsel at 11, filed Nov. 22, 2004.) The Court should therefore reject Lead Plaintiffs' contention that the individual actions at issue are analogous to the individual actions in *Xerox* and *WorldCom*.

## CONCLUSION

For all of these reasons, Fannie Mae respectfully requests that Evergreen Equity Trust et al. v. Federal National Mortgage Association et al., (Case No. 1:06-cv-00082) and Franklin Managed Trust et al. v. Federal National Mortgage Association et al., (Case No. 1:06-cv-00139) remain consolidated with *In re Fannie Mae Securities Litigation*, Consolidated Civil Action No. 1:04-cv-01639, part of *In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation*, MDL 1668, "for all purposes through final judgment" as required by the Court's Orders of January 30, 2006 and February 2, 2006.

Dated: March 16, 2006						Respectfully submitted,

**ON BEHALF OF DEFENDANT**

    /s/ Jeffrey W. Kilduff _____
John Beisner (D.C. Bar No. 320747)
Jeffrey W. Kilduff (D.C. Bar No. 426632)
Kimberly A. Newman (D.C. Bar No. 420236)
Robert M. Stern (D.C. Bar No. 478742)
Natasha Colton (D.C. Bar No. 479647)
Michael J. Walsh, Jr. (D.C. Bar No. 483296)
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC  20006
T:  202/383-5300
F:  202/383-5414

Seth Aronson
O'Melveny & Myers LLP
400 South Hope Street, 15th Floor
Los Angeles, CA  90071-2899
T:  213/430-6000
F:  213/430-6407
***Counsel for Defendant Fannie Mae***

## **CERTIFICATE OF SERVICE**

I certify that on March 16, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record in this matter who are registered on the CM/ECF.

Kevin M. Downey, Esq.
Joseph M. Terry, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005-5091

*Counsel for Defendant Franklin D. Raines*

Steven M. Salky
Eric Delinsky
Zuckerman Spaeder LLP
1201 Connecticut Ave., NW
12th Floor
Washington, DC  20036-2638

*Counsel for Defendant J. Timothy Howard*

David S. Krakoff, Esq.
Mark W. Ryan, Esq.
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, DC 20006-1101

*Counsel for Defendant Leanne G. Spencer*

Curtis V. Trinko
Jeffrey B. Silverstein
Law Office of Curtis V. Trinko, LLP
16 West 46th Street, 7th Floor
New York, NY  10036
-and-
Alfred G. Yates, Jr.
Law Offices of Alfred G. Yates, Jr., P.C.
429 Forbes Ave.
Pittsburgh, PA

*Counsel For Plaintiffs Anne E. Flynn and Robert L. Garber, as Custodian for Michael Saul Garber*

Mark A. Topaz
Richard A. Maniskas
Richard S. Schiffrin
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA  19004

*Counsel for Plaintiffs Vincent Vinci*

Stanley M. Chesley
James R. Cummins
Waite, Schneider, Bayless & Chesley Co., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH  45202
-and-
Jeffrey C. Block
Berman Devalerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA  02169
-and
Steven J. Toll
Daniel S. Sommers
Cohen, Millstein, Hausfeld, & Toll P.L.L.C.
1100 New York Avenue, N.W.
Washington, DC  20005

*Counsel for Plaintiff Ohio Public Employees Retirement System*

Stuart M. Grant
Grant & Eisenhofer, P.A.
Chase Manhattan Centre
1201 N. Market Street
Wilmington, DE  19801

*Counsel for Plaintiff Evergreen Trust and Franklin Templeton Trusts*

- 3 -

Frank J. Johnson
Brett M. Weaver
Law Office of Frank J. Johnson
402 W. Broadway, 27th Floor
San Diego, CA  92101
-and-
Robert W. Liles
1054 31st Street, NW
Suite 415
Washington, DC  20007

*Counsel for Plaintiff Sassan Shahrokhinia*

        /s/ Michael J. Walsh, Jr.
        Michael J. Walsh, Jr.