UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Fannie Mae Securities Litigation ) ) ) | Consolidated Civil Action.<br>No. 1:04-cv-1639 (RLJ) |
| Evergreen Equity Trust, et al. ) ) ) v. ) ) Federal National Mortgage Association, et al., ) ) | No. 1:06-cv-00082 (RLJ) |
| Franklin Managed Trust, et al. ) ) ) v. ) ) Federal National Mortgage Association, et al., ) ) | No. 1:06-cv-00139 (RLJ) |

**PLAINTIFFS' RESPONSE TO FANNIE MAE'S SUPPLEMENTAL REPLY
REGARDING PLAINTIFFS' OBJECTION TO CONSOLIDATION**

Plaintiffs Evergreen Equity Trust and Franklin Managed Trust, together with their co-plaintiffs in the above-captioned individual actions (collectively "Plaintiffs") hereby submit this response to Fannie Mae's supplemental submission of March 16, 2006 regarding Plaintiffs' objection to the consolidation of their individual actions with the pending class action. As explained in Plaintiffs' prior submissions and during the status conference on March 17, 2006, all of the benefits of consolidation (*e.g.*, avoiding duplication and inefficiency) can be achieved just as readily through coordination. Plaintiffs' counsel are ready and willing to coordinate their efforts with those of class counsel to achieve these goals, just as they have done in numerous

other similar cases. On the other hand, if the Court consolidates Plaintiffs' actions with the class action rather than coordinating them, Plaintiffs will be at risk of demonstrable prejudice. Because that prejudice will be lessened by coordination, and because coordination provides the same benefits as consolidation, the Court should exempt Plaintiffs' actions from the Consolidation Order, and order that Plaintiffs' actions be coordinated with the other pending actions instead.

I. **CONSOLIDATION SHOULD BE DENIED WHERE IT MAY CAUSE PREJUDICE TO ONE OF THE PARTIES**

While Rule 42(a) of the Federal Rules of Civil Procedure permits the consolidation of cases involving common issues of law or fact, it by no means requires it. See Fed. R. Civ. P. 42(a) ("When actions involving a common question of law or fact are pending before the court ... it may order all the actions consolidated.") (emphasis added). "The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court," and in exercising that discretion courts should "weigh considerations of convenience and economy against considerations of confusion and prejudice." Chang v. United States, 217 F.R.D. 262, 265 (D.D.C. 2002)(internal citations omitted). See also 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2383 (same). Where, as here, a party may suffer demonstrable prejudice as the result of consolidation, the court should not order consolidation.[1] See, e.g.,

---

[1] Fannie Mae's statement in its Supplemental Reply that "courts routinely consolidate class actions with individual actions commenced by opt-out plaintiffs" is an overstatement, and the two cases Fannie Mae cites are inapposite. In In re Shell Oil Refinery, 136 F.R.D. 588 (E.D. La. 1991), the opt-out plaintiffs' actions were consolidated with a class action for limited purposes, but only after they were given an opportunity to "double opt-out," i.e., to opt out of the consolidated proceedings. Id. at 591. Thus, the consolidation did not cause them any prejudice. In Primavera Familienstiftung v. Askin, 173 F.R.D. 115 (S.D.N.Y. 1997), the cases were consolidated for pretrial purposes only, and the court recognized that, following class certification, the individual plaintiffs would be "free to opt out of the class ... and pursue their individual actions." Id. at 130. Because the opt-out cases did not name any defendants who were not named in the class action (unlike here), there was no prejudice from consolidation for discovery purposes.

2

Garber v. Randell, 477 F.2d 711, 716-17 (2d Cir. 1973); Sidari v. Orleans County, 174 F.R.D. 275, 282 (W.D.N.Y. 1996); Johnson v. Kerney, 1993 WL 547466, *6 (E.D.N.Y. Dec. 22, 1993).

## II. PLAINTIFFS FACE A SIGNIFICANT THREAT OF PREJUDICE IF CONSOLIDATION IS GRANTED

Defendants' insistence that Plaintiffs' opt-out cases be consolidated with the class action presents several risks of demonstrable prejudice to Plaintiffs, which coordination does not present.

