# EXHIBIT A

147

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| Russell Carlson, | Civil No.3:00CV01621 (AWT) |
|---|---|
| v. | |
| Xerox Corporation, et al. | |
| MASTER CASE | |
| Florida State Board of Administration, et al. | Civil No.3:02CV01303 (AWT) |
| v. | |
| Xerox Corporation, et al. | |
| MEMBER CASE | |

THIRD SUPERCEDING ORDER
CONSOLIDATING ACTIONS

This order shall govern the consolidation of all pre-trial proceedings in the above-captioned actions.

1. The action captioned <u>Florida State Board of Administration, et al. v. Xerox Corporation, et al.</u>, 3:02CV01303 (AWT) ("<u>FSBA</u> Action") shall be coordinated for all pre-trial proceedings with <u>Carlson v. Xerox Corporation, et al.</u>, 3:00CV01621 (AWT) ("Class Action").

2. All discovery, including but not limited to document requests, interrogatories, depositions, requests to admit and any and all motions directed thereto shall be coordinated through Class Counsel in cooperation with and in consultation with counsel for the <u>FSBA</u> Action.

3. The FSBA Action is subject to Section V of the Second Superceding Order Consolidating the Actions and Scheduling the Initial Phase of the Case, dated June 4, 2001, as modified by the Superceding Order Appointing Lead Plaintiffs, Counsel and Liaison Counsel, dated January 4, 2002, except as provided herein:

   a. Counsel for the FSBA Action may serve discovery requests, including document requests, third-party subpoenas, interrogatories and requests to admit, only to the extent they are non-duplicative of the discovery requests served in the Class Action, and to the extent that when combined with the Class Action discovery requests, are still within the limits prescribed by the rules or the court;

   b. Class Counsel and counsel for the FSBA Action shall coordinate to ensure that the service of any document requests is timed in such a manner so as to avoid defendants having to review the same files multiple times;

   c. Any and all documents produced in the Class Action shall be maintained at a document depository and the parties to the FSBA Action shall have access to such documents and further shall be entitled to make a copy of any or all documents in the depository at their own expense;

2

d. Counsel for the FSBA Action may notice witness or party depositions only to the extent they identify a prospective witness to Class Counsel and (i) Class Counsel informs the counsel for the FSBA Action that they do not intend to take that deposition or (ii) by 120 days prior to the close of discovery Class Counsel have not noticed that deposition;

e. Class Counsel shall take the lead in the questioning of witnesses at depositions and shall proceed in cooperation with counsel for the FSBA Action to allow sufficient time for counsel for the FSBA Action to ask non-duplicative questions of witnesses;

f. Class Counsel and counsel for the FSBA Action shall coordinate to ensure that (i) the total number of depositions taken does not exceed the applicable limits prescribed by the rules or the court and (ii) the questioning of deponents shall not exceed the applicable time limitations prescribed by the rules or the court.

g. Counsel for the FSBA Action may, at any time, enter into settlement negotiations on behalf of their action only.

3

4. Class Counsel shall not bind the <u>FSBA</u> Action with regard to settlement.

It is so ordered.

Dated this 8th day of November 2002, at Hartford, Connecticut.

                                                      Alvin W. Thompson
                                         United States District Judge

4