# EXHIBIT B

U.S. DISTRICT COURT
DISTRICT OF N.H.
FILED

2003 AUG 12 P 3:59

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

AUG 1 4 2003

In re Tyco International, Ltd.
Multidistrict Litigation (MDL 1335)

MDL DOCKET NO. 02-1335-B
All Cases

PRACTICE AND PROCEDURE ORDER NO. 9

The action captioned State of New Jersey Department of Treasury, et al. v. Tyco International Ltd, et al., Civ. No. 03-1337-B ("New Jersey Action") shall be coordinated with the Securities Action, under MDL-02-1335-B, pursuant to the terms of this practice and procedure order.

1. The law firms appointed as Lead Counsel for the Securities Action ("Securities Counsel") are principally responsible for overseeing and conducting the discovery in these coordinated actions on behalf of Securities Action Plaintiffs and the New Jersey Action Plaintiffs.

2. All discovery in the Securities Action and the New Jersey Action, including but not limited to document requests, interrogatories, depositions, requests to admit and any and all motions directed thereto shall be propounded by Securities

Counsel in cooperation with and in consultation with counsel for the New Jersey Action Plaintiffs ("New Jersey Counsel"), except as provided in paragraphs 4, 6, and 7 below.

3. Securities Counsel shall consult with New Jersey Counsel to obtain their views on proposed document requests, interrogatories, requests for admissions and depositions, and to incorporate those views wherever Securities Counsel deems it is appropriate to do so.

4. New Jersey Counsel may serve discovery requests, including document requests, third-party subpoenas, interrogatories and requests to admit, only to the extent they are non-duplicative of the discovery requests made by Securities Counsel and only after providing Securities Counsel with notice and copies of any such requests no fewer than 14 days prior to any service of such requests and: (i) Securities Counsel informs New Jersey Counsel within a reasonable time that they do not intend to take that discovery; or (ii) by 90 days prior to the close of discovery, Securities Counsel has not made such a discovery request. New Jersey Action Plaintiffs' shall not serve any discovery requests in advance of the lifting of the present stay of discovery entered by this court, pursuant to the Private

-2-

Securities Litigation Reform Act, without leave of court.

5. New Jersey Counsel, at their own expense, shall be entitled to make a copy of any or all discovery produced in the Securities Action. Securities Counsel, at their own expense, shall similarly be entitled to make a copy of any or all discovery produced in the New Jersey Action.

6. New Jersey Counsel may notice witness or party depositions only to the extent they identify a prospective witness to Securities Counsel no fewer than 14 days prior to any service of a notice scheduling such deposition, and: (i) Securities Counsel informs New Jersey Counsel, within a reasonable amount of time, that they do not intend to take that deposition; or (ii) by 90 days prior to the close of discovery, Securities Counsel has not noticed that deposition.

7. Securities Counsel shall be responsible for the questioning of witnesses at depositions and shall proceed in cooperation with New Jersey Counsel, who shall have the right to pose only non-duplicative questions to the witnesses following questioning by Securities Counsel. Nothing herein shall be construed as affecting any time allotted to the Securities Action Plaintiffs or the New Jersey Action Plaintiffs to depose

-3-

witnesses, as set forth in the Federal Rules of Civil Procedure, or by order of this court.

8. New Jersey Counsel may seek the court's intervention if they believe, after conferring with Securities Counsel, that specified additional discovery is necessary to protect interests unique to New Jersey Action Plaintiffs.

9. The time for defendants in the New Jersey Action to respond to the amended complaint in that action is extended until the later of: (i) 60 days after the date of the court's decision and order resolving defendants' motions to dismiss the consolidated amended complaint in the Securities Action; or (ii) if the New Jersey Action Plaintiffs elect to seek leave to amend their amended complaint in response to the court's decision and order resolving defendants' motions to dismiss the consolidated amended complaint in the Securities Action, 60 days after the date the New Jersey Action Plaintiffs file such an amended complaint. The time for PricewaterhouseCoopers, LLP, PricewaterhouseCoopers, Richard S. Bodman, John F. Fort III, James S. Pasman, and Wendy E. Lane to respond to the amended complaint or to a second amended complaint is extended until 2 weeks after the time for Tyco to respond. The time for L. Dennis

-4-

Kozlowski, Mark H. Swartz, Mark A. Belnick, and Frank E. Walsh, Jr. to respond to the amended complaint or to a second amended complaint is extended until 1 week after th time for PricewaterhouseCoopers, LLP, PricewaterhouseCoopers, Richard S. Bodman, John F. Fort III, James S. Pasman, and Wendy E. Lane to respond. Notice of the New Jersey Action Plaintiffs' election to seek leave to amend their amended complaint shall be provided to all parties no later than 10 days after the date of the court's decision on the defendants' motions to dismiss the consolidated amended complaint in the Securities Action.

10. New Jersey Counsel may, at any time, enter into settlement negotiations on behalf of the New Jersey Action Plaintiffs, exclusively.

11. Securities Counsel shall not bind the New Jersey Action Plaintiffs in regard to settlement.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

August 12, 2003

-5-