# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivative and "ERISA" Litigation | ) ) ) ) ) MDL NO. 1668 |

| | |
|---|---|
| In re Fannie Mae Securities Litigation | ) ) ) ) Consolidated Civil Action No. 1:04-CV-01639 Judge Richard J. Leon |
| Evergreen Equity Trust, *et al.*, v. Federal National Mortgage Association, *et al.* | ) ) ) Case No. 1:06-CV-00082 (RJL) |
| and | ) ) |
| Franklin Managed Trust, *et al.*, v. Federal National Mortgage Association, *et al.* | ) Case No. 1:06-CV-00139 (RJL) ) |

## DEFENDANT FRANKLIN D. RAINES'S MOTION TO DISMISS EVERGREEN AND FRANKLIN PLAINTIFFS' COMPLAINTS

PLEASE TAKE NOTICE that, upon the Complaints, the undersigned hereby moves this Court for an order pursuant to Fed. R. Civ. P. 12(b)(6), dismissing the Evergreen and Franklin Plaintiffs' Complaints for the reasons set forth in the accompanying Memorandum of Law in Support of Motion To Dismiss Plaintiffs' Complaints and granting such other and further relief as the Court deems just and proper.

Dated:  May 15, 2006                      Respectfully submitted,

                                           /s/ Kevin M. Downey_____

                                         Kevin M. Downey (D.C. Bar No. 438547)
                                         Alex G. Romain (D.C. Bar No. 468508)
                                         Joseph M. Terry (D.C. Bar No. 473095)
                                         Daniel N. Marx (D.C. Bar No. 496786)
                                         Michelle D. Schwartz (D.C. Bar No. 491662)
                                         WILLIAMS & CONNOLLY LLP
                                       725 Twelfth Street, N.W.
                                       Washington, DC 20005
                                       202-434-5000 (phone)
                                       202-434-5029 (facsimile)

                                       *Counsel for Defendant Franklin D. Raines*

**CERTIFICATE OF SERVICE**

I certify that on May 15, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF.

/s/ Michelle D. Schwartz_____
Michelle D. Schwartz

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re Federal National Mortgage Association Securities, Derivative and "ERISA" Litigation | ) ) ) ) ) | MDL NO. 1668 |
| In re Fannie Mae Securities Litigation | ) ) ) | Consolidated Civil Action No. 1:04-CV-01639 Judge Richard J. Leon |
| Evergreen Equity Trust, *et al.*, v. Federal National Mortgage Association, *et al.* | ) ) ) ) | Case No. 1:06-CV-00082 (RJL) |
| and | ) ) | |
| Franklin Managed Trust, *et al.*, v. Federal National Mortgage Association, *et al.* | ) ) | Case No. 1:06-CV-00139 (RJL) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT FRANKLIN D. RAINES'S MOTION TO DISMISS EVERGREEN AND FRANKLIN PLAINTIFFS' COMPLAINTS**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

DISCUSSION ...................................................................................................................... 2

I.    EVERGREEN AND FRANKLIN PLAINTIFFS LACK STANDING TO
      BRING A SECTION 20A CLAIM FOR INSIDER TRADING. ....................................... 2

II.   THE SECTION 10(b) ALLEGATIONS BASED ON NEW ACCOUNTING
      ISSUES FAIL TO PLEAD FACTS RAISING A STRONG INFERENCE OF
      MR. RAINES'S SCIENTER. ............................................................................................. 6

III.  THE SECTION 20(a) CLAIMS BASED ON SECTION 18, NEW DATES,
      AND NEW ACCOUNTING ALLEGATIONS FAIL TO STATE A CLAIM. ................. 7

IV.   THE SECTION 15 CLAIMS FAIL TO STATE A CLAIM. ............................................ 8

V.    THE FRANKLIN COMPLAINT FAILS TO STATE A CLAIM FOR
      VIOLATION OF THE CALIFORNIA CORPORATIONS CODE................................... 9

CONCLUSION..................................................................................................................... 9

# TABLE OF AUTHORITIES

## FEDERAL CASES

In re AST Research Sec. Litigation, 887 F. Supp. 231 (C.D. Cal. 1995) ........................................3

