UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668 |

| | |
|---|---|
| In re Fannie Mae Securities Litigation; | Consolidated Civil Action No. 1:04-cv-01639<br>Judge Richard J. Leon |
| Evergreen Equity Trust, *et al.* v. Federal National Mortgage Association, *et al.*; and | Case No. 1:06CV00082 (RJL) |
| Franklin Managed Trust, *et al.* v. Federal National Mortgage Association, *et al.* | Case No. 1:06CV00139 (RJL) |

**DEFENDANT J. TIMOTHY HOWARD'S MOTION TO DISMISS
THE EVERGREEN & FRANKLIN COMPLAINTS**

In this consolidated securities litigation, Defendant J. Timothy Howard hereby moves to dismiss the Evergreen Complaint (Case No. 1:06CV00082) and the Franklin Complaint (Case No. 1:06CV00139) for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). In support of this motion, Mr. Howard incorporates the arguments set forth by Fannie Mae in support of its own motion to dismiss these Complaints. Mr. Howard also submits the attached memorandum to address additional issues pertaining to him. A proposed order is attached.

Dated: May 15, 2006

Respectfully submitted,

/s/ Eric R. Delinsky
Steven M. Salky (D.C. Bar No. 360175)
Eric R. Delinsky (D.C. Bar No. 460958)
Ellen D. Marcus (D.C. Bar No. 475045)
ZUCKERMAN SPAEDER LLP
1800 M Street, N.W., Suite 1000
Washington, DC 20036-5802
202-778-1800 (phone)
202-822-8106 (facsimile)

*Counsel for Defendant J. Timothy Howard*

2

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 15th day of May 2006, I filed the foregoing Motion, Proposed Order, and Memorandum of Law with the Clerk of Court via the CM/ECF system, which will send notification of such filing to the counsel of record in this matter who are registered on the CM/ECF system.

                                                  /s/ Eric R.Delinsky_____
                                                  Eric R. Delinsky

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668 |

| | |
|---|---|
| In re Fannie Mae Securities Litigation; | Consolidated Civil Action No. 1:04-cv-01639 Judge Richard J. Leon |
| Evergreen Equity Trust, *et al.* v. Federal National Mortgage Association, *et al.*; and | Case No. 1:06CV00082 (RJL) |
| Franklin Managed Trust, *et al.* v. Federal National Mortgage Association, *et al.* | Case No. 1:06CV00139 (RJL) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT J. TIMOTHY HOWARD'S MOTION TO DISMISS
<u>THE EVERGREEN & FRANKLIN COMPLAINTS</u>**

Defendant J. Timothy Howard, the former Chief Financial Officer of Fannie Mae, submits this memorandum of law in support of his motion to dismiss the Evergreen and Franklin Complaints (collectively, the "Complaints"). To avoid repetition, Mr. Howard adopts the arguments made by Fannie Mae in support of its own motion to dismiss these Complaints. Mr. Howard submits this memorandum only to address additional issues pertaining to him.

This memorandum focuses on Count VII of the Complaints, which allege that Mr. Howard, while in the possession of inside information, sold shares of Fannie Mae stock at the same time that plaintiffs purchased it. This claim – asserted under § 20A of the Exchange Act (15 U.S.C. § 78t-1) – is dramatically overbroad. It states a claim, if at all, only in small part. Indeed, although plaintiffs list 30 days on which Mr. Howard allegedly traded shares, their own allegations make clear that only one trade by Mr. Howard was "contemporaneous" with any trades by plaintiffs as required by § 20A.

With regard to the other claims in the Complaints, this memorandum sets forth additional grounds for dismissal to the extent not addressed in Fannie Mae's memorandum. Thus, for the reasons set forth below, as well as in the memorandum submitted by Fannie Mae, the Complaint must be dismissed against Mr. Howard in large part, if not in full.

