

**ZUCKERMAN SPAEDER** LLP

1800 M STREET, NW   WASHINGTON, DC 20036-5802
202.778.1800   202.822.8106 fax   www.zuckerman.com

Eric R. Delinsky
202.778.1831
edelinksy@zuckerman.com

December 8, 2006

By E-Mail

John C. Truong
Assistant United States Attorney
555 Fourth Street, N.W.
Room E-4206
Washington, D.C. 20530

Re:   Protocol for OFHEO Document Production in
      *In Re Fannie Mae Securities Litigation*

Dear Mr. Truong:

I write to follow up on your email of December 7, 2006, proposing further changes to the production protocols we provided, at your request, on November 28 and 30. I have consulted with counsel for Mr. Raines, and we jointly respond as follows.

We agree to pay BDS for our own copies of OFHEO's production. We also agree to pay the expense of labeling the copies we receive as "confidential" or "highly confidential" to the extent that OFHEO directs that they be designated as such.[1] Our agreement to bear this expense in no way waives our objections to OFHEO's inappropriate blanket designation of all of its documents as "confidential" or "highly confidential." We specifically reserve the right to seek reimbursement of our copying and labeling costs should the Court determine that OFHEO improperly designated all of its documents as "confidential" or "highly confidential."

We understand from your December 7 email that OFHEO has agreed to specifically identify for BDS and us which documents respond to which requests. As we have made clear previously, this specificity is necessary so that we are able to identify the particular documents that respond to each request.

---

[1] Documents designated by OFHEO as "confidential" or "highly confidential" will not also be labeled "Subject to Protective Order," as OFHEO instructed BDS in its letters dated December 6. The protective order does not call for such language, and it adds additional and unnecessary expense.

BALTIMORE    MIAMI    NEW YORK    TAMPA    WASHINGTON, DC    WILMINGTON, DE



GOVERNMENT EXHIBIT C

 ZUCKERMAN SPAEDER LLP

John C. Truong
Assistant United States Attorney
December 8, 2006
Page 2 of 2


Finally, we note that in correspondence dated December 6, 2006, OFHEO advised BDS that Mr. Raines and Mr. Howard would bear the costs of the production and then instructed BDS as to how the documents should be processed *for Messrs. Raines and Howard* – without ever conferring with us in advance. This was improper. Please do not instruct BDS on our behalf again. We will obtain the documents from BDS at our own expense, in the form we choose, and subject to our own agreements and communications with BDS.[2]

Very truly yours,

Eric R. Delinsky

cc:   Alex G. Romain
      Charlotte Reid
      David Felt
      Joseph J. Aronica

---

[2] OFHEO has indicated that it intended to create, or have created, a copy set of the documents for itself. We make clear again that, to the extent that OFHEO obtains a copy set for itself, it must bear the costs of doing so. Mr. Howard and Mr. Raines are obligated to pay only for their own copies and do not, and will not, agree to pay for a set for OFHEO.