

U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

December 20, 2006

VIA E-MAIL IN PDF FORMAT

Alex G. Romain, Esq.
Williams & Connolly, LLP
725 12th Street, N.W.
Washington, D.C. 20005-5901

    Re:    <u>MDL No. 1668</u>

Dear Mr. Romain:

This is in response to your second December 18th, 2006 letter.

1. **Electronic Documents**

Defendant's letter states inaccurately that OFHEO "will not produce" electronic documents responsive to Defendants' first priority list and mischaracterizes OFHEO's position that producing e-mail communication is "ludicrous." As we explained at the December 15th meeting, OFHEO produced all documents, including electronic documents, captured by Defendants' "pyramid diagram," which was used as an exhibit at the November motions hearing before Judge Leon. As we discussed at the meet and confer session after the hearing, on November 8, 2006, those were the documents that Defendants wanted in the first tranche on December 12, 2006. Furthermore, as you recall, the November 9, 2006 letter from Mr. Daniel Marx clarified for OFHEO the type of documents that Defendants sought in their first priority list. The letter states:

> To facilitate [OFHEO's] collection, review and production of responsive documents, we have agreed to use, for the first installment of OFHEO's document production, the first five categories of documents listed in the attached diagram from OFHEO's 2000 Report to Congress ("Reports of Examination," "Conclusion Memos," "Worksheets," "Exam Field Work," and "Examination Strategies and    Workplans") as a guide to the types of materials that we seek regarding OFHEO's annual examination for the years 1998 through 2004.

<u>See</u> November 9, 2006 Letter from Mr. Marx.


GOVERNMENT EXHIBIT D

As we have indicated to Defendants, OFHEO has produced non-privileged, responsive documents (including electronic documents) captured within the "five categories of documents" listed in the "pyramid diagram." Therefore, OFHEO has responded to Defendants' first priority list and complied with the Court's Order.

**2.    Confidentiality Designation**

Defendants' December 18th letter incorrectly states that the Protective Order "contemplates that a party will conduct a reasonable document-by-document review for confidentiality." We understand that the Protective Order does not impose such a requirement. If Defendants have a contrary understanding, please point out the specific provision in the Protective Order that sets forth this requirement.

In any event, as we indicated, pursuant to the Protective Order, OFHEO has designated as "Confidential" documents that "in good faith [it] believes" are "information [ ] not generally known and which [OPFHEO] would normally not reveal to third parties." See July 6, 2006 Protective Order at ¶ 1(c). These "Confidential" documents concern, *inter alia*, the examination workpapers, the transcripts of the formal interviews, and the summaries of informal interviews.

We urge that prior to Defendants "mov[ing] for appropriate relief from the Court" they identify to us the document(s) that they believe do not deserve the "Confidential" designation. We are willing to work with you to resolve any disagreement as to the "Confidential" designation of any particular document(s) and to avoid premature and unnecessary judicial involvement in this matter.

Please do not hesitate to contact me if you have any questions on these issues.

                    Sincerely,
                    JEFFREY A. TAYLOR
                    UNITED STATES ATTORNEY

By:       //s//
           John C. Truong
           Assistant United States Attorney

cc via e-mail:
Mr. Eric Delinsky
Ms. Melanie Corwin
Mr. Dave Felt
Ms. Charlotte Reid
Mr. Joe Aronica