# EXHIBIT

# A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE ENRON CORPORATION SECURITIES LITIGATION | : | MDL Docket No. 1446 |
| This Document Relates To: | : | |
| MARK NEWBY, et al., Individually and On Behalf of All Others Similarly Situated, | : | Civil Action No. H-01-3624 **(Coordinated & Consolidated)** |
| Plaintiffs, | : | <u>CLASS ACTION</u> |
| v. | : | |
| ENRON CORP., et al., | : | |
| Defendants. | : | |
| HAROLD and FRANCES AHLICH, et al., | : | |
| Plaintiffs, | : | Civil Action No. H-03-5334 **(Consolidated)** |
| v. | : | |
| ANDREW S. FASTOW., et al., | : | |
| Defendants. | : | |

**FINANCIAL INSTITUTIONS' OPPOSITION TO**
**FLEMING & ASSOCIATES, L.L.P.'S MOTIONS FOR LEAVE TO**
**<u>FILE AMENDED COMPLAINTS (INSTR. NOS. 77, 58, 50, 136, 62, 68, 32, 33, 15)</u>**

[caption continue on next page]

```
--------------------------------------------------x
FRED A. ROSEN and MARIAN ROSEN, et al.,            :
                                                   :
                     Plaintiffs,                   :
                                                   :     Civil Action No. H-03-5333
              v.                                   :     (Consolidated)
                                                   :
ANDREW S. FASTOW, et al.,                          :
                                                   :
                     Defendants.                   :
                                                   :
--------------------------------------------------x
MARY BAIN PEARSON and JOHN MASON,                  :
                                                   :
                     Plaintiffs,                   :     Civil Action No. H-03-5332
                                                   :     (Consolidated)
              v.                                   :
                                                   :
ANDREW S. FASTOW, et al.,                          :
                                                   :
                     Defendants.                   :
--------------------------------------------------x
RICHARD CHOUCROUN, et al.,                         :
                                                   :
                     Plaintiffs,                   :     Civil Action No. H-03-3320
                                                   :     (Coordinated)
              v.                                   :
                                                   :
ARTHUR ANDERSEN L.L.P., et al.,                    :
                                                   :
                     Defendants.                   :
--------------------------------------------------x
JANE BULLOCK, et al.,                              :
                                                   :
                     Plaintiffs,                   :     Civil Action No. H-04-4455
                                                   :     (Coordinated)
              v.                                   :
                                                   :
ARTHUR ANDERSEN L.L.P., et al.,                    :
                                                   :
                     Defendants.                   :
--------------------------------------------------x
```

2

```
------------------------------------------------- x
RUBEN and IRENE DELGADO, et al.,             :

                        Plaintiffs,          :    Civil Action No. H-03-5335
                                             :    (Consolidated)
            v.                               :
                                             :
ANDREW S. FASTOW, et al.,                    :
                                             :
                        Defendants.          :
------------------------------------------------- x
CYNTHIA L. ADAMS, et al.,                    :

                        Plaintiffs,          :
                                             :    Civil Action No. H-04-3331
            v.                               :    (Coordinated)
                                             :
ARTHUR ANDERSON, L.L.P., et al.              :
                                             :
                        Defendants.          :
                                             :
------------------------------------------------- x
DON L. GUY, TRUSTEE FOR GUY FAMILY           :
LIVING TRUST, et al.,                        :
                                             :    Civil Action No. H-04-3330
                        Plaintiffs,          :    (Coordinated)
                                             :
            v.                               :
                                             :
ARTHUR ANDERSON, L.L.P., et al.              :
                                             :
                        Defendants.          :
------------------------------------------------- x
DAVID JOSE, et al.,                          :

                        Plaintiffs,          :    Civil Action No. H-03-1087
                                             :    (Consolidated)
            v.                               :
                                             :
ARTHUR ANDERSON, L.L.P., et al.              :
                                             :
                        Defendants.          :
------------------------------------------------- x
```

```
-----------------------------------------------X
JOHN AND PEGGY ODAM, et al.,                   :
                                               :
                    Plaintiffs,                :    Civil Action No. H-01-3914
                                               :    (Consolidated)
                                               :
         v.                                    :
                                               :
ENRON CORPORATION., et al,                     :
                                               :
                    Defendants.                :
-----------------------------------------------X
```

## FINANCIAL INSTITUTIONS' OPPOSITION TO FLEMING & ASSOCIATES, L.L.P.'S MOTIONS FOR LEAVE TO FILE AMENDED COMPLAINTS (INSTR. NOS. 77, 58, 50, 136, 62, 68, 32, 33, 15)

The Financial Institutions[1] respectfully file this opposition to Fleming &

Associates, L.L.P.'s Motions For Leave To Amend Their Complaints in the following matters:

*Ahlich, et al. v. Fastow, et al.,* Civ. No. H-03-5334 (Instr. No. 77), *Rosen, et al. v. Fastow, et al.,*

Civ. No. H-03-5333 (Instr. No. 58), *Pearson v. Fastow, et al.,* Civ. No. H-03-5332 (Instr. No.

