UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Fannie Mae Securities Litigation | Consolidated Civil Action<br>No. 1:04-cv-1639 (RJL) |
| Evergreen Equity Trust, *et al.*, v. Federal National Mortgage Association, *et al.* | Case No. 1:06-cv-00082 (RJL) |
| and | |
| Franklin Managed Trust, *et al.* v. Federal National Mortgage Association, *et al.* | Case No. 1:06-cv-00139 (RJL) |

**MOTION OF RADIAN GUARANTY INC. FOR LEAVE TO FILE A SECOND SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Radian Guaranty Inc. ("Radian") respectfully moves for leave to file a second supplemental memorandum in support of its motion to dismiss the Evergreen and Franklin plaintiffs' second amended complaints. Leave should be granted because, without this second supplemental memorandum, Radian "would be unable to contest matters presented to the court for the first time" in the E&F plaintiffs' supplemental submission. *Alexander v. Federal Bureau of Investigation,* 186 F.R.D. 71, 74 (D.D.C. 1998). In support of this motion, Radian states:

1. The E&F Plaintiffs attached as an exhibit to their supplemental submission in opposition to Radian's motion to dismiss a transcript of an argument before Judge Sprizzo of the United States District Court for the Southern District of New York in *In re AIG Securities Litigation,* Docket No. 04-8141, erroneously asserting that *AIG* "involve[es] very similar

allegations" to this case. Pls' Supp. at 22.  The E&F plaintiffs never mentioned the *AIG* case at the argument on defendants' motions to dismiss and never before alerted the Court or defendants to the existence of this transcript.

2. In fact, as we explain below, and in greater detail in the attached memorandum, the critical facts alleged in the *AIG* case bear absolutely no resemblance to the facts alleged in this case.

3. The plaintiffs in *AIG* contend that AIG and General Re agreed to concoct and improperly account for a fictional transaction to artificially inflate AIG's claims reserves to fend off rumors in the investment community that AIG had dipped into its claims reserve to boost earnings per share.  Although the documentation for the fictional transaction recited that General Re had made two payments of $250 million each, *no money ever changed hands*.  The *AIG* plaintiffs alleged that General Re had meetings with AIG in which the two companies agreed that General Re would account for the fictional transaction as if it were a loan from it to AIG, while AIG would account for the fictional transaction as if it were reinsurance.  As a result, AIG recorded an additional $500 million in insurance reserves on its books when it should not have been recorded at all and, had the transaction been real, the proper accounting treatment would have been to record it as a $500 million liability to General Re.  The net effect was that AIG claimed increases in its reserves in two consecutive quarters, when in reality it had substantial decreases.

4. The E&F plaintiffs made no similar allegations against Radian.  ***First***, the E&F plaintiffs did not allege a fictional transaction:  the E&F plaintiffs concede that Fannie Mae actually ***paid*** Radian $35 million in 2002, and that Radian actually ***paid*** $39 million in claims

over the next three years to cover defaulted loans. Thus, *whatever* accounting treatment is applied to the Radian-Fannie Mae transaction -- insurance or loan -- there is no dispute it was a real transaction. **Second**, the E&F plaintiffs did not allege that Radian participated in the transaction for the purpose of influencing Fannie Mae's investment community. **Third**, the E&F plaintiffs did not allege that Radian and Fannie Mae had communicated about how Fannie Mae would account for the transaction, or even that Radian had actual knowledge that Fannie Mae would account for the transaction in an improper manner. **Fourth**, unlike the plaintiffs in *AIG,* the E&F plaintiffs did not allege that Fannie Mae's alleged improper accounting for the single transaction with Radian had a material impact on Fannie Mae's financial statements. Indeed, even in their arguments here, the E&F plaintiffs have failed to identify any such impact.

       5. For these reasons, Radian should be granted leave to file an additional supplemental memorandum in order that it have an opportunity to contest matters presented to the court for the first time in the E&F plaintiffs' supplemental submission.

WHEREFORE, Radian asks that the Court grant it leave to file the Second Supplemental Memorandum in Support of its Motion to Dismiss, attached hereto as Exhibit A, in order to address these points.

Dated:                                              Respectfully submitted,

                                                    RADIAN GUARANTY INC.
                                                    By Counsel

SCHNADER HARRISON SEGAL & LEWIS LLP


By: /s/ Jonathan M. Stern
      Jonathan M. Stern (DC Bar No. 412689)
Suite 300
2001 Pennsylvania Avenue, NW
Washington, DC 20006-1825
Telephone: (202) 419-4200

Of Counsel:

David Smith
Jonathan S. Liss
Stephen A. Fogdall
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286
Telephone: (215) 751-2000

## CERTIFICATE OF SERVICE

I hereby certify that, in addition to ECF filing, on this 6th day of April 2007, I deposited in a receptacle for receipt of the United States mail envelopes with first-class postage affixed containing a true copy of the foregoing motion and associated papers and addressed to the following persons who are shown as not having signed up for ECF:

**Seth Alben Aronson**
O'MELVENY & MYERS, LLP
400 South Hope Street
15th Floor
Los Angeles, CA 90071-2899

**Rachelle M. Barstow**
**Robert Michael Romano**
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178

**Stuart L. Berman**
**Darren J. Check**
**Richard S. Schiffrin**
SCHIFFRIN & BARROWAY, LLP
Three Bala Plaza East
Suite 400
Bala Cynwyd, PA 19004

**Hal M. Hirsch**
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, NY 10166

**Christine M. MacKintosh**
**Megan D. McIntyre**
GRANT & EISENHOFER P.A.
1201 North Market Street
Wilmington, DE 19801

**Eldad Zvi Malamuth**
MAYER, BROWN, ROWE & MAW
1909 K Street, NW
Washington, DC 20006

**Joseph C. Merschman**
BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO
One Liberty Square
Boston, MA 02109

**Alfred G. Yates, Jr.**
**Barbara L. Yates**
**Gerald L. Rutledge**
ALFRED G. YATES JR., PC
429 Forbes Avenue
Suite 519 Allegheny Building
Pittsburgh, PA

**Eryn Mead Starun**
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1615 L Street, NW
Suite 1300
Washington, DC 20036-5694

**Alan J. Statman**
STATMAN, HARRIS & EYRICH LLC
3700 Carew Tower
441 Vine Street
Cincinnati, OH 45202

**Curtis V. Trinko**
LAW OFFICES OF CURTIS V. TRINKO, LLP
16 West 46th Street
7th Floor
New York, NY 10036

   /s/ Jonathan M. Stern
      Jonathan M. Stern