**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | ) ) ) ) ) ) | MDL No. 1688 |
| In Re Fannie Mae Securities Litigation | ) ) ) ) ) ) | Consolidated Civil Action No.: 1:04-CV-01639<br><br>Judge Richard J. Leon |

**DECLARATION OF JEFFREY C. BLOCK IN SUPPORT OF**
**LEAD PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF**
**DOCUMENTS FROM NON-PARTY DELOITTE & TOUCHE USA LLP**

I, Jeffrey C. Block, being duly sworn, hereby state as follows:

1. I am a partner in the law firm of Berman DeValerio Pease Tabacco Burt & Pucillo ("Berman DeValerio"), co-lead counsel for Lead Plaintiffs in the captioned securities class action. I submit this declaration in support of Lead Plaintiffs' Motion to Compel the Production of Documents from Non-Party Deloitte & Touche USA LLP ("Deloitte").

2. Attached as Exhibit A hereto is a true and correct copy of Lead Plaintiffs' Subpoena to Deloitte ("Subpoena"), which was served on Deloitte on April 7, 2006.

3. Attached as Exhibit B hereto is a true and correct copy of Deloitte's Responses and Objections to the Subpoena.

4. At a Status Conference for this case held on March 2, 2007, this Court stated "[w]ell they [Arnold & Porter] know their way around big cases. They should figure out a way to solve this problem. . . . You can quote me, though. . . . Show it [the transcript] to them."

Attached as Exhibit C hereto is a true and correct copy of the quoted portion of the March 2, 2007 Status Conference transcript.

5.   Attached as Exhibit D hereto is a true and correct copy of the April 19, 2006 letter to Linda Beyer proposing several dates to meet and confer regarding Deloitte's responses and objections to the Subpoena.

6.   Attached as Exhibit E is a true and correct copy of the April 24, 2006 letter to Ms. Beyer enclosing the Protective Order and proposing additional dates and times for a meet and confer regarding Deloitte's responses and objections.

7.   Attached as Exhibit F is a true and correct copy of the June 13, 2006 letter to Ms. Beyer proposing a date and time for a meet and confer regarding Deloitte's responses and objections, and stating that I would file a motion to enforce the Subpoena if she did not respond.

8.   A true and correct copy of Ms. Beyer's response to the June 13, 2006 letter is attached as Exhibit G hereto.

9.   On June 20, 2006, counsel for Lead Plaintiffs and Ms. Beyer met and conferred by telephone. During that meeting, Deloitte primarily objected to the timing of its production, noting that because Fannie Mae's restatement process was ongoing, Deloitte was unable to produce the requested restatement work papers as it was still creating and utilizing these documents. A follow-up meet and confer was held on July 17, 2006 at which time Lead Plaintiffs agreed to table Deloitte's production of its work papers until after Fannie Mae's restatement was complete.

10.   On December 7, 2006, I left a voicemail message for Ms. Beyer asking to discuss Deloitte's production of its restatement work papers. Ms. Beyer did not respond to this voicemail message.

11. A true and correct copy of my December 8, 2006 letter to Ms. Beyer requesting that Deloitte produce its restatement work papers just after the New Year is attached hereto as Exhibit H hereto.

12. On December 8, 2006, I had a telephone conversation with Ms. Beyer during which she notified me that Deloitte was still unable to commit to a date for production of its work papers, and had retained outside counsel (whom Ms. Beyer did not identify to me) who would be in touch with me "shortly."

13. On December 19, 2006, I wrote to Ms. Beyer and notified her that, because I had not heard from either her or Deloitte's outside counsel regarding production of the restatement work papers, I intended to file a motion to compel compliance with the Subpoena. A true and correct copy of that letter is attached as Exhibit I hereto. On the afternoon of December 19, 2006, Ms. Beyer contacted Joseph Merschman, an associate at my firm, by telephone to inform him that she had not responded because the first outside counsel Deloitte retained was conflicted out. Ms. Beyer added that Deloitte had preliminarily retained a second firm, but did not identify either of the two firms to Mr. Merschman.

14. Attached as Exhibit J is a true and correct copy of the February 15, 2007 letter from Deloitte's counsel agreeing to produce a single unredacted copy of the Deloitte work paper index, with the index marked "Highly Confidential" and subject to the stipulation that it could not be reproduced or disclosed to any third parties, including experts and the Court.

3

15. I returned the Index to Ms. Wharton via overnight mail on March 6, 2007, with the work paper categories that Lead Plaintiffs were not requesting be produced clearly marked. On or about March 6, 2007, Ms. Wharton indicated to me that Deloitte would simply produce the entire set of work papers rather than carve out certain sections.

16. On March 14, 2007, I, along with Ms. Richmond and Autumn Smith, associates at my firm, discussed the status of the upload of Deloitte's production onto the Xerox system with Ms. Wharton. Ms. Wharton indicated "technological" issues were delaying the production – namely that the current format of the work papers did not allow them to be printed or produced in a format with Bates numbers. Deloitte stated it was awaiting a price quote from a vendor to convert the work papers into a format that would allow the work papers to be produced in a ".tiff" format and expected that once

17. Attached as Exhibit K is a true and correct copy of the April 3, 2007 letter to Deloitte's counsel requesting the status of Deloitte's production.

18. Attached as Exhibit L is a true and correct copy of the April 9, 2007 letter to Deloitte's counsel regarding the status of Deloitte's production.

19. Attached as Exhibit M is a true and correct copy of the April 18, 2007 letter to Deloitte's counsel confirming their agreement with regard to payment for the production of the Deloitte workpapers, access to Deloitte work papers by current Fannie Mae employees, and reiterating Deloitte's agreement that it would begin to upload work papers within two weeks and that it anticipated that the entire production would take between four and six weeks to produce.

20. Attached as Exhibit N is a true and correct copy of the May 23, 2007 letter to Deloitte's counsel.

21. On May 25, 2007, Deloitte produced 948 documents, totaling less than 20,000 pages.

Signed under the pains and penalties of perjury this 29th day of May, 2007.

                                                s/Jeffrey C. Block
                                                Jeffrey C. Block