UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In Re Fannie Mae Securities Litigation | ) ) ) | Consolidated Civil Action No. 1:04-cv-1639 (RJL) |
| Franklin Managed Trust, *et al.*, Plaintiffs, v. Federal National Mortgage Association, *et al.*, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:06-cv-00139 (RJL) |

**THE FRANKLIN PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S DISMISSAL OF THEIR SECTION 18 CLAIM AS AGAINST DEFENDANTS FANNIE MAE, FRANKLIN RAINES, TIMOTHY HOWARD, AND LEANNE SPENCER**

Plaintiffs in *Franklin Managed Trust, et al. v. Federal National Mortgage Association, et al.*, hereby move the Court for reconsideration of the Court's dismissal of their Section 18 claim as against defendants Fannie Mae, Franklin Raines, Timothy Howard, and Leanne Spencer. The grounds for this motion are set forth in the accompanying memorandum of law.

Dated: August 14, 2007

/s/ Stuart M. Grant
Stuart M. Grant (D.C. Bar # 450895)
Megan D. McIntyre
Christine M. Mackintosh
GRANT & EISENHOFER P.A.
Chase Manhattan Centre
1201 N. Market St.
Wilmington, DE 19801
(302) 622-7000
(302) 622-7100 (facsimile)
*Attorneys for the Franklin Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Fannie Mae Securities Litigation ) | Consolidated Civil Action<br>No. 1:04-cv-1639 (RJL) |
| )<br>)<br>Franklin Managed Trust, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Federal National Mortgage Association, *et al.*, )<br>)<br>Defendants. )<br>) | No. 1:06-cv-00139 (RJL) |

**MEMORANDUM OF LAW IN SUPPORT OF THE FRANKLIN
PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE
COURT'S DISMISSAL OF THEIR SECTION 18 CLAIM AS
<u>AGAINST DEFENDANTS FANNIE MAE, RAINES, HOWARD, AND SPENCER</u>**

Pursuant to Rules 54(b) of the Federal Rules of Civil Procedure, the plaintiffs in *Franklin Managed Trust, et al. v. Federal National Mortgage Association, et al.* (the "Franklin Plaintiffs") respectfully request that this Court reconsider and revise that portion of its Order dated July 31, 2007 [#481] that dismisses the Franklin Plaintiffs' claim against defendants Fannie Mae, Franklin Raines, Timothy Howard and Leanne Spencer for violation of Section 18 of the Securities Exchange Act of 1934 (the "Exchange Act").[1] In particular, Plaintiffs believe that this Court may not have had an opportunity to consider a significant recent decision from the Court of Appeals for the Second Circuit which was published only three business days before this Court's opinion was issued. The Franklin Plaintiffs submitted that opinion to this Court as promptly as practicable – within two business days after its release – but this Court's opinion

---

[1] The Court's Order also dismisses the Franklin Plaintiffs' Section 18 claim against certain members of Fannie Mae's board of directors (the "Director Defendants"). Because the ruling as to which the Franklin Plaintiffs seek reconsideration would not alter the Court's ruling as to the Director Defendants, the Franklin Plaintiffs do not seek reconsideration of the dismissal of their Section 18 claim against the Director Defendants.

was issued the following day and does not make reference to the Second Circuit's opinion. Given the timing of events, Plaintiffs believe that this Court may not have had the chance to consider the impact of the Second Circuit's opinion, and Plaintiffs therefore respectfully request reconsideration.

## BACKGROUND

In September 2004, a securities class action (the "Class Action") was filed in this Court on behalf of purchasers of Fannie Mae securities, asserting, *inter alia*, claims against defendants Fannie Mae, Raines, Howard, and Spencer pursuant to Section 10(b) of the Exchange Act. The Franklin Plaintiffs were members of the putative class in the Class Action.

