UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In Re Fannie Mae Securities Litigation** | **Consolidated Civil Action** <br> **No. 1:04-cv-1639 (RJL)** |
| **Evergreen Equity Trust,** *et al.,* **v. Federal National Mortgage Association,** *et al.* | **Case No. 1:06-cv-00082 (RJL)** |
| **and** | |
| **Franklin Managed Trust,** *et al.* **v. Federal National Mortgage Association,** *et al.* | **Case No. 1:06-cv-00139 (RJL)** |

**RADIAN GUARANTY INC.'S MEMORANDUM IN
OPPOSITION TO THE EVERGREEN PLAINTIFFS'
MOTION FOR ENTRY OF A FINAL JUDGMENT UNDER
RULE 54(b)**

This Court should deny the Evergreen plaintiffs' request for entry of a Rule 54(b) judgment dismissing their state law claims as preempted by SLUSA. This request invites exactly the sort of piecemeal appellate litigation the final judgment rule is meant to avoid.[1]

The bedrock rule of appellate jurisdiction is that "a party is entitled to a single appeal, to be deferred until final disposition of the case." *Franklin v. District of Columbia,* 163 F.3d 625, 629 (D.C. Cir. 1998). Rule 54(b) provides an extremely narrow -- and highly disfavored -- exception to that rule. It permits entry of a final judgment before all claims against

---

[1] This memorandum addresses only the Evergreen plaintiffs' request for entry of a judgment under Rule 54(b). We do not discuss the aspect of the Evergreen plaintiffs' motion that seeks reconsideration of the dismissal of their Section 18 claims against defendants Fannie Mae, Raines, Howard and Spencer.

all parties have been resolved "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). But "[b]ecause Rule 54(b) certification runs contrary to the historic federal policy against piecemeal appeals, such a determination shall only be made in unusual circumstances." *2315 Champlain Street, N.W., Tenant Ass'n v. O'Brien,* 2003 U.S. Dist. LEXIS 27340, *14 (D.D.C. Apr. 17, 2003) (internal quotation marks omitted). There is nothing "unusual" here that could justify entry of such a judgment.

First, only the Evergreen plaintiffs -- not the Franklin plaintiffs -- seek immediate appeal, leaving a potential appeal by the Franklin plaintiffs waiting in the wings. A Rule 54(b) judgment plainly is inappropriate "[w]ith the threat of such a piecemeal appeal looming." *Building Indus. Ass'n of Superior California v. Norton,* 247 F.3d 1241, 1243 (D.C. Cir. 2001); *see also* 10 James Wm. Moore et al., Moore's Federal Practice ¶ 54.21[4] (3d ed. 2007) ("If the district court certifies the order for appeal despite the likelihood that the certification will lead to multiple appeals raising the same issues, the court of appeals may reject the certification as an abuse of discretion and refuse to accept jurisdiction over the appeal.").

Second, as the Evergreen plaintiffs themselves admit, the Court's July 31, 2007 Order leaves the various defendants in markedly different postures: certain defendants remain in both the class action and the Evergreen plaintiffs' opt out action; other defendants (including Fannie Mae) remain in the class action but have been dismissed from the opt out action; and yet other defendants (including Radian) have been dismissed from the litigation altogether. A Rule 54(b) judgment on the SLUSA issue would entail considerable unfairness to the defendants still litigating in this Court. Forcing them to participate in the appeal would be burdensome and unworkable. Indeed, "[i]t will be a rare case where Rule 54(b) can appropriately be applied

when the contestants on appeal remain, simultaneously, contestants below." *Spiegel v. Trustees of Tufts College,* 843 F.2d 38, 44 (1st Cir. 1988). On the other hand, if the remaining defendants did not participate and the Evergreen plaintiffs *prevailed* in the appeal, those defendants either would be stuck with a ruling they did not litigate or would be entitled to relitigate the issue in appeals as of right when the case finally is resolved. Neither option is palatable.

If the Evergreen plaintiffs truly desire a final judgment, they can obtain one quite easily by voluntarily dismissing all remaining defendants and claims in this Court. *See, e.g., Young v. 1st American Fin. Servs.,* 191 F.R.D. 1, 3 (D.D.C. 1999) ("If the desire for an immediate appeal is strong enough, the party may go to extraordinary lengths to obtain it, including dismissal of the unadjudicated claims or parties.") (quoting 10 Moore's Federal Practice ¶ 54.25[3]). Yet instead of taking this step the Evergreen plaintiffs *seek to add certain dismissed defendants back into the case* by asking this Court to reconsider its Order as to them, a request that simply heightens the inappropriateness of an immediate appeal now.

In short, for most of the parties this litigation is incomplete, in flux, and unresolved. An immediate appeal of this Court's SLUSA ruling would be a distracting waste of resources. The only sensible course is for the Evergreen plaintiffs to do what most every unsuccessful litigant is required to do: defer the single appeal to which they are entitled until final disposition of the case.

For these reasons, Radian Guaranty Inc. respectfully urges that the Court deny the Evergreen plaintiffs' request for the entry under Rule 54(b) of a final judgment dismissing their state law claims as preempted by SLUSA.

Dated:                                                             Respectfully submitted,

                                                                   RADIAN GUARANTY INC.
                                                                   By Counsel

                                                                   SCHNADER HARRISON SEGAL & LEWIS LLP


                                                                   By:  /s/ Jonathan M. Stern
                                                                          Jonathan M. Stern (DC Bar No. 412689)
                                                                          Suite 300
                                                                          2001 Pennsylvania Avenue, NW
                                                                          Washington, DC 20006-1825
                                                                          Telephone:  (202) 419-4200

Of Counsel:

David Smith
Stephen A. Fogdall
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA  19103-7286
Telephone:  (215) 751-2000