First, consolidation of the actions will bolster Defendants' argument – which they clearly intend to make – that Plaintiffs' state law claims are barred by the Securities Litigation Uniform Standards Act ("SLUSA"). Such a result would be fundamentally unjust, because SLUSA is intended to apply only to class actions and individual actions which operate as de facto class actions, whereas Plaintiffs' actions are non-class actions, brought in good faith to assert Plaintiffs' individual claims.[2] SLUSA was never intended to bar state law claims asserted by legitimate opt-out plaintiffs. Nevertheless, if the Court consolidates Plaintiffs' actions with the class action, it will provide fodder to Defendants' SLUSA argument, since SLUSA applies to "any group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which ... the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose." 15 U.S.C. § 77p(f)(2)(A)(ii)(emphasis added). If the cases are merely coordinated for pretrial purposes, however, Plaintiffs would have an easier time arguing that they do not fall within SLUSA's purview.

Second, Plaintiffs' ability to protect their own interests will be prejudiced by consolidation. Apparently, Defendants and Class counsel seek consolidation so that Class counsel will speak with a single voice on behalf of not only the Class but the opt-out Plaintiffs as

---

[2]   See Plaintiffs' Reply in Support of Objection to Consolidation, at nn. 1 & 2.

3

well. However, given the multitude of claims and defendants that are unique to Plaintiffs' cases (nine more claims than the Class asserted and 19 more defendants than the Class sued), and the fact that Plaintiffs' claims may deplete available insurance proceeds and assets in which the Class also has an interest, there are likely to be times when Plaintiffs' interests diverge from those of the Class. For this reason alone, consolidation with the Class would severely prejudice Plaintiffs. When necessary, Plaintiffs must be free to disagree with the Class and assume different litigation positions and strategies through their own counsel. Likewise, there is substantial discovery that will be required by Plaintiffs but which Class counsel will have no incentive to pursue.[3] Plaintiffs must be free to pursue discovery pertaining to their own claims, to the extent it is not duplicative of discovery taken by the Class, as they see fit.

Third, consolidation of these actions through trial would present a logistical nightmare and the risk of substantial jury confusion. Securities fraud trials are extremely difficult to present to a jury, given the number of parties and the complexity of the legal and factual issues that are typically involved, as well as the dearth of precedent with respect to the fashioning of jury instructions. Thus, the Class action will be difficult enough to present to a jury. To further complicate matters by asking the jury to simultaneously address the claims in the Class action and two individual actions, involving substantially different claims and parties, would be untenable and would present serious risks of a mistrial. See Bascom v. Telecoin Corp., 15 F.R.D. 277 (S.D.N.Y. 1953) (declining to consolidate complex cases for trial where consolidation would "place upon [the] jury a difficult task of segregating testimony as applicable

---

[3] This discovery may include, among other things: (a) fact and expert discovery relating to the liability of KPMG, which is not a defendant in the class action; (b) fact and expert discovery on insurance and accounting questions relating to the Doe Defendant's improper sale of a loan disguised as a finite insurance policy to Fannie Mae; (c) accounting and reporting issues germane to the liability of the Audit Committee Defendants, who are not defendants in the class action; (d) discovery relating to Plaintiffs' insider trading claims asserted against Raines, Howard and Spencer; and (e) discovery required to support Plaintiffs' state law claims.

to one defendant and not to the others"). While Defendants have suggested that this issue can be addressed later through a motion for separate trials pursuant to Rule 42(b), such a motion will place the burden upon Plaintiffs to establish why separate trials are appropriate. Having opted out of the class and filed legitimate individual actions in the first instance, Plaintiffs should start from the presumption that their cases will be tried separately from the Class action. Thus, in lieu of consolidation, Plaintiffs' actions should be coordinated with the Class action for pre-trial purposes, but should be tried separately from the Class action

### III. THE COURT SHOULD ORDER COORDINATION RATHER THAN CONSOLIDATION

The coordination of related actions has long been recognized as an effective tool to promote efficiency and avoid duplication – i.e., to achieve the same benefits as consolidation – in circumstances where consolidation itself is inappropriate. See, e.g., Meeder v. Superior Tube Company, 72 F.R.D. 633, 635-637 (W.D. Pa. 1976) (ordering coordination in lieu of consolidation where, in three related cases that "bottomed on the same facts" and named certain common defendants, plaintiffs also named several defendants on disparate theories of recovery and therefore it "[made] sense ... to permit each attorney to control the destiny of his own client's case.").