In re Aldus Sec. Litigation, No. C92-885C, 1993 WL 121478 (W.D. Wash. Mar. 1, 1993) ..........3

Backman v. Polaroid Corp., 540 F. Supp. 667 (D. Mass. 1982) ..................................................3, 5

Buban v. O'Brien, No. C 94-0331 FMS, 1994 WL 324093 (N.D. Cal. June 22, 1994)..........3, 4, 6

Cole v. Federal Home Loan Mortgage Corp., No. 90-2812, 1991 WL 180295 (D.D.C. Aug. 27, 1991) ................................................................................................8

Cooperman v. Individual, Inc., 171 F.3d 43 (1st Cir. 1999)...........................................................8

Copland v. Grumet, 88 F. Supp. 2d 326 (D.N.J. 1999) ..................................................................3

In re Engineering Animation Sec. Litigation, 110 F. Supp. 2d 1183 (S.D. Iowa 2000).................5

In re Enron Corp. Sec., Derivative & ERISA Litigation, 258 F. Supp. 2d 576 (S.D. Tex. 2003) ................................................................................................................5

In re Global Crossing, Ltd. Sec. Litigation, 322 F. Supp. 2d 319 (S.D.N.Y. 2004).......................7

Maldonado v. Dominguez, 137 F.3d 1 (1st Cir. 1998)....................................................................7

In re MicroStrategy, Inc. Sec. Litigation, 115 F. Supp. 2d 620 (E.D. Va. 2000) ...............3, 4, 5, 6

Neubronner v. Milken, 6 F.3d 666 (9th Cir. 1993).........................................................................2

O'Connor & Associates v. Dean Witter Reynolds, Inc., 559 F. Supp. 800 (S.D.N.Y. 1983) ................................................................................................................5

In re Oxford Health Plans, Inc. Sec. Litigation, 187 F.R.D. 133 (S.D.N.Y. 1999) ........................5

SEC v. Steadman, 967 F.2d 636 (D.C. Cir. 1992)..........................................................................7

Shapiro v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 495 F.2d 228 (2d Cir. 1974)..................5

In re Stratus Computer, Inc. Sec. Litigation, CIV. A. 89-2075-Z, 1992 WL 73555 (D. Mass. Mar. 27, 1992) ........................................................................................3

Sundstrand Corp. v. Sun Chemical Corp., 553 F.2d 1033 (7th Cir.)..............................................7

In re U.S. Office Products Sec. Litigation, 326 F. Supp. 2d 68 (D.D.C. 2004)................................7

In re Verifone Sec. Litigation, 784 F. Supp. 1471 (N.D. Cal. 1992)...............................5

Wilson v. Comtech Telecomm. Corp., 648 F.2d 88 (2d Cir. 1981) ................................5

## STATUTES, REGULATIONS, AND LEGISLATIVE MATERIALS

15 U.S.C. § 78t-1(a)...................................................................................................2

15 U.S.C. § 78u-4(b)(2)..............................................................................................7

17 C.F.R. § 230.405 (2005)........................................................................................8

H.R. Rep. No. 100-910 (1988), *as reprinted in* 1988 U.S.C.C.A.N. 6043 .....................................5

California Corporations Code §§ 25400(d), 25500 ........................................................9

**INTRODUCTION**

The Evergreen[1] and Franklin[2] Plaintiffs' Complaints add numerous new causes of action against Defendant Franklin D. Raines not alleged by Lead Plaintiffs in the Consolidated Amended Class Action Complaint. Each new claim suffers from substantial legal deficiencies. Mr. Raines joins fully in the arguments presented in Fannie Mae's Memorandum of Law in Support of Motion to Dismiss Evergreen and Franklin Complaints ("Company's Memorandum" or "Co. Mem."), but writes separately to address the deficiencies in the allegations regarding his alleged actions. Specifically, the Evergreen and Franklin Plaintiffs fail to:

- allege that they possess the requisite standing to bring a claim for insider trading against Mr. Raines under Section 20A of the Securities Exchange Act of 1934 because they were not contemporaneous purchasers of securities from Fannie Mae;

- allege any facts raising a strong inference that Mr. Raines acted with scienter with respect to the new allegations of accounting violations;

---

[1] The Evergreen Plaintiffs include Evergreen Equity Trust, Evergreen Select Equity Trust, Evergreen Variable Annuity Trust, and Evergreen International Trust.