## BACKGROUND

Plaintiffs in the Evergreen and Templeton matters are institutional investors who, in chief, assert the same federal securities fraud claims asserted in the Consolidated Class Action Complaint – namely, claims under §§ 10(b) and 20(a) of the Exchange Act. Plaintiffs seek relief under § 10(b), however, for a wider array of alleged accounting violations than Lead Plaintiffs, and they assert additional causes of action that Lead Plaintiffs do not assert. Most of these new claims are the subject of the motion and supporting memorandum filed by Fannie Mae and therefore are not addressed here.

One of the few counts not addressed by Fannie Mae is Count VII. This count – which seeks relief under § 20A of the Exchange Act – asserts claims only against Mr. Raines, Mr. Howard, and Ms. Spencer. It alleges that Raines, Howard, and Spencer sold shares of Fannie Mae stock "contemporaneously" with purchases made by plaintiffs and that they did so while in possession of inside information. The particular purchases and sales on which plaintiffs rely to support this claim are set forth in "Contemporaneous Trading Chart[s]" attached to each Complaint as Schedule A.

As to Mr. Howard, plaintiffs collectively identify 30 days between January 2003 and September 2004 on which he allegedly sold shares of Fannie Mae stock. *See* Complaints,

Schedule A. But plaintiffs' own charts indicate that they themselves purchased shares on only nine of those days.[1]

Moreover, on all but one of these nine days, Mr. Howard's trades were scheduled far in advance. They were made pursuant to the terms of a trading plan entered into by Mr. Howard on February 27, 2004. *See* Fannie Mae S.E.C. Form 8-K (filed March 1, 2004), attached at Exhibit 1.[2] Under the terms of the plan, Mr. Howard relinquished control over expiring stock options to a third-party broker; the broker then exercised the options and sold the resulting shares in accordance with a fixed schedule contained in the plan. *Id.*; 17 C.F.R. § 240.10b5-1(c)(1).

---

[1] January 21, 2003 (Evergreen); March 18, 2004 (Franklin); March 31, 2004 (Franklin); April 1, 2004 (Franklin); April 28, 2004 (Franklin); April 29, 2004 (Franklin); May 27, 2004 (Franklin); June 10, 2004 (Evergreen); and September 2, 2004 (Franklin). *See* Complaints, Schedule A.

[2] Although the Complaints do not include express allegations about Mr. Howard's trading plan, the Court nevertheless may consider it. As indicated above, the trading plan was disclosed in public filings to the SEC, including in the "Form 4" filings concerning Mr. Howard's stock sales on which the Complaints presumably rely. *See* Evergreen Compl. at ¶ 409 (noting that allegations about Mr. Howard's stock sales derived from public disclosures required by the SEC); Franklin Compl. at ¶ 442 (same). Indeed, as to each of the trades at issue, the Form 4 stated: "All of the foregoing transactions were effected by Reporting Person's broker pursuant to a written 10b5-1 trading plan established on February 27, 2004." *See*, *e.g.*, Fannie Mae S.E.C. Form 4 (filed March 19, 2004), attached at Exhibit 2. It is well-settled that the Court may consider such documents on a motion to dismiss. *See*, *e.g.*, *Phillips v. Bureau of Prisons*, 591 F.2d 966, 969 (D.C. Cir. 1979) (court may take judicial notice of "matters of general public record" and documents complaint incorporates by reference); *In re NAHC, Inc. Securities Litigation*, 306 F.3d 1314, 1331 (3d Cir. 2002) (court may take judicial notice of documents filed with the SEC, including documents not referenced in the complaint). Moreover, the Amended Consolidated Class Action Complaint filed by Lead Plaintiffs – into which the Evergreen and Franklin cases have been consolidated – states plainly that all of Mr. Howard's trades after February 27, 2004 were made pursuant to the trading plan (¶ 177).