---

[1]  This opposition is filed by JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., J.P. Morgan Securities Inc., Citigroup, Inc., Citicorp, Citibank, N.A., Citicorp North America, Inc., Citigroup Global Markets Inc. f/k/a Salomon Smith Barney Inc., Citicorp Global Markets Ltd. f/k/a Salomon Brothers International Limited, Credit Suisse First Boston, Inc., Credit Suisse First Boston (USA), Inc., Credit Suisse First Boston LLC f/k/a Credit Suisse First Boston Corp., Pershing LLC f/k/a Donaldson, Lufkin & Jenrette Securities Corporation, Canadian Imperial Bank of Commerce, CIBC Inc., CIBC World Markets Corp., Bank of America Corp., Bank of America, N.A., Banc of America Securities LLC, Barclays PLC, Barclays Bank PLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated a/k/a Merrill Lynch & Co., The Royal Bank of Scotland Group PLC, The Royal Bank of Scotland PLC, National Westminster Bank PLC, Greenwich NatWest Ltd., Greenwich NatWest Structured Finance, Inc., Campsie Ltd., Royal Bank of Canada, Royal Bank Holding Inc., Royal Bank DS Holding Inc., RBC Dominion Securities Ltd., RBC Dominion Securities Inc., RBC Holdings (USA), Inc., RBC Dominion Securities Corp., Lehman Brothers Inc., and Lehman Brothers Holdings Inc. (collectively, the "Financial Institutions"). The Financial Institutions file this opposition without waiver of any defenses, including but not limited to improper service and lack of personal jurisdiction. To the extent not party to any of the above-captioned cases, the Financial Institutions respectfully move to intervene for the limited purpose of responding to Fleming & Associates' motions for leave to file amended complaints.

50), *Choucroun, et al. v. Arthur Andersen, L.L.P., et al.*, Civ. No. H-03-3320 (Instr. No. 136), *Bullock et al. v. Arthur Andersen, L.L.P. et al.*, Civ. No. H-04-4455 (Instr. No. 62), *Delgado, et. al v. Fastow, et. al.*, Civ. No. H-03-5335 (Instr. No. 68), *Adams, et. al., v. Arthur Andersen, L.L.P., et al.*, Civ. No. H-04-3331 (Instr. No. 32), *Guy v. Arthur Andersen, L.L.P., et al.*, Civ. No. H-04-3330 (Instr. No. 33), *Jose, et al. v. Arthur Andersen, L.L.P., et al.*, Civ. No. H-03-1087 (Instr. No. 15), and *Odam v. Enron Corp.*, Civ. No. H-01-3914 [2] (collectively, the "Fleming Matters").

## PRELIMINARY STATEMENT

The ten separate Fleming Matters currently pending before this Court were filed by the same counsel, Fleming & Associates, L.L.P. ("Fleming & Associates"), on behalf of a combined total of over 200 Plaintiffs, [3] who assert nearly identical state causes of action against defendants. Since their commencement in state court, [4] each of the Fleming Matters has been removed and coordinated or consolidated [5] by this Court with *Newby et al. v. Enron Corp. et al.*, .

---

[2]   In addition to the nine motions for leave filed by Fleming & Associates to which this opposition directly responds, the Fleming firm also has filed an Amended Complaint in the matter *Odam v. Enron Corp.*, Civ. No. H-01-3914. This case is identical to the nine Fleming Matters in which plaintiffs seek to amend their complaints, and it has been consolidated with *Newby*. Accordingly, the Financial Institutions believe that the arguments advanced in this motion should apply with equal force to the *Odam* case. The Financial Institutions, however, reserve their rights to assert additional grounds for dismissal of the *Odam* case in motions made at later dates, including when their responses to the *Odam* Amended Complaint are due.

[3]   Approximately 212 plaintiffs are named in the combined operative Fleming complaints, although some plaintiffs have voluntarily dismissed their claims. The proposed amended complaints name a total of approximately 198 plaintiffs.

[4]   For the sake of ease in describing their procedural history, this opposition describes the Fleming Matters as having been filed in state court, notwithstanding one exception – the *Odam* case – which was filed in the Southern District of Texas.