On January 25, 2006, the Franklin Plaintiffs opted to file individual actions to recover for their extensive losses on Fannie Mae securities, in lieu of remaining as passive class members. In addition to claims similar to those raised in the Class Action, the Franklin Plaintiffs asserted unique claims, including a claim pursuant to Section 18 of the Exchange Act against, among others, Fannie Mae, Raines, Howard, and Spencer.

Defendants moved to dismiss Plaintiffs' Section 18 claim on the ground that it was barred under a one-year statute of limitations. Further, Defendants asserted that Plaintiffs had lost the tolling of the statute of limitations on this claim afforded pursuant to *American Pipe & Construction Co. v. Utah,* 414 U.S. 538 (1974) by opting out of the Class Action prior to the Court's ruling on class certification. In response, Plaintiffs disputed the applicability of a one-year statute of limitations, but argued that even if a one-year statute applied, their decision to opt out of the Class Action prior to class certification should not deprive them of *American Pipe* tolling.

On July 26, 2007, the United States Court of Appeals for the Second Circuit reversed a recent trend of authority in the district courts within the Second Circuit and held that the filing of a class action tolls the statute of limitations as to <u>all</u> members of a putative class, including those who opt out and file individual complaints prior to a decision on class certification. *See In re WorldCom Sec. Litig.,* No. 05-0679-cv, 2007 WL 2127874 (2d Cir. July 26, 2007). Plaintiffs learned of this decision on July 30, 2007 – two business days after its release – and promptly filed a Notice of Supplemental Authority with this Court that evening [#480].

In the early afternoon on the day following Plaintiffs' filing of their Notice of Supplemental Authority, this Court issued its Memorandum Opinion granting the defendants' motions to dismiss Plaintiffs' Section 18 claim on statute of limitations grounds. The Court found that the claim was subject to a one-year statute of limitations, and that the statute of limitations had not been tolled by the filing of the Class Action "because *American Pipe* tolling cannot be asserted by plaintiffs who elected to file their suits before a ruling on class certification …" Mem. Op. at 12 n.7. The Court's opinion did not mention the Second Circuit's decision in *WorldCom*, and in fact referred to *In re Enron Corp. Securities, Derivative & ERISA Litigation,* 465 F. Supp. 2d 687 (S.D. Tex. 2006) as the "most recent district court to consider the issue." *See id.* The Franklin Plaintiffs therefore believe that the Court may not have considered the Second Circuit's *WorldCom* decision when dismissing the Franklin Plaintiffs' Section 18 claim as untimely.

**ARGUMENT**

I. **STANDARDS APPLICABLE TO THE FRANKLIN PLAINTIFFS' MOTION FOR RECONSIDERATION**

"Federal Rule of Civil Procedure 54(b) governs reconsideration of orders that do not constitute final judgments in a case." [2] *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005); *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005). Pursuant to Rule 54(b), an interlocutory order "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed.R.Civ.P. 54(b). "Motions to reconsider interlocutory orders are within the discretion of the trial court," and may be awarded "as justice requires." *Citibank (South Dakota) N.A. v. Fed. Deposit Ins. Corp.,* 857 F. Supp. 976, 981 (D.D.C. 1994); *see also Cobell*, 355 F. Supp. 2d at 539.[3] The circumstances in which justice may require reconsideration of an interlocutory order include, among other things, "where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court." *Judicial Watch v. Dep't of the Army*, 466 F. Supp. 2d 112, 123 (D.D.C. 2006) (citation and quotation marks omitted; alteration in original); *Singh*, 383 F. Supp. 2d at 101 (same).

II. **RECONSIDERATION OF THE DISMISSAL OF THE FRANKLIN PLAINTIFFS' SECTION 18 CLAIM AGAINST DEFENDANTS FANNIE MAE, RAINES, HOWARD AND SPENCER IS APPROPRIATE**

The Second Circuit's July 26, 2007 opinion in *WorldCom* overturned a district court opinion upon which the defendants relied in asserting that the Franklin Plaintiffs had lost the

---

[2] The order dismissing the Franklin Plaintiffs' Section 18 claim is an interlocutory order because it "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." Fed.R.Civ.P. 54(b).