Indeed, it is common in complex securities class actions for individual opt-out cases to be coordinated, rather than consolidated, with the class action. See, e.g., Carlson v. Xerox Corp., No. 3:00CV01621, Order (D. Conn. Nov. 8, 2002) (individual action "shall be coordinated" for pre-trial proceedings with class action, with discovery to be coordinated through class counsel "in cooperation with and in consultation with" the individual plaintiffs' counsel, and counsel in the individual actions may serve non-duplicative discovery) (attached as Ex. A); In re Tyco Int'l, Ltd. Sec. Action, 02-MD-1335-PB, Order (D.N.H. Aug. 14, 2003) (same) (attached as Ex. B); In

re Qwest Commc'ns Int'l Inc. Sec. Litig., No. 01-RB-1451, Order (D. Colo. Jan. 27, 2005) (providing for coordination of discovery in class action and opt-out actions) (attached as Ex.C); In re Adelphia Commc'ns Corp. Sec. & Deriv. Litig., 03 MD 1529, Order (S.D.N.Y. Dec. 5, 2003) (consolidating class and derivative actions but merely coordinating individual actions, such that "[a]ll counsel in the Consolidated Actions and the Individual Actions shall use their best efforts to avoid duplication, inefficiency and inconvenience to the Court, other parties, other counsel and witnesses," while preserving the individual plaintiffs' right to be heard on matters not susceptible to common action, or as to which there is disagreement amount counsel) (attached as Ex. D).

Because coordination of these actions for pre-trial purposes will yield the same benefits as consolidation but without imposing the disadvantages upon Plaintiffs, Plaintiffs respectfully request that the Court exempt Plaintiffs' actions from the existing Consolidation Order, and instead direct the parties to submit a proposed order that will coordinate Plaintiffs' actions with the Class action for pre-trial purposes only. Plaintiffs' counsel are already close to an agreement with Class counsel regarding the terms of such an Order, and would continue to work in good faith with counsel for all parties on a form of Order which can be submitted to the Court promptly.

IV.   **THERE IS NO JUST REASON TO DELAY THE PROCEEDINGS IN PLAINTIFFS' ACTIONS**

KPMG contends that Plaintiffs' actions, or at least the proceedings therein against KPMG, should be deferred until after class certification, when additional opt-out cases may be filed. According to KPMG, this will conserve resources because all of the opt-out cases can then proceed at the same time. Far from it. Discovery is already commencing in the class action – including discovery from KPMG – and there is no reason why Plaintiffs should not participate in

6

that discovery. It is entirely possible that no other opt-out cases will be filed, in which case any delay in Plaintiffs' actions will serve no purpose other than to put Plaintiffs further behind the Class action, and to require Plaintiffs to call witnesses back for repeat depositions, when they could have simply participated in the depositions taken in the Class action.

Moreover, as Plaintiffs' counsel mentioned at the status conference, it is not necessarily true that the universe of opt-out plaintiffs will be known at the class certification stage. Under Rule 23(e)(3) of the Federal Rules of Civil Procedure, "[i]n an action previously certified as a class action under Rule 23(b)(3), the court may refuse to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion, but did not do so." Fed. R. Civ. P. 23(e)(3). Thus, it is likely that the Class plaintiffs will afford Class members a second opportunity to opt out at the settlement stage, and thus new opt-out cases may be filed then. Should that occur, any "benefit" of deferring Plaintiffs' cases until class certification would be lost, because there would be a need for separate opt-out proceedings anyway. It makes far better sense to allow Plaintiffs to proceed with discovery in conjunction with the Class plaintiffs, since that will unquestionably result in conservation of resources, whereas delaying Plaintiffs' cases will unquestionably result in duplication and inefficiency.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court enter an Order declaring that the terms of the Stipulated Consolidation Order do not apply to *Evergreen Equity Trust, et al. v. Federal National Mortgage Association, et al.*, No. 1:06CV00082, or *Franklin Managed Trust, et al. v. Federal National Mortgage Association, et al.*, No. 1:06CV00139, and directing the parties to submit a mutually satisfactory order whereby the proceedings in Plaintiffs' actions will be coordinated with those in the Class action.

DATED:   March 21, 2006        **GRANT & EISENHOFER P.A.**

BY: /s/ Stuart M. Grant
**STUART M. GRANT (DC BAR ID#450895)**
GRANT & EISENHOFER P.A.
Chase Manhattan Centre
1201 N. Market Street, Suite 2100
Wilmington, DE  19801

(302) 622-7000
(302) 622-7100 – fax

*Attorneys for Plaintiffs*