[2] The Franklin Plaintiffs include Franklin Managed Trust, Institutional Fiduciary Trust, Franklin Investors Securities Trust, Franklin Value Investors Trust, Franklin Strategic Series, Franklin Capital Growth Fund, Franklin Templeton Investment funds, Franklin Variable Insurance Products Trust, Franklin Custodian Funds, Inc., Franklin Templeton International Trust, Templeton MPF Investment Funds, Franklin Flex Cap Growth Corporate Class, Franklin Templeton Funds, Franklin Templeton Global Fund, Bennett Canadian Equity Fund, Bissett Institutional Balanced Trust, Franklin Templeton U.S. Rising Dividends Fund, Franklin World Growth Corporate Class, Franklin Global Trust, Franklin MPF U.S. Equity Fund, Lyxor/Templeton global Long Short Fund Limited, Templeton Global Long-Short Fund PLC, Templeton Global Long-Short Ltd., University of Hong Kong General Endowment Fund, and University of Hong Kong Staff Provident Fund.

- allege that Mr. Raines can be held liable as a control person based on new allegations of accounting violations against Fannie Mae or on Exchange Act Section 18 allegations against Fannie Mae;

- state a claim against Fannie Mae under Section 11 of the Securities Act, as they must to state a claim against Mr. Raines under Section 15 of the Securities Act; or

- allege facts showing that Mr. Raines willfully violated any law, as they must in order to state a claim under the California Corporations Code.

For these reasons, and the reasons set forth in the Company's Memorandum, the only claims that can survive against Mr. Raines are those Section 10(b) and Section 20(a) claims that mirror the allegations in the Consolidated Class Action Complaint, and Evergreen's Section 20A claim based on a single purchase by Evergreen on January 21, 2003.

## DISCUSSION

## I.    EVERGREEN AND FRANKLIN PLAINTIFFS LACK STANDING TO BRING A SECTION 20A CLAIM FOR INSIDER TRADING.

Section 20A of the Securities Exchange Act of 1934 provides relief only to those "who, contemporaneously with the purchase or sale of securities that is the subject of [the] violation, ha[ve] purchased (where such violation is based on a sale of securities) or sold (where such violation is based on a purchase of securities) securities of the same class."  15 U.S.C. § 78t-1(a) (emphasis added).

Recognizing that the contemporaneous trading requirement is meant to substitute for the normal privity between buyer and seller, "courts have interpreted the 'contemporaneous trading' requirement quite strictly."  *Neubronner v. Milken*, 6 F.3d 666, 670 (9th Cir. 1993) (quotation omitted).  As one court explained:

> The purpose of the "disclose or abstain" rule is to protect only those who might actually have traded with insiders. . . .

The requirement of contemporaneousness developed as a proxy for the traditional requirement of contractual privity between plaintiffs and defendants. Since identifying the party in actual privity with the insider is virtually impossible in transactions occurring on an anonymous public market, the contemporaneousness standard was developed to give plaintiffs a more feasible avenue by which to sue insiders. The requirement was intended to preserve the notion that only plaintiffs who were harmed by the insider could bring suit, while nonetheless making it possible for such persons to bring suit. While an actual trade between plaintiff and defendant need not be expressly shown, harm to the plaintiff is a necessary factor. Such harm may be found where it appears the plaintiff might, in fact, have traded with the defendant.

*Buban v. O'Brien*, No. C 94-0331 FMS, 1994 WL 324093, at *2-3 (N.D. Cal. June 22, 1994)

(citation omitted). *See also In re AST Research Sec. Litig.*, 887 F. Supp. 231, 233 (C.D. Cal.

1995) ("[T]he growing trend among district courts in a number of circuits . . . is to adopt a

restrictive reading of the term 'contemporaneous' at least with respect to shares heavily traded on

a national exchange.").