3

**ARGUMENT**

**I.   PLAINTIFFS FAIL TO STATE A § 20A CLAIM AGAINST MR. HOWARD.**

To state a claim under § 20A on facts like those alleged here, a plaintiff must allege *inter alia* that (i) the defendant sold shares of the stock at issue (ii) while in the possession of inside information (iii) "contemporaneously" with purchases of the stock by the plaintiff.  15 U.S.C.A. § 78t-1.  Thus, in contrast to other securities claims which provide redress for purchases of stock at inflated prices, a claim under § 20A is sharply limited.  It provides redress only for trades by a plaintiff that are <u>contemporaneous</u> with trades by an insider in possession of material non-public information.[3]

In the context of a heavily-traded stock like Fannie Mae, trades are contemporaneous only if they occur on the <u>same</u> <u>day</u>.  *See In re Microstrategy, Inc. Sec. Litig.*, 115 F. Supp.2d 620, 663-34 (E.D. Va. 2000); *Copland v. Grumet,* 88 F.Supp.2d 326, 338 (D.N.J. 1999); *In re AST Research Sec. Litig.,* 887 F. Supp. 231, 234 (C.D. Cal. 1995); *In re Stratus Computer, Inc. Sec. Litig.*, 1992 WL 73555, at *6 (D. Mass. Dec. 10, 1991).  Indeed, the purpose of the contemporaneousness requirement is to limit claims to plaintiffs who actually may have suffered harm as a result of trading with an insider.  Specifically, it aims to limit recovery to those plaintiffs who actually may have purchased stock from the defendant and who, as a result, may have been disadvantaged by purchasing shares directly from a seller who possessed material nonpublic information.  *See Neubronner v. Milken*, 6 F.3d 666, 670 (9th Cir. 1993) ("the

---

[3]  Section 20A is merely a "supplement" to the SEC's own enforcement initiatives.  H.R. Rep. 100-910, at 26 (1988), *as reprinted in* 1988 U.S.C.C.A.N. 6043, 6063.  Indeed, the SEC may obtain broader relief for insider trading by bringing civil enforcement actions, which can provide redress for *all* sales made on inside information, not just sales made *contemporaneously* with a particular purchaser.  Similarly, a private plaintiff may obtain more comprehensive recovery for purchases of stock at inflated prices through other rights of action that do not require contemporaneous trading – for instance, through a standard securities fraud claim for false financial statements under § 10(b).

4

contemporaneous trading rule ensures that only private parties who have traded with someone who had an unfair advantage will be able to maintain insider trading claims."); *Buban v. O'Brien*, 1994 WL 324093, *3 (N.D. Cal. June 16, 1994) ("The requirement was intended to preserve the notion that only plaintiffs who were harmed by the insider could bring suit … Such harm may be found where it appears the plaintiff might, in fact, have traded with the defendant.").

When stock is traded at a heavy volume on a national exchange (like Fannie Mae stock), a purchaser can establish the possibility that he or she actually traded with a defendant, and thus was put at an unfair disadvantage, only if he or she traded on the same day as the defendant. *See Microstrategy*, 115 F. Supp.2d at 663-34; *In re Aldus Sec. Litig.*, 1993 WL 121478, at *7 (W.D. Wash. Mar. 1, 1993). Even then, due to the volume of trading, the most that a plaintiff can establish is the *possibility* that he or she traded with the defendant. But courts have determined that the same day rule nevertheless strikes a "feasible" balance – "making it possible for … persons to bring suit" while "preserv[ing] the notion that only plaintiffs who were harmed by the insider" have a claim. *Buban*, 1994 WL 324093, at *3.

Millions of shares of Fannie Mae stock are bought and sold every day. *See*, *e.g.*, *New York Stock Exchange Composite Transactions*, WALL ST. J., May 13-14, 2006, at B6 (indicating that on the trading day prior to this filing, more than 2.9 million shares of Fannie Mae stock changed hands); *see also* Evergreen Compl. at ¶ 431(b) ("Fannie Mae's trading volume was substantial"); Franklin Compl. at ¶ 508(b) (same). Due to the heavy volume of daily trading, even when people trade Fannie Mae shares on the same day, the chances are infinitesimal that they traded directly with one another. Thus, to expand the reach of § 20A beyond 'same day' trades here would permit plaintiffs to assert claims where it is utterly inconceivable that they