[5]   *See Adams* Instr. No. 4, Order of Coordination, Sept. 7, 2004; *Ahlich* Instr. No. 6, Order of Consolidation, Dec. 4, 2003; *Bullock* Instr. No. 19, Order of Coordination, Dec. 9,

Civ. No. H-01-3624 (S.D. Tex.). For all intents and purposes, the Fleming Matters have been proceeding in every way as a single action for pretrial purposes. To take just one example, Fleming & Associates has recently submitted five expert reports, which pertain to and have been designated for each of the Fleming Matters. The plain language of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub. L. No. 105-353, 112 Stat. 3227, codified as amended in part at 15 U.S.C. §§ 77p and 78bb(f), unambiguously states that a "covered class action" includes a "group of lawsuits" that are "pending in the same court," where damages are sought on behalf of more than 50 persons and the lawsuits are "joined, consolidated or otherwise proceed as a single action *for any purpose.*" 15 U.S.C. §§ 77p(f)(2)(A)(ii) (emphasis added). The Fleming Matters fit squarely within this definition and are thus preempted under SLUSA. In almost identical circumstances, Judge Cote held that a similar ploy by plaintiffs in the *Worldcom Securities Litigation* failed on these exact grounds. *See Bell v. Ebbers*, 308 F. Supp. 2d 236 (S.D.N.Y. 2004). Accordingly, Fleming Plaintiffs' motions to amend their complaints should be denied as futile and the Fleming Matters should be dismissed.[6]

---

2004; *Choucroun* Instr. No. 94, Order of Coordination, Aug. 29, 2003; *Guy* Instr. No. 4, Order of Coordination, Sept. 7, 2004; *Jose* Instr. No. 5, Order of Consolidation, Apr. 17, 2004; *Pearson* Instr. No. 5, Order of Consolidation, Dec. 4, 2003; *Rosen* Instr. No. 6, Order of Consolidation, Dec. 4, 2003; *Delgado* Instr. No. 6, Order of Consolidation, Civ. No. H-03-5335, Dec. 4, 2003; *Odam* Instr. No. 6, Order of Consolidation, Dec. 12, 2001.

[6]   In addition to SLUSA preemption, Fleming Plaintiffs' proposed Amended Complaints should be dismissed on a number of other grounds, including but not limited to the fact that Fleming Plaintiffs are barred by the applicable statute of limitations from now asserting, for the first time, claims against the Financial Institutions, and that the Financial Institutions have not been properly served with the Amended Complaints. Accordingly, the Financial Institutions reserve their rights to address such arguments, if necessary, at a later appropriate time.

## Procedural Background

On August 17, 2006, Fleming & Associates filed nine motions seeking leave to amend their complaints in the respective Fleming Matters.[7] Each motion attaches a nearly identical proposed Amended Complaint that asserts claims (for the first time) against the Financial Institutions. The Complaints also reassert claims against several former directors and officers of Enron, Arthur Andersen, and a number of former Andersen partners for fraud, fraud on the market, civil conspiracy, aiding and abetting fraud, negligent misrepresentation, and violations of both the Texas Business and Commerce Code and the Texas Securities Act.[8] Other than identifying different individual plaintiffs, the proposed Amended Complaints are word-for word the same (in fact, the Amended Complaints even repeat the same typographical errors — see, e.g. "... and caused the Plaintiffs here invested in Enron securities when they would not have ...." *Adams* proposed Am. Compl. ¶ 86; *Ahlich* proposed Am. Compl. ¶ 104; *Bullock* proposed Am. Compl. ¶ 78; *Choucroun* proposed Am. Compl. ¶ 78; *Delgado* proposed Am. Compl. ¶ 79; *Guy* proposed Am. Compl. ¶ 88; *Jose* proposed Am. Compl. ¶ 82; *Odam* Am. Compl. ¶ 79; *Pearson* proposed Am. Compl. ¶ 79; *Rosen* proposed Am. Compl. ¶ 86.) Although, between them, the Fleming Matters are brought on behalf of approximately 200 named plaintiffs, each separate case names fewer than 50 plaintiffs (ranging from two plaintiffs named in the *Odam* and *Pearson* cases to 49 plaintiffs originally named in the *Adams* and *Guy* cases).

---

[7]    Defendants answered the initial complaints and/or Fleming Plaintiffs already amended their complaints in the Fleming Matters in which Fleming Plaintiffs now seek leave to amend, and thus Fleming Plaintiffs do not have a right to amend their complaints without leave of this Court.

[8]    The Amended Complaints also each include an additional claim against only Arthur Andersen for negligence.