[3] Courts have "more flexibility" in deciding motions for reconsideration of interlocutory orders than final judgments. *Moore v. Hartman*, 332 F. Supp. 2d 252, 256 (D.D.C. 2004); *Cobell*, 355 F. Supp. 2d at 539. *See also M.K. v. Tenet*, 196 F. Supp. 2d 8, 12 (D.D.C. 2001). Final judgments are subject to reconsideration only when there is an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citation omitted). Reconsideration of interlocutory orders is not so limited.

benefit of *American Pipe* tolling by opting out of the Class Action prior to a ruling on class certification. *See In re WorldCom Sec. Litig.,* 308 F. Supp. 2d 214 (S.D.N.Y. 2004), *rev'd*, 2007 WL 2127874 (2d Cir. July 26, 2007). The Second Circuit's opinion contains an extensive and thoughtful analysis of that issue and of the applicable Supreme Court precedent and its underlying rationale, and comes to the conclusion that *American Pipe* tolling applies to opt-out plaintiffs who file individual actions before class certification. 2007 WL 2127874, at **7-10.

Although not binding on this Court, the Second Circuit's decision in *WorldCom* represents an intervening change in applicable law from the time the parties briefed and argued the motions to dismiss. This decision changes the legal landscape that existed at the time the Court reviewed and heard argument on Defendants' motions to dismiss, and the Franklin Plaintiffs respectfully submit that consideration of that opinion should change the Court's analysis and conclusion on the applicability of *American Pipe* tolling in this case. Accordingly, the Court should exercise its discretion in the interests of justice and grant the Franklin Plaintiffs' motion for reconsideration, so the Court can consider this recent authority. *See Broudy v. Mather*, 335 F. Supp. 2d 1, 4-5 (D.D.C. 2004) (granting motion for reconsideration in light of opinion issued by a sister court three days prior to the decision to be reconsidered).

### III. UPON RECONSIDERATION, THE COURT SHOULD DENY THE MOTIONS TO DISMISS BY DEFENDANTS FANNIE MAE, RAINES, HOWARD AND SPENCER WITH RESPECT TO PLAINTIFFS' SECTION 18 CLAIM

Plaintiffs' July 30, 2007 Notice of Supplemental Authority [#480] explains why the recent *WorldCom* opinion supports the conclusion that the Franklin Plaintiffs' Section 18 claim against Fannie Mae, Raines, Howard and Spencer was timely filed. For the Court's convenience, and because the Franklin Plaintiffs do not believe the Court had an opportunity to consider their prior submission, that argument is summarized below.

In *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), the Supreme Court held that the commencement of a class action "tolls" the running of the statute of limitations for all class members who make timely motions to intervene. The Supreme Court later extended that holding to cover class members who opted out of a class action and brought individual actions after a denial of class certification. *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345 (1985). Neither the Supreme Court nor the Court of Appeals for the District of Columbia has ever addressed the question of whether *American Pipe* tolling applies to class members who opt out *before* a decision on class certification.[4]

In *WorldCom*, the Second Circuit reversed the district court's denial of *American Pipe* tolling to plaintiffs who filed individual actions prior to the district court's ruling on class certification. The Court of Appeals stated:

> As we understand the rule of *American Pipe*, it provides that the filing of a class action tolls the statute of limitations for all members of the asserted class, regardless of whether they file an individual action before resolution of the question whether the purported class will be certified.

*WorldCom*, 2007 WL 2127874, at *1.

In reaching its decision, the Second Circuit reviewed the rationale underlying the rule announced in *American Pipe*, and held that it would be inconsistent with that rationale to deny tolling to plaintiffs who file suit prior to a class certification decision:

> The theoretical basis on which *American Pipe* rests is the notion that class members are treated as parties to the class action "until and unless they received notice thereof and chose not to continue."