As such, the modern trend among courts is to require that a plaintiff allege that the trades

occurred on the <u>same day</u> in order to satisfy the contemporaneous trading requirement. *See, e.g.*,

*In re MicroStrategy, Inc. Sec. Litig.*, 115 F. Supp. 2d 620, 664 (E.D. Va. 2000); *Copland v.*

*Grumet*, 88 F. Supp. 2d 326, 338 (D.N.J. 1999); *In re AST Research*, 887 F. Supp. at 234 ("The

same day standard is the only reasonable standard given the way the stock market functions.");

*Buban*, 1994 WL 324093, at *3; *In re Aldus Sec. Litig.*, No. C92-885C, 1993 WL 121478, at *7

(W.D. Wash. Mar. 1, 1993); *In re Stratus Computer, Inc. Sec. Litig.*, CIV. A. 89-2075-Z, 1992

WL 73555, at *6 (D. Mass. Mar. 27, 1992); *cf. Backman v. Polaroid Corp.*, 540 F. Supp. 667,

671 (D. Mass. 1982) (dismissing insider trading claims because purchases by plaintiff 2 and 7

trading days after defendant's sale were "outside of the period of insider trading"). Such courts

reason that where a high volume of stock is sold on a daily basis, no plaintiff could have possibly

traded with a given defendant unless they traded on the same day. *See, e.g.*, *In re Aldus*, 1993

WL 121478, at *7 ("[G]iven the unquestionably high volume of Aldus stock traded daily during

the period in question, it is clear that plaintiffs did not trade with defendants other than possibly

Mr. McAleer, as no plaintiffs traded on the days of the allegedly wrongful trades.") (footnote

omitted); *In re MicroStrategy*, 115 F. Supp. 2d at 663 ("[A]s the temporal separation between the

trades increases, the increasingly dynamic nature of the securities markets, when viewed in light

of the trading activity of the securities involved and other circumstances in a particular case,

correspondingly makes it less likely that a purchaser traded with the insider . . . .") (footnotes

omitted).

     Furthermore, because the contemporaneous trading requirement is a substitute for privity,

courts will dismiss a claim for insider trading where the complaint alleges a disparity between

the price at which the defendant allegedly sold and the plaintiff allegedly purchased.  Such price

disparities demonstrate that a plaintiff could not have traded with the defendant and thus does not

have standing to bring a claim.  *See, e.g.*, *Buban*, 1994 WL 324093, at *3 (finding it "clear that

plaintiff could not have traded with defendant" in part because the defendant sold its shares for

$1.50 more than the price for which plaintiff purchased its shares); *In re MicroStrategy*, 115 F.

Supp. 2d at 664 (finding that trades were not contemporaneous where defendant sold shares for

$90 and plaintiff purchased shares for $87.125 three days later).

     Neither the Evergreen nor the Franklin Complaint alleges that Plaintiffs traded

contemporaneously with Mr. Raines.  Both Complaints establish that Fannie Mae stock was

traded in high volume.  Evergreen Compl. ¶ 431(b), Sch. A; Franklin Compl. ¶ 508(b), Sch. A.

The law therefore requires an allegation of same-day trading.  But the Franklin Plaintiffs do not

allege a single instance in which they purchased Fannie Mae securities on the same day that Mr.

Raines sold such securities.  *See* Franklin Compl. Sch. A.  And the Evergreen Plaintiffs'

Complaint, with the single exception of a purchase of 6,500 shares on January 21, 2003,

similarly fails to allege any instance of contemporaneous trading.  *See* Evergreen Compl. Sch. A.[3]  The Complaints allege that Plaintiffs traded on different days and at different prices than did Mr. Raines.  For example, Plaintiffs allege that Mr. Raines sold 29,664 shares on the New York Stock Exchange at $74.50 per share on January 5, 2004, while four days later on January 9, 2004, Evergreen Equity Trust purchased 3,000 shares at $72.95 per share, Franklin Managed Trust purchased 4,000 shares at $72.85 per share, and Franklin Templeton Variable Insurance Products Trust purchased 6,000 shares at $72.85 per share.  Evergreen Compl. Sch. A; Franklin Compl. Sch. A.  Similarly, Plaintiffs allege that Mr. Raines sold 20,908 shares at $69.43 per share on January 21, 2003, while Franklin Templeton Global Fund purchased 1,400 shares at $67.69 per share on January 23, 2003, and Franklin Managed Trust purchased 10,000 shares at $64.22 per share on January 27, 2003.  Franklin Compl. Sch. A.[4]