5

traded with Mr. Howard. *See Buban*, 1994 WL 324093, at *3 ("To extend the period of liability well beyond the time of the insider's trading … could make the insider liable to all the world") (quoting *Wilson v. Comtech Telecom. Corp.*, 648 F.2d 88, 94 (2d Cir. 1981)).[4]

Plaintiffs purport to base their § 20A claims on trades by Mr. Howard on 30 particular days. *See* Schedule A to the Complaints. But plaintiffs themselves did not trade on 21 of those days. *Id.* Rather, they bought shares on only nine of the days that Mr. Howard allegedly sold shares. *Id.* Accordingly, to the extent plaintiffs' § 20A claims are based on the 21 days on which Mr. Howard sold shares but on which they themselves did not purchase shares, they fail to state a claim.

Most of the 'same day' trades also are insufficient. Mr. Howard's trades on those days were made pursuant to a written § 10b5-1 trading plan. *See* Ex. 1 & 2. As set forth above, the sales were scheduled weeks if not months in advance. *Id.* They were transacted not by Mr. Howard, but rather by a third-party broker to whom Mr. Howard relinquished control. *Id.* And having entered into the plan in advance, Mr. Howard had no discretion or control over them. *Id.*; *see also* 17 C.F.R. § 240.10b5-1(c)(1). Accordingly, the sales involved no conduct by Mr. Howard that was in any way contemporaneous with any of plaintiffs' trades.

Thus, notwithstanding the pages and pages of alleged trades by Mr. Howard that plaintiffs include in their Complaints, plaintiffs allege that Mr. Howard traded contemporaneously with a plaintiff only once – on January 21, 2003, a day when Mr. Howard

---

[4] This is precisely why "the growing trend among district courts … is to adopt a restrictive reading of the term 'contemporaneous' at least with respect to shares heavily traded on a national exchange." *Microstrategy*, 115 F. Supp.2d 620, 663. While some cases find that trades may be contemporaneous under § 20A even if they are made days apart, *see*, *e.g.*, *In re Oxford Health Plans, Inc.*, 187 F.R.D. 133, 144 (S.D.N.Y. 1999), these cases are incorrectly decided to the extent they apply in the context of heavily-traded stocks. Such cases would permit claims even when it is inconceivable that a plaintiff has traded with a defendant. Thus, they would defy the very purpose of the contemporaneous requirement.

sold shares and one of the Evergreen plaintiffs (Evergreen Select Equity Trust) purchased shares. All of the other trades by Mr. Howard that plaintiffs list in their Complaints were made on different days from any plaintiff or were made pursuant to Mr. Howard's trading plan. Accordingly, Count VII of the Franklin Complaint must be dismissed in full. And Count VII of the Evergreen Complaint must be dismissed as to all plaintiffs but for Evergreen Select Equity Trust and as to all trades but for those on January 21, 2003.[5]

## II.    PLAINTIFFS' OTHERS CLAIMS AGAINST MR. HOWARD ALSO FAIL TO STATE A CLAIM.

As to the other claims asserted against him, Mr. Howard joins in the memorandum submitted by Fannie Mae and does not repeat the points set forth therein. In addition to the grounds set forth by Fannie Mae, however, Mr. Howard also asserts the following grounds for dismissal of these claims.[6]

### A.    Count I: § 10(b) Claims

Mr. Howard seeks to dismiss plaintiffs' § 10(b) claims on the ground that the Complaints fail to "state with particularity facts giving rise to a strong inference" that Mr. Howard acted with scienter, as required by the PSLRA. *See* 15 U.S.C § 78u-4(b)(2). To support these claims, plaintiffs allege (1) that Mr. Howard violated § 10(b) in connection with the company's

---

[5] The remaining portion of plaintiffs' § 20A claim is subject to dismissal for an independent reason. Section 20A requires not only a contemporaneous trade with an insider, but also a predicate violation of another provision the Exchange Act, such as § 10(b). *See Microstrategy*, 115 F. Supp. 2d 620, 662. And as set forth *infra*, Mr. Howard seeks dismissal of plaintiffs' predicate § 10(b) claim.