As described above, the Fleming Matters, with the exception of *Odam*, were initially filed in Texas state courts.[9] The *Odam* case was filed in the Southern District of Texas on November 13, 2001; the *Rosen* case was filed in Texas state court on November 7, 2001; the *Bullock, Choucroun, Ahlich, Delgado* and *Pearson* cases were filed in various Texas state courts in January 2002; the *Jose* case was filed in Texas state court on February 7, 2002; and the *Guy* and *Adams* cases were filed in Texas state court on June 22, 2004. As originally filed, the Fleming Matters asserted claims against Enron and Arthur Andersen defendants, but did not name any Financial Institution as a defendant. Arthur Andersen, however, as well as several Enron officer and director defendants, filed third-party complaints against certain of the Financial Institutions.[10] Subsequently, the Fleming Matters, again with the exception of *Odam*, were removed to this Court -- certain cases were removed directly to this Court and others were transferred from another district court to this one by order of the Judicial Panel on Multi-District Litigation. This Court has properly denied motions to remand these cases. *See, e.g., Delgado*, Instr. No. 36, Order, Jun. 14, 2004.[11] Further, since removal the Fleming Matters have been proceeding in every way as a single action.

---

[9]  For SLUSA purposes, the original filing of the *Odam* case in federal court is of no moment; the statute, by its terms, applies to cases whether filed in federal or state court. *See* 15 U.S.C. §§ 77p(b).

[10]  Not all of the Financial Institutions have been named as third-party defendants in each of the Fleming Matters, and, in the *Jose* matter, no third-party complaints have been filed. Not all of the Financial Institutions have been served with the third-party complaints in which they were named, and, in the *Guy* and *Adams* matters, none of the Financial Institutions named have been served.

[11]  The *Bullock* Plaintiffs' Third Motion for Remand, filed Nov. 29, 2004, is pending decision.

8

## ARGUMENT

Congress enacted SLUSA to "prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State court, rather than Federal court." *In re Waste Mgmt, Inc. Sec. Litig.* 194 F. Supp. 2d 590, 592 (S.D. Tex. 2002) (internal citation omitted); *see also Miller v. Nationwide Life Ins. Co.*, 391 F.3d 698, 702 (5th Cir. 2004) ("SLUSA was designed to ensure that all causes of action involving allegations of misrepresentations or omission in connection with covered securities would be subject to the requirements of the Private Securities Litigation Reform Act of 1995."). Furthermore, "Congress envisioned a broad construction" of SLUSA's preemptive scope because "[a] narrow reading of the statute would undercut the effectiveness of [the PSLRA] and thus run contrary to SLUSA's stated purpose . . . ." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 126 S.Ct. 1503, 1513 (2006).

SLUSA provides that "no covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging" securities claims of the type alleged (identically) in each of the nine proposed Amended Complaints attached as exhibits to the Motions for Leave to Amend, as well as the already-filed Amended Complaint in *Odam*.[12] 15 U.S.C. § 77p(b). Specifically, SLUSA preempts an action that: (1) alleges the defendants' conduct was in connection with the purchase or sale of a "covered security;" (2) is brought under state law; (3) alleges that the defendants misrepresented a material fact or omitted a material fact or used or employed a manipulative or deceptive device or contrivance; and (4) is a "covered class action" as defined

---

[12]    *Odam* asserts the same claims as the nine proposed Amended Complaints.

by the statute. *Tittle v. Enron Corp.*, 284 F. Supp. 2d 511, 634 (S.D. Tex. 2003) (citing *Green v. Ameritrade*, 279 F.3d 590, 596 (8th Cir. 2002)).

Here, there is no doubt that the Fleming Matters easily satisfy these criteria and fall within the scope of SLUSA. First, Fleming Plaintiffs' claims relate to their purchase, sale or retention of Enron stock based on alleged misrepresentations by certain defendants. *See Tittle*, 284 F. Supp. 2d at 643-44 (finding that Enron stock is a "covered security" and that SLUSA preempted common-law civil conspiracy and negligent misrepresentation claims brought against many of the same defendants and based on much of the same conduct as alleged in the Fleming Plaintiffs' complaints at issue here). Next, the claims in the Fleming Matters are based solely on Texas statutory or common law.[13] Further, Fleming Plaintiffs' claims (which again are identical in each of the proposed amended complaints) are based on alleged misrepresentations in connection with Enron's finances.[14] And, finally, the Fleming Matters are covered class actions as defined by SLUSA.