---

[4] In its opinion, this Court cited *Wachovia Bank & Trust Co., N.A. v. Nat'l Student Mktg. Corp.*, 650 F.2d 342 (D.C. Cir. 1980) for the proposition that the D.C. Circuit has ruled on this issue. However, the *Wachovia Bank* case was decided five years before *Crown, Cork & Seal*, at a time when *American Pipe* tolling was limited to plaintiffs who sought to intervene in a class action. The basis for the D.C. Circuit's denial of tolling in that case was that *American Pipe* permitted tolling "for all purported members of the class who make timely motions to intervene …" and that "no intervention was ever attempted" by the plaintiff. That decision has been superseded by the Supreme Court's holding in *Crown, Cork & Seal* that tolling is not limited to intervenors.

6

> *American Pipe*, 414 U.S. at 551. Because members of the asserted class are treated for limitations purposes as having instituted their own actions, at least so long as they continue to be members of the class, the limitations period does not run against them during that time. Once they cease to be members of the class – for instance, when they opt out or when the certification decision excludes them – the limitation period begins to run again on their claims.
>
> Nothing in the Supreme Court decisions . . . suggests that the rule should be otherwise for a plaintiff who files an individual action before certification is resolved. To the contrary, the Supreme Court has repeatedly stated that "'the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.'" *Crown*, 462 U.S. at 353-54 (quoting *American Pipe*, 414 U.S. at 554). We see no reason not to take this statement at face value.

*WorldCom*, 2007 WL 2127874, at *9.

The Second Circuit also rejected a "public policy" argument similar to that made by Fannie Mae in this case – *i.e.*, that denying *American Pipe* tolling to plaintiffs who opt out prior to class certification will reduce the number of individual suits filed. As the Court explained:

> While reduction in the number of suits may be an incidental benefit of the *American Pipe* doctrine, it was not the purpose of *American Pipe* either to reduce the number of suits filed, or to force individual plaintiffs to make an early decision whether to proceed by individual suit or rely on a class representative. Nor was the purpose of *American Pipe* to protect the desire of a defendant "not to defend against multiple actions in multiple forums." *Crown*, 462 U.S. at 353. The *American Pipe* tolling doctrine was created to protect class members from being *forced* to file individual suits in order to preserve their claims. It was not meant to induce class members to forgo their right to sue individually.

*WorldCom*, 2007 WL 2127874, at *10 (emphasis in original).

The Frankin Plaintiffs respectfully submit that the Second Circuit was correct in applying *American Pipe* tolling to plaintiffs who opted out prior to a class certification decision, and that

7

for the reasons set forth in that opinion, the motions by Fannie Mae, Howard and Spencer to dismiss the Franklin Plaintiffs' Section 18 claim should be denied.[5]

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the Court (a) reconsider its dismissal of the Franklin Plaintiffs' Section 18 claim against defendants Fannie Mae, Raines, Howard, and Spencer, and (b) revise its Order dated July 31, 2007, so as to deny those defendants' motions to dismiss the Franklin Plaintiffs' Section 18 claim.

Dated:  August 14, 2007

*/s/ Stuart M. Grant*
Stuart M. Grant (D.C. Bar # 450895)
Megan D. McIntyre
Christine M. Mackintosh
GRANT & EISENHOFER P.A.
Chase Manhattan Centre
1201 N. Market St.
Wilmington, DE 19801
(302) 622-7000
(302) 622-7100 (facsimile)
*Attorneys for the Franklin Plaintiffs*

---

[5] The Second Circuit's decision in *WorldCom* has no impact on the motions to dismiss by the Director Defendants. Because those defendants were not named in the Class Action, the Franklin Plaintiffs do not contend that *American Pipe* tolling applies to the Section 18 claim against them.

8