---

[3] Even if the Court were to take a more liberal view of the contemporaneity requirement, plaintiffs could recover for at most only a handful of additional trades.  A Section 20A claim cannot be based on a plaintiff's purchases occurring <u>before</u> the defendant's sale.  *In re Verifone Sec. Litig.*, 784 F. Supp. 1471, 1489 (N.D. Cal. 1992), *aff'd*, 11 F.3d 865 (9th Cir. 1993); *Backman*, 540 F. Supp. at 670; *In re MicroStrategy*, 115 F. Supp. 2d at 663 n.91; *O'Connor & Assocs. v. Dean Witter Reynolds, Inc.*, 559 F. Supp. 800, 803 (S.D.N.Y. 1983).  And aside from the January 21, 2003 purchase noted above, only six other trades took place even <u>within a week</u> after Mr. Raines's alleged sales.  *See* Evergreen Compl. Sch. A; Franklin Compl. Sch. A.  *See, e.g.*, *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 258 F. Supp. 2d 576, 600 (S.D. Tex. 2003) (holding that "two or three days, certainly less than a week," is the proper period); *In re Oxford Health Plans, Inc. Sec. Litig.*, 187 F.R.D. 133, 144 (S.D.N.Y. 1999) (five days); *In re Eng'g Animation Sec. Litig.*, 110 F. Supp. 2d 1183, 1196 (S.D. Iowa 2000) (three days).  The same conclusion is compelled by those cases cited in the committee report on Section 20A.  H.R. Rep. No. 100-910, at 27 n.22 (1988), *as reprinted in* 1988 U.S.C.C.A.N. 6043, 6064, *citing O'Connor & Assocs. v. Dean Witter Reynolds, Inc.*, 559 F. Supp. 800, 805 n.5 (S.D.N.Y. 1983) (seven days); *Wilson v. Comtech Telecomm. Corp.*, 648 F.2d 88, 95 (2d Cir. 1981) (one month gap not contemporaneous); *Shapiro v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 495 F.2d 228, 232-33, 237 (2d Cir. 1974) (four days).

[4] Mr. Raines's alleged "sales" were actually withholdings by the Company for the purpose of withholding taxes from stock grants under Fannie Mae's Performance Share Plan, and occurred when the company chose to distribute the performance shares.  *See* Mem. in Support of Motion To Dismiss Consolidated Class Action Complaint by Franklin D. Raines and J. Timothy Howard, dkt. # 75, at 20, Ex. G; Reply Mem. in Support of Motion To Dismiss Consolidated

Because Mr. Raines's alleged sales and Plaintiffs' alleged purchases of Fannie Mae stock occurred on a national exchange, on different dates, and at different prices, Plaintiffs have failed to allege that their trades were contemporaneous with Mr. Raines's trades.  *See, e.g.*, *Buban*, 1994 WL 324093, at *3; *In re MicroStrategy*, 115 F. Supp. 2d at 664.  Accordingly, the Franklin Plaintiffs' Section 20A claim must be dismissed in its entirety and the Evergreen Plaintiffs' Section 20A claim must be dismissed with respect to all but Evergreen Select Equity Trust's alleged purchase of 6,500 shares on January 21, 2003.

## II.    THE SECTION 10(b) ALLEGATIONS BASED ON NEW ACCOUNTING ISSUES FAIL TO PLEAD FACTS RAISING A STRONG INFERENCE OF MR. RAINES'S SCIENTER.