[6] The other claims asserted against Mr. Howard include federal securities claims under §§ 10(b), 18, and 20(a) of the Exchange Act and § 15 of the Securities Act; state statutory claims under Massachusetts and California law; and common law claims for fraud and negligent misrepresentation.

7

application of Financial Accounting Standard Nos. 91 and 133 and (2) that he violated § 10(b) in connection with several other aspects of the company's accounting.

With regard to the allegations concerning FAS 91 and 133, Mr. Howard recognizes that the Court previously denied Mr. Howard's challenge to similar allegations in the Consolidated Class Action Complaint filed by Lead Plaintiffs. Thus, Mr. Howard simply incorporates by reference the memoranda of law he submitted in support of his prior motion to dismiss (Docket Nos. 75, 93, and 109).

The allegations about the other accounting issues, however, were not included in Lead Plaintiffs' Consolidated Class Action Complaint and therefore were not the subject of the Court's previous ruling on the motions to dismiss. These issues include the Company's accounting for: loans purchased from lenders under FAS 115, asset impairments on guaranty fees under FAS 115, dollar-roll repurchase agreements under FAS 140, accounting for insurance under FAS 5, qualified special purpose entities under FIN 46, income and expense from short-term debt and liquid investments, and low-income housing tax credits under SOP No. 78-9 and EITF No. 94-1. *See* Evergreen Compl. ¶¶ 122-151; Franklin Compl. at ¶¶ 144-173.

With regard to these issues, plaintiffs allege no particular facts that link the alleged problems to Mr. Howard. They allege no facts that establish that Mr. Howard was aware of the alleged problems, let alone any facts that give rise to a "strong inference" that he played a role in them and did so with scienter. Indeed, the paragraphs of the Complaints that discuss these issues do not even mention Mr. Howard.

Plaintiffs simply cannot rest on Mr. Howard's status as Chief Financial Officer. *See*, *e.g.*, *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 541-42 (3d Cir. 1999). Nor can they rest on the fact of a GAAP violation or restatement. *See*, *e.g., Stevelman v. Alias Research Inc.*, 174 F.3d

8

79, 84 (2d Cir. 1999). They must allege particular facts that give rise to a strong inference of fraudulent intent, and they must do so "with respect to each act or omission alleged to violate [§ 10(b)]." 15 U.S.C. §§ 78u-4(b)(2). Because plaintiffs fail to do so with regard to these new issues, their § 10(b) claims must be dismissed.[7]

### B.  Counts IV and VI: Control Person Claims

In Counts IV and VI, plaintiffs seek to hold Mr. Howard liable for securities violations by the Company. They seek to do so on the theory that Mr. Howard had the power to control the company's "decision-making" and therefore was a "control person" under § 15 of the Securities Act and § 20(a) of the Exchange Act. Evergreen Compl. ¶¶ 470, 484; Franklin Compl. ¶¶ 548, 563. These claims fail for several reasons.

First, in order to state a claim for control person liability under either § 15 or § 20(a), plaintiffs must establish a primary violation of the securities laws by the Company. *See Cooperman v. Individual, Inc.*, 171 F.3d 43, 52 (1st Cir. 1999); *In re Global Crossing, Ltd. Sec. Litig.*, 322 F. Supp. 2d 319, 349 (S.D.N.Y. 2004). To a significant degree, however, plaintiffs fail to do so. Their § 15 claim is predicated on allegations that the Company violated § 11 of the Securities Act. *See* Evergreen Compl. at ¶¶ 486-87; Franklin Compl. at ¶¶ 565-66. But as set forth in Fannie Mae's memorandum in support of its motion to dismiss, plaintiffs fail to state a § 11 claim against the Company. *See* Fannie Mae Memo. at § III.A. Likewise, plaintiffs' § 20(a) claim against Mr. Howard is based on allegations that the Company violated §§ 10(b) and 18 of the Exchange Act. *See* Evergreen Compl. ¶ 473; Franklin Compl. ¶ 551. Again, however, plaintiffs fail (at least in part) to state a § 10(b) claim against Fannie Mae and fail altogether to state a § 18 claim. *See* Fannie Mae Memo. at §§ III.B., III.C., III.D.