A "covered class action" under SLUSA includes, "any group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which (i) damages are sought on behalf of more than 50 persons; and (ii) the lawsuits are joined,

---

[13]    Each complaint alleges identical causes of action under Texas law. *See Adams* proposed Am. Compl. ¶¶ 240-285; *Ahlich* proposed Am. Compl. ¶¶ 258-303; *Bullock* proposed Am. Compl. ¶¶ 232-277; *Choucroun* proposed Am. Compl. ¶¶ 232-277; *Delgado* proposed Am. Compl. ¶¶ 233-278; *Guy* proposed Am. Compl. ¶¶ 242-287; *Jose* proposed Am. Compl. ¶¶ 236-281; *Odam* Am. Compl. ¶¶ 233-278; *Pearson* proposed Am. Compl. ¶¶ 233-278; *Rosen* proposed Am. Compl. ¶¶ 240-285.

[14]    *See Adams* proposed Am. Compl. ¶¶ 105, 126, 137; *Ahlich* proposed Am. Compl. ¶¶ 123, 144, 155; *Bullock* proposed Am. Compl. ¶¶ 97, 118, 129; *Choucroun* proposed Am. Compl. ¶¶ 97, 118, 129; *Delgado* proposed Am. Compl. ¶¶ 98, 119, 130; *Guy* proposed Am. Compl. ¶¶ 107, 128, 139; *Jose* proposed Am. Compl. ¶¶ 101, 122, 133; *Odam* Am. Compl. ¶¶ 98, 119, 130; *Pearson* proposed Am. Compl. ¶¶ 98, 119, 130; *Rosen* proposed Am. Compl. ¶¶ 105, 126, 137.

consolidated, or otherwise proceed as a single action for any purpose." 15 U.S.C. §
77p(2)(A)(ii). Here, all ten actions are "pending" before this Court. The *Odam* case originally
was filed in the Southern District of Texas and consolidated with *Newby*. The *Adams, Guy,
Ahlich, Delgado, Pearson, Rosen* and *Jose* cases were removed directly to this Court from Texas
State court, and the MDL Panel transferred the *Bullock* and *Choucroun* matters to this Court
under 42 U.S.C. § 1407. Under the MDL statute, these cases will remain pending before this
Court for all pretrial proceedings. Further, taken together, the Fleming Matters are brought on
behalf of approximately 200 plaintiffs, all seeking damages. The factual and legal identity of
these actions is demonstrated by their identically-worded claims for fraud, aiding and abetting
fraud, negligent misrepresentation, civil conspiracy, and violations of Texas statutory law, as
well as the carbon-copy factual allegations they include (for example, *compare Bullock* proposed
Am. Compl. ¶¶ 185-188 *with Delgado* proposed Am. Compl. ¶¶ 186-189 *and Adams* proposed
Am. Compl. ¶¶ 193-196).[15] Since they were removed, the ten Fleming Matters have been
"proceed[ing] as a single action for any purpose" and will be treated as such until each case
either terminates or is transferred for trial.

---

[15]   Like the proposed Amended Complaints, the operative complaints in the Fleming Matters
   also contain nearly identical allegations and claims for relief (*see, e.g., Bullock* Third Am.
   Compl. ¶¶ 68-73 (describing Enron's financial restatements and defendants' role in
   Enron's financial misstatements); *Choucroun* Third Am. Compl. ¶¶ 69-74 (copying
   same); *Guy* Orig. Pet. ¶¶ 86-91 (copying same); *Adams* Orig. Pet. ¶¶ 83-88 (copying
   same)). Although the original *Adams* and *Guy* Petitions both assert claims under the
   Texas Business & Commerce Code and the Texas Securities Act that were not included
   in the original complaints filed in the other Fleming Matters, *see Guy* Orig. Pet. ¶¶ 123-
   31, 132-143; *Adams* Orig. Pet. ¶¶ 113-21, 122-26), these claims have now been
   uniformly added to each of the proposed Amended Complaints, *see, e.g. Ahlich* proposed
   Am. Compl. ¶¶ 277-286, 287-292. The one exception is *Odam*, which originally asserted
   claims for federal securities law violations. The *Odam* Amended Complaint now asserts
   the same state-law claims as the other Fleming Matters.

Because of the changed procedural posture of the Fleming Matters, this Court's prior ruling that certain Fleming Matters did not constitute a "covered class action" under SLUSA is no longer applicable. *See Newby* Instr. No. 1026, Order of Remand, Sept. 6, 2002. In the Order of Remand, this Court found that SLUSA did not provide a basis for removal where the Fleming Matters, which, at the time, were pending separately in several state courts, did not "technically satisfy SLUSA's definition of a 'covered class action.'" *Id.* This, however, is no longer the case. As discussed, the Fleming Matters are now all pending in the same Court, they involve common questions of law and fact, and are joined, consolidated or otherwise proceeding as a single action. As such, the Fleming Matters now clearly satisfy the definition of a "covered class action" under SLUSA. *See Bell v. Ebbers*, 308 F. Supp. 2d 236 (S.D.N.Y. 2004).