The Evergreen and Franklin Plaintiffs base their Section 10(b) claim on a number of purported accounting errors not alleged in the Consolidated Class Action Complaint, including Fannie Mae's classification of securities, accounting for asset impairments on guaranty fees, accounting for dollar rolls, accounting for insurance, accounting for qualified special purpose entities, and recognition of interest expense and income.  Evergreen Compl. ¶¶ 122-45; Franklin Compl. ¶¶ 144-73.  Although the Evergreen and Franklin Plaintiffs assert that Fannie Mae's accounting practices in each of these areas violated Generally Accepted Accounting Principles ("GAAP"), nowhere do Plaintiffs allege facts raising a strong inference that Mr. Raines possessed scienter with respect to any of these new accounting issues.  Accordingly, Plaintiffs may not maintain a Section 10(b) claim against Mr. Raines based on these purported errors.

To state a claim for securities fraud under Section 10(b) of the Exchange Act, a complaint must "state with particularity facts giving rise to a strong inference that the defendant acted with

---

Class Action Complaint by Messrs. Raines and Howard, dkt. # 93, at 23 & n.22; Transcript of Nov. 9, 2005 Motions Hearing Before the Honorable Richard J. Leon, at 49-50, attached hereto as Exhibit A.

the required state of mind." 15 U.S.C. § 78u-4(b)(2).  In this Circuit, the required state of mind

is that of "extreme recklessness," meaning an "extreme departure from the standards of ordinary

care, which presents a danger of misleading buyers or sellers that is either known to the

defendant or is so obvious that the actor must have been aware of it."  *SEC v. Steadman*, 967

F.2d 636, 641-42 (D.C. Cir. 1992) (quoting *Sundstrand Corp. v. Sun Chem. Corp.*, 553 F.2d

1033, 1045 (7th Cir.), *cert. denied*, 434 U.S. 875 (1977) (alteration omitted)).

Neither the Evergreen nor the Franklin Complaint comes close to pleading such facts.

Indeed, Plaintiffs do not once even reference Mr. Raines in connection with these new

accounting allegations.  *See* Evergreen Compl. ¶¶ 122-45; Franklin Compl. ¶¶ 144-73.  Instead,

Plaintiffs resort to generic allegations that the Company's accounting violated GAAP.  Such

allegations cannot state a claim against Mr. Raines.  *See Maldonado v. Dominguez*, 137 F.3d 1,

10 (1st Cir. 1998) (holding that to state a Section 10(b) claim the complaint must state "specific

allegations of fact which strongly imply a fraudulent intent").  And, in any event, allegations of

GAAP violations, without more, cannot suffice to raise a strong inference of scienter.  *See, e.g.*,

*In re U.S. Office Prods. Sec. Litig.*, 326 F. Supp. 2d 68, 77 (D.D.C. 2004).  Therefore, Plaintiffs

have failed to state a claim under Section 10(b) with respect to the new accounting issues.

## III.    THE SECTION 20(a) CLAIMS BASED ON SECTION 18, NEW DATES, AND NEW ACCOUNTING ALLEGATIONS FAIL TO STATE A CLAIM.

Plaintiffs assert that Mr. Raines is liable as a controlling person pursuant to Section 20(a)

of the Exchange Act for allegedly controlling Fannie Mae in its alleged violations of Sections

10(b) and 18 of the Exchange Act and Rule 10b-5.  However, in the absence of a "primary

violation" of the Exchange Act by the controlled person (or company), there can be no "control

person" liability.  *In re Global Crossing, Ltd. Sec. Litig.*, 322 F. Supp. 2d 319, 349 (S.D.N.Y.

2004).  Thus, the claims against Mr. Raines as a controlling person depend entirely upon the

sufficiency of the claims against the Company. *Cole v. Fed. Home Loan Mortgage Corp.*, No. 90-2812, 1991 WL 180295, at *6 (D.D.C. Aug. 27, 1991). Because Plaintiffs cannot state claims against the Company for Section 18 violations, *see* Co. Mem. Section III.B, or based upon post-September 21, 2004 purchases, *see id.* Section III.C, or upon the new accounting allegations, *see id.* Section III.D, they cannot state Section 20(a) claims against Mr. Raines based on those same alleged violations.