---

[7] For the same reasons, plaintiffs' common-law fraud claims must be dismissed under Fed. R. Civ. P. 9(b).

9

Second, plaintiffs' control person claims must be dismissed to the extent they seek to hold Mr. Howard liable for conduct by the Company that occurred <u>after</u> Mr. Howard left Fannie Mae. Indeed, plaintiffs' claims purport to encompass conduct through September 2005 even though, as stated in the Complaints, Mr. Howard resigned from his position as Chief Financial Officer nine months before (in December 2004). *See* Evergreen Compl. at ¶¶ 5, 21; Franklin Compl. at ¶ 5, 42). It is self-evident that Mr. Howard lacked control over the company's decision-making, and thus no longer could be a control person, after he resigned.

Third, to state a control person claim, plaintiffs must allege facts that establish that Mr. Howard "culpably participated" in the primary violation by the Company. *See, e.g., SEC v. First Jersey Sec., Inc,* 101 F.3d 1450, 1472 (2d Cir. 1996); *In re Deutsche Telekom AG Sec. Litig.*, 2002 WL 244597, at *6 (S.D.N.Y. Feb. 20, 2002).[8] But for the reasons set forth *supra* § II.A., the Complaints fail to plead facts that show that Mr. Howard was a culpable participant in the alleged violations, especially with regard to the new violations not previously before the Court and as to which plaintiffs plead no particular facts about Mr. Howard.

### C.     Count XI: §§ 25400(d) and 25500 of the California Corporations Code

The Franklin plaintiffs (but not the Evergreen plaintiffs) also allege that Mr. Howard violated provisions of California state law that prohibit willful – not merely reckless – misconduct and that therefore require a higher level of scienter than the § 10(b) claims previously ruled on by the Court. *See* Cal. Corp. Code § 25500; *see also California Amplifier, Inc. v. RLI Ins. Co.,* 94 Cal. App. 4th 102, 112 (2001). For the reasons set forth in Fannie Mae's memorandum of law, the Franklin plaintiffs fail to plead facts that establish that Mr. Howard engaged in willful misconduct. Indeed, their Complaint is replete with allegations to the effect

---

[8] *But see In re Baan Co. Sec. Litig.*, 103 F. Supp. 2d 1, 23 (D.D.C. 2000).

that Mr. Howard was not himself a C.P.A., that he "failed to provide adequate oversight," and that the company's internal accountants lacked "technical accounting expertise." Franklin Compl. at ¶¶ 192-193. These are allegations of negligence and mismanagement, not willful misconduct. This is underscored by plaintiffs' concession that the Company's outside auditor reviewed and blessed all of the financial statements in question. *See* Franklin Compl. ¶460. Plaintiffs cannot as a matter of law make out willful misconduct in the face of such allegations. Their claims against Mr. Howard under California law therefore must be dismissed.

## CONCLUSION

For the reasons set forth above, as well as in the memorandum of law submitted by Fannie Mae, Mr. Howard respectfully requests dismissal of the Evergreen and Franklin Complaints.

Dated:  May 15, 2006                                          Respectfully submitted,


                                                              /s/ Eric R. Delinsky_____
                                                              Steven M. Salky (D.C. Bar No. 360175)
                                                              Eric R. Delinsky (D.C. Bar No. 460958)
                                                              Ellen D. Marcus (D.C. Bar No. 475045)
                                                              ZUCKERMAN SPAEDER LLP
                                                              1800 M Street, N.W., Suite 1000
                                                              Washington, DC 20036-5802
                                                              202-778-1800 (phone)
                                                              202-822-8106 (facsimile)

                                                              *Counsel for Defendant J. Timothy Howard*