First, the Fleming Matters have been coordinated or consolidated with *Newby* and are proceeding together under the same scheduling order. *See e.g., Newby* Instr. No. 1561, Scheduling Order, July 11, 2003, as amended by *Newby* Instr. No. 4848, July 11, 2006 (setting schedule for all *Newby* "Consolidated/Related/Coordinated Cases"); *see also* R. Proc. Jud. Panel on Multidistrict Litig. 7.6. In addition, and significantly, the Fleming Matters are being prosecuted by the same counsel, Fleming & Associates, which has, in every way, treated the cases as a single action. For example, in scheduling depositions, Fleming & Associates made no distinction among the different matters, and, instead, frequently addressed scheduling issues for Fleming Plaintiffs on an *ad hoc* basis, regardless of the case at issue. *See, e.g.,* July 6, 2005 Letter from Sean Jez to Jill O'Toole (providing dates simultaneously for named plaintiffs in both the *Ahlich* and *Delgado* actions) (attached as Exhibit A). Further, Fleming & Associates has grouped the various Fleming Matters together in connection with its motion practice. *See, e.g.,* F&A Plaintiffs' Motion for Clarification of the Court's Scheduling Order (Sept. 7, 2005, *Newby*

12

Instr. No. 3888), submitted for all nine Fleming Matters active at that time.[16] Moreover, Fleming & Associates provided nearly identical responses to the Financial Institutions' Requests for Documents. *Compare Ahlich* Response to Request for Documents (attached as Exhibit B) *with Delgado* Response to Request for Documents (attached as Exhibit C). Finally, as mentioned above, Fleming & Associates has designated the same five expert reports for each of the Fleming Matters. As such, Fleming & Associates jointly has retained, submitted the reports of, and offered deposition dates for the same proffered management experts (Michael A. Abelson, Daryl Koehn, and Curtis C. Verschoor), accounting expert (Moshe S. Levitin), and damages expert (Ronald E. Kahanek) as though Fleming & Associates were litigating one action.

In the *Worldcom Securities Litigation*, Judge Cote squarely addressed SLUSA's application to cases that, like the Fleming Matters, were coordinated or consolidated in an MDL proceeding. *Bell v. Ebbers*, 308 F. Supp. 2d 236 (S.D.N.Y. 2004). In *Bell*, under facts very similar to this case, the court dismissed, with prejudice, ten removed state-court actions pending before it in an MDL proceeding. *Id.* at 246. As here, the actions in *Bell* were filed in different state courts by the same attorneys; each was brought on behalf of fewer than 50 plaintiffs; and each alleged identical state-law securities-related claims. *Id.* at 240. Defendants removed the cases to federal court as related to the WorldCom bankruptcy, and the MDL Panel transferred the actions to the Southern District of New York for consolidated pretrial proceedings. *Id.* at 241.

In holding that SLUSA preempted plaintiffs' actions, the *Bell* Court found that the lawsuits at issue were "unquestionably 'proceed[ing] as a single action for any purpose'" both because the cases "were consolidated for pretrial purposes," and because, "the plaintiffs' court filings are exact replications or simple joinders to each others' papers." *Id.* at 246. The Court

---

[16]     The *Odam* case was closed in June 2002 and recently reopened by this Court.

13

thus concluded that the ten actions at issue in *Bell* were a "group of lawsuits" as defined by SLUSA and thus subject to preemption. *Id.* at 245 ("taken together, the [actions were] brought on behalf of more than 50 persons" and there was no question that the actions involved common questions of law and fact "since the complaints were verbatim copies of one another."). In reaching its decision, the *Bell* court recognized that, "[t]he existence of a calculated strategy to avoid SLUSA preemption does not, by itself, permit a finding [of] preemption." *Id.* Regardless of Fleming & Associates' attempts, the Fleming Matters easily satisfy the requirements of SLUSA, and, for this reason alone, should be deemed preempted and dismissed.[17]

## CONCLUSION

For the foregoing reasons, the Financial Institutions respectfully request that this Court deny Fleming & Associates, L.L.P.'s Motion for Leave to Amend Their Complaints as futile and, accordingly, dismiss the Fleming Matters.