Even if Plaintiffs could establish such primary violations by the Company, they could not state a control person claim against Mr. Raines for any acts arising after December 21, 2004, the date on which Mr. Raines announced his retirement from Fannie Mae. A control person is one who possesses "direct[ly] or indirect[ly], . . . the power to direct or cause the direction of the management and policies of a person." 17 C.F.R. § 230.405 (2005). As of December 21, 2004, Mr. Raines was no longer Fannie Mae's Chairman and CEO. Evergreen Compl. ¶ 20; Franklin Compl. ¶ 41. Plaintiffs have not alleged that Mr. Raines exercised any other control over the Company subsequent to his stepping down as Chairman and CEO, *see* Evergreen Compl. ¶ 470 (asserting that Mr. Raines is a control person by virtue of his position and acts as a Fannie Mae executive); Franklin Compl. ¶ 548 (same); therefore, Plaintiffs cannot allege control person liability against Mr. Raines for any post-December 21, 2004 claims.

## IV.    THE SECTION 15 CLAIMS FAIL TO STATE A CLAIM.

Plaintiffs also assert controlling person liability against Mr. Raines under Section 15 of the Securities Act. Such a claim, however, cannot succeed in the absence of a viable claim against the Company under Section 11 of the Securities Act. *See Cooperman v. Individual, Inc.*, 171 F.3d 43, 52 (1st Cir. 1999) ("A necessary element of a § 15 claim is a primary violation of § 11. Because plaintiffs have failed to state a claim for such a primary violation, they have also

failed to state a claim under § 15.") (citation omitted).[5]  Because the Complaints fail adequately

to allege such a cause of action against the company, *see* Co. Mem. Section III.A, no Section 15

claim can lie against Mr. Raines.

## V.    THE FRANKLIN COMPLAINT FAILS TO STATE A CLAIM FOR VIOLATION OF THE CALIFORNIA CORPORATIONS CODE.

As is set forth in the Company's Memorandum, Franklin Plaintiffs have failed to allege

facts showing willful misconduct, as they are required to do in order to state a claim under

California Corporations Code §§ 25400(d) and 25500.  Co. Mem. Section III.G.  The Company's

arguments on this issue apply equally to Mr. Raines, and Mr. Raines therefore incorporates those

arguments here by reference.  Because Franklin Plaintiffs have failed to allege willful

misconduct against Mr. Raines, Count XI of the Franklin Complaint must be dismissed as

against Mr. Raines.

## CONCLUSION

For the reasons stated above and the reasons stated in the Company's Memorandum, this

Court should dismiss with prejudice each count of Evergreen and Franklin Plaintiffs' Complaints

against Mr. Raines save those Section 10(b) and 20(a) claims that mirror the claims in the

Consolidated Class Action Complaint and the Evergreen Plaintiffs' Section 20A claim with

respect to a single purchase by Evergreen on January 21, 2003.

---

[5] In any event, the Section 15 claims are time-barred.  *See* Co. Mem. Section III.A.3, incorporated herein by reference.  And if Plaintiffs were otherwise able to state a Section 15 claim, the claim could not be based on any post-December 21, 2004 purchases because Mr. Raines was not a control person after that date.  *See supra* Part III.

Dated:  May 15, 2006                    Respectfully submitted,


                                        /s/ Kevin M. Downey
                                        Kevin M. Downey (D.C. Bar No. 438547)
                                        Alex G. Romain (D.C. Bar No. 468508)
                                        Joseph M. Terry (D.C. Bar No. 473095)
                                        Daniel N. Marx (D.C. Bar No. 496786)
                                        Michelle D. Schwartz (D.C. Bar No. 491662)
                                        WILLIAMS & CONNOLLY LLP
                                        725 Twelfth Street, N.W.
                                        Washington, DC 20005
                                        202-434-5000 (phone)
                                        202-434-5029 (facsimile)

                                        *Counsel for Defendant Franklin D. Raines*

10

## CERTIFICATE OF SERVICE

I certify that on May 15, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF.

/s/ Michelle D. Schwartz_____
Michelle D. Schwartz