---

[17] As recognized by the *Bell* Court, this Court's decision in *Am. Nat'l Ins. Co. v. J.P. Morgan & Co.*, Civ. No. G-02-0299, 2002 WL 32107216 (S.D. Tex. Aug. 12, 2002) ("*American National II*") is inapposite to the Fleming Matters. *American National II* was a single state action filed on behalf of eight plaintiffs that was consolidated with *Newby* following removal to federal court. *Id.* at *1. In *dicta*, this Court rejected defendant's reliance on consolidation "with other Enron-related litigation in *Newby*" to meet the requirements of SLUSA. *Id.* at *5. Unlike *American National*, though, this case involves ten nearly-identical actions that together are brought on behalf of approximately 200 plaintiffs. Therefore, as in *Bell*, it is the consolidation of the Fleming Matters with each other (as opposed to their consolidation with other Enron-related matters) that creates SLUSA preemption. *See Bell*, 308 F. Supp. at 248 ("It is the consolidation of the Ten Actions through the May 28 Order, and the fact that they are 'proceeding jointly as a single action for any purpose,' that creates SLUSA preemption, not the consolidation of the *Bell* Action with the other WorldCom class and individual Actions being litigated before this Court.").

Dated: September 6, 2006

Respectfully Submitted,

By: *Richard Warren Mithoff /sus*
Richard Warren Mithoff
Texas Bar No. 14228500
Janie L. Jordan
Texas Bar No. 11012700
MITHOFF LAW FIRM
One Allen Center, Penthouse
500 Dallas Street, Suite 3450
Houston, Texas 77002
(713) 654-1122
(713) 739-8085 (Facsimile)

OF COUNSEL:

Bruce D. Angiolillo
Thomas C. Rice
David J. Woll
Jonathan K. Youngwood
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
(212) 455-2000
(212) 455-2502 (Facsimile)

Charles A. Gall
Texas Bar No. 07281500
James W. Bowen
Texas Bar No. 02723305
JENKENS & GILCHRIST, P.C.
1445 Ross Avenue, Suite 3200
Dallas, Texas 75202
(214) 855-4500
(214) 855-4300 (Facsimile)

ATTORNEYS FOR JPMORGAN CHASE & CO.,
JPMORGAN CHASE BANK, N.A., J.P. MORGAN
SECURITIES INC.

15

By: _Jacalyn D. Scott /es_
Jacalyn D Scott
Texas Bar No. 17899900
WILSHIRE SCOTT & DYER P.C.
3000 One Houston Center
1221 McKinney Street
Houston, Texas 77010
(713) 651-1221
(713) 651-0020 (Facsimile)

OF COUNSEL:

Brad S. Karp
Mark F. Pomerantz
Richard A. Rosen
Michael E. Gertzman
Claudia L. Hammerman
Jonathan H. Hurwitz
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
(212) 373-3000
(212) 757-3990 (Facsimile)

ATTORNEYS FOR CITIGROUP INC., CITIBANK
INC., CITIBANK N.A., CITIGROUP GLOBAL
MARKETS INC. (F/K/A SALOMON SMITH
BARNEY INC.), CITIGROUP GLOBAL
MARKETS LTD. (F/K/A SALOMON BROTHERS
INTERNATIONAL LIMITED).

16

By: _Barry Abrams /scs_

Barry Abrams
Texas Bar No. 00822700
ABRAMS SCOTT & BICKLEY, LLP
700 Louisiana, Suite 4000
Houston, Texas 77002
(713) 228-6601
(713) 228-6605 (Facsimile)

OF COUNSEL:

David H. Braff
Michael T. Tomaino, Jr.
Jeffrey T. Scott
Steven J. Purcell
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000
(212) 558-3588 (Facsimile)

ATTORNEYS FOR BARCLAYS PLC AND
BARCLAYS BANK PLC.

17

By: _Gregory A. Markel /scs_

Gregory A. Markel (pro hac vice)
(Attorney-in-Charge)
Ronit Setton (pro hac vice)
Gregory Ballard (pro hac vice)
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY 10281
(212) 504-6000
(212) 504-6666 (Facsimile)

Charles G. King
Texas Bar No. 11470000
KING & PENNINGTON LLP
1100 Louisiana Street
Suite 5055
Houston, TX 77002-5220
(713) 225-8404
(713) 225-8488 (Facsimile)

ATTORNEYS FOR BANK OF AMERICA
CORPORATION, BANC OF AMERICA
SECURITIES LLC, BANK OF AMERICA, N.A.

By: *Mark D. Manela / sus*

Mark D. Manela
Texas Bar No. 12894500
S.D. Texas I.D. No. 01821
MAYER, BROWN, ROWE & MAW LLP
700 Louisiana, Suite 3600
Houston, Texas 77002
(713) 547-9630
(713) 632-1848 (Facsimile)

OF COUNSEL:

Alan N. Salpeter
Michele Odorizzi
T. Mark McLaughlin
Phillip S. Reed
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600
(312) 701-7711 (Facsimile)

Drew Neville, Jr.
Charles E. Geister III
HARTZOG CONGER CASON & NEVILLE
1600 Bank of Oklahoma Plaza
201 Robert S. Kerr Avenue
Oklahoma City, Oklahoma 73102
(405) 235-7000
(405) 996-3403 (Facsimile)

ATTORNEYS FOR CANADIAN IMPERIAL
BANK OF COMMERCE, CIBC INC., CIBC
WORLD MARKETS CORP.

19

By: _Lawrence D. Finder /jes_
Lawrence D. Finder
Texas Bar No. 07007200
Odean L. Volker
Texas Bar No. 20607715
HAYNES AND BOONE, LLP
1221 McKinney Street, Suite 2100
Houston, Texas 77010
(713) 547-2000
(713) 547-2600 (Facsimile)

OF COUNSEL:

Richard W. Clary
Julie A. North
Darin P. McAtee
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019-7475
(212) 474-1000
(212) 474-3700 (Facsimile)

George W. Bramblett, Jr.
Texas Bar No. 02867000
Noel M.B. Hensley
Texas Bar No. 09491400
HAYNES AND BOONE, LLP
901 Main Street, Suite 3100
Dallas, Texas 75202-3789
(214) 651-5000
(214) 651-5940 (Facsimile)

ATTORNEYS FOR CREDIT SUISSE FIRST
BOSTON (USA), INC., CREDIT SUISSE FIRST
BOSTON LLC (F/K/A CREDIT SUISSE FIRST
BOSTON CORP.), PERSHING LLC (F/K/A
DONALDSON, LUFKIN & JENRETTE
SECURITIES CORPORATION)

20

By: _Claude L. Stuart III/sls_
Claude L. Stuart, III
PHELPS DUNBAR, LLP
700 Louisiana Street, Suite 2600
Houston, Texas 77002
(713) 626-1386
(713) 626-1388 (Facsimile)

Michael J. McNamara
Mark D. Kotwick
Anne C. Patin
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, New York 10004
(212) 574-1200
(212) 480-8421 (Facsimile)

ATTORNEYS FOR ROYAL BANK OF CANADA,
ROYAL BANK HOLDING INC.,
ROYAL BANK DS HOLDING INC.
RBC DOMINION SECURITIES LIMITED,
RBC DOMINION SECURITIES INC.,
RBC HOLDINGS (USA) INC., AND
RBC DOMINION SECURITIES CORPORATION

By: *Taylor M. Hicks /ses*

Taylor M. Hicks
Texas Bar No. 09585000
Southern District I.D. No. 3079
Stephen M. Loftin
Texas Bar No. 12489510
Southern District I.D. No. 12676
HICKS THOMAS & LILIENSTERN, LLP
700 Louisiana, Suite 2000
Houston, Texas 77002
(713) 547-9100
(713) 547-9150 (Facsimile)

OF COUNSEL:

Herbert S. Washer
Adam S. Hakki
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
(212) 848-4000
(212) 848-7179 (Facsimile)

COUNSEL FOR MERRILL LYNCH & CO., INC.,
MERRILL LYNCH, PIERCE, FENNER & SMITH
INCORPORATED

By: David E. Miller /su

David E. Miller
JONES DAY
717 Texas, Suite 3300
Houston, Texas 77002
(832) 239-3939
(832) 239-3600 (Facsimile)

John M. Newman, Jr.
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44144
(216) 586-7207
(216) 579-0212 (Facsimile)

ATTORNEYS FOR THE ROYAL BANK OF
SCOTLAND GROUP PLC, THE ROYAL BANK
OF SCOTLAND PLC, NATIONAL
WESTMINSTER BANK PLC, GREENWICH
NATWEST STRUCTURED FINANCE, INC.,
GREENWICH NATWEST LTD., CAMPSIE LTD.

23

By: _Hugh R. Whiting /scs_

Hugh R. Whiting
Texas Bar No. 21373500
S.D. Admission No. 30188
JONES DAY
717 Texas Avenue, Suite 3300
Houston, TX 77002-2712
(832) 239-3939
(832) 239-3600 (Facsimile)

OF COUNSEL:
David L. Carden
Robert C. Micheletto
JONES DAY
222 E. 41 Street
New York, NY 10017-6702
(212) 326-3939
(212) 755-7306 (Facsimile)

ATTORNEYS FOR LEHMAN BROTHERS
HOLDINGS INC., LEHMAN BROTHERS INC.

24