UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Fannie Mae Securities Litigation ) | Consolidated Civil Action No. 1:04-cv-1639 (RJL) |
| ) | |
| Evergreen Equity Trust, *et al.*, ) | |
| Plaintiffs, ) | No. 1:06-cv-00082 (RJL) |
| v. ) | |
| Federal National Mortgage Association, *et al.*, ) | |
| Defendants. ) | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF THE EVERGREEN PLAINTIFFS' MOTION FOR ENTRY OF A FINAL JUDGMENT UNDER RULE 54(b) ON THE DISMISSAL OF THEIR STATE LAW CLAIMS**

The Evergreen Plaintiffs have moved for entry of a final judgment on the dismissal of their state law claims to permit an immediate appeal of one narrow legal issue—the Court's finding that these claims were barred by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). In the event that their motion for reconsideration of the dismissal of their Section 18 claim is denied, the Evergreen Plaintiffs likewise seek entry of final judgment on that claim to permit an immediate appeal as to the applicability of the Sarbanes-Oxley Act's limitations period to that claim, and the availability of *American Pipe* tolling to plaintiffs who file individual actions prior to a decision on class certification. This is the Evergreen Plaintiffs' reply brief in support of that motion.[1]

---

[1] With respect to their motion for reconsideration of the dismissal of their Section 18 claim, the Evergreen Plaintiffs hereby adopt and incorporate herein by reference the arguments set forth in the reply brief filed by the Franklin Plaintiffs in support of their similar motion.

## ARGUMENT

As set forth in their opening brief, the Evergreen Plaintiffs are entitled to entry of final judgment under Rule 54(b) on their state law and Section 18 claims because (1) the Court's ruling disposes of those claims in their entirety and is therefore "final" with respect to those claims, and (2) there is no just reason to delay an appeal. In response, no defendant even attempts to challenge that the Court's ruling on these claims was "final" within the meaning of Rule 54(b).[2] Rather, Fannie Mae, the Director Defendants and Radian Guaranty Inc. ("Radian") (collectively, "Defendants") advance three arguments that purportedly demonstrate "just reason" for delaying an appeal.

First, Defendants contend that entry of final judgment would encourage piecemeal appeals. Second, Radian altruistically contends that an immediate appeal would create a "burdensome and unworkable" appellate framework due to the defendants' "markedly different positions," such that defendants *other than Radian* would somehow be disadvantaged. Those other defendants, meanwhile, do not express any such concern. Third, Radian (again, not joined by the other Defendants) suggests that entry of final judgment is not warranted because the Evergreen Plaintiffs could secure the relief they seek—*i.e.,* an immediate appeal of the dismissal

---

[2]   The fact that the Franklin Plaintiffs refer to the ruling as an "interlocutory order" in their motion is of no moment. The ruling is, indeed, interlocutory because it does not dispose of all of the claims in the case. That is precisely why an appeal cannot be taken absent modification of the order to include a Rule 54(b) certification; Rule 54(b) is the mechanism by which an interlocutory order that disposes of fewer than all of the claims in a case can be converted into a final judgment on those claims. *See Haynesworth v. Miller*, 820 F.2d 1245, 1253 (D.C. Cir. 1987) ("without the steps called for by [Rule 54(b)] an order remains interlocutory even if it fully disposes of a discrete portion of the litigation"); *Larue v. United States*, No. 06-61 (CKK), 2007 WL 2071672, at *1 (D.D.C. July 13, 2007) ("without express direction for the entry of judgment on particular claims under [Rule] 54(b), court action which terminates fewer than all claims in a case is considered an interlocutory … decision")

of their state law and Section 18 claims—by <u>voluntarily dismissing their entire action</u>. Each of these arguments is meritless.

### A.  A Rule 54(b) Certification Would Not Create A Threat Of Piecemeal Appeals

Defendants assert that a threat of duplicative appeals is looming because the Franklin Plaintiffs—who filed a separate action—have not sought a Rule 54(b) certification and therefore might, at a later stage of their litigation, seek appellate review of the same rulings that are the subject of the Rule 54(b) judgment in the Evergreen Plaintiffs' case. However, Defendants cite no authority for the proposition that the Evergreen Plaintiffs' entitlement to final judgment can or should be adversely affected by the fact that an unrelated party, in a separate action, has elected to pursue a different litigation strategy than the Evergreen Plaintiffs.[3]

Moreover, the "danger" of duplicative appeals in the Evergreen Plaintiffs' action and the Franklin Plaintiffs' action is illusory. The Evergreen Plaintiffs only seek appellate review of certain narrow legal issues – *i.e.*, whether SLUSA bars state law claims in individual cases merely by virtue of their consolidation with a class action; whether the Sarbanes-Oxley Act's statute of limitations applies to Section 18 claims; and whether *American Pipe* tolling applies to class members who opt out prior to a decision on class certification. As a practical matter, an appellate ruling adverse to the Evergreen Plaintiffs on these issues would render a later appeal on the same issues by the Franklin Plaintiffs extremely unlikely.

Nor have Defendants identified any legitimate concern about duplicative or piecemeal appeals within the context of the Evergreen action itself. As the Supreme Court has noted, consideration of whether a Rule 54(b) judgment would present a risk of piecemeal appeals

---

[3]  The Franklin Plaintiffs' and the Evergreen Plaintiffs' decisions regarding whether to seek Rule 54(b) certification were made independently of each other, and the undersigned counsel assures the Court that those decisions were not borne of any intent to pursue piecemeal appeals.

should include consideration of "judicial administrative interests as well as the equities involved," including "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980). Here, the issues the Evergreen Plaintiffs seek to have heard in the Court of Appeals are discrete legal issues regarding SLUSA and statutes of limitations that are inapplicable to, and thus entirely separable from, the claims that remain for adjudication. Once resolved by the Court of Appeals, these issues would never need to be addressed again in this case. Under these circumstances, there is no just reason to delay Rule 54(b) certification.[4] Indeed, entering a final judgment on the Evergreen Plaintiffs' state law and Section 18 claims will promote, rather than detract from, judicial economy because it will enable these discrete legal issues to be resolved now, so that – if the Court of Appeals reverses this Court's ruling – the Evergreen Plaintiffs' Section 18 and state law claims can re-enter the case while discovery is still ongoing, and can be tried along with the claims that survived the motions to dismiss. Given the complexity of these cases, the likely duration of the trial, and the substantial overlap between the state law and Section 18 claims and the claims that remain in the case, it would be inefficient to require the parties to try the case twice, when that result can easily be avoided via a Rule 54(b) certification.

---

[4] *See Fox v. Baltimore City Police Dep't*, 201 F.3d 526, 531 (4th Cir. 2000) (affirming Rule 54(b) certification where appeal involved a "pure question of law" and court could "foresee nothing that could emerge from further proceedings that would either alter [the appellate court's] analysis of this question or render it moot"); *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1097 (2d Cir. 1992) (Rule 54(b) judgment was appropriate where "the district court need not address any issue, in the course of deciding the remaining claims, which could moot or force [the appellate court] to duplicate [its] decisionmaking").

4

Finally, Defendants attempt to invoke the specter of piecemeal appeals by suggesting that if Rule 54(b) judgment were entered and an immediate appeal were taken, they would be entitled "to argue not only the merits of the Court's Dismissal Order, but also any other ground in support of dismissal including, for example, the failure to plead scienter to support the common law fraud claim or the failure to allege actual reliance sufficient to support a Section 18 claim, issues that the D.C. Circuit would also likely be asked to decide in any appeal of the remaining issues in the Evergreen case …" *See* Fannie Mae and Director Defendants' Opp'n at 5. This argument is a red herring, because these purported "other" grounds for dismissal – to the extent they were even raised in Defendants' motions to dismiss – were not addressed in this Court's order of dismissal.[5] "It is the general rule, of course, that a federal appellate court <u>does not consider an issue not passed upon below</u>." *Singleton v. Wulff,* 428 U.S. 106, 120 (1976) (emphasis added). *See also Crane v. New York Zoological Soc'y*, 894 F.2d 454, 458 (D.C. Cir. 1990) (reversing district court's order of dismissal and declining to consider alternative grounds for dismissal that were presented to, but not decided by, the district court). Because this Court's ruling on the Section 18 and state law claims was limited to statute of limitations and SLUSA issues, there is no reason to expect that the Court of Appeals would delve into other, unresolved aspects of Defendants' motions. Moreover, Defendants can easily avoid the threat of piecemeal

---

[5] Defendants Fannie Mae, Raines, Howard, and Spencer did not move to dismiss the Evergreen Plaintiffs' Section 18 claim for failure to allege reliance, or on any basis other than the statute of limitations, and they did not move to dismiss the Evergreen Plaintiffs' negligent misrepresentation claims on any basis other than SLUSA preemption. Aside from SLUSA, these Defendants' only asserted basis for dismissal of the Evergreen Plaintiffs' common law fraud claims was Howard's contention (in a footnote) that scienter had been inadequately pleaded, and the contention that the requirements for asserting a claim under Massachusetts General Law Chapter 93A were not met. Because this Court dismissed the state law claims as barred by SLUSA, it did not reach these issues.

appeals by refraining from raising issues in the Court of Appeals that exceed the scope of the rulings below.[6]

### B. There Is No Threat Of Prejudice Due To Defendants' Purported "Markedly Different" Positions

Radian argues that the Court's ruling on Defendants' motions to dismiss the Evergreen and Franklin actions has somehow left "the various defendants in markedly different positions," creating a "burdensome and unworkable" situation for defendants who have not been dismissed. Radian Opp'n at 2-3. Radian's standing to make such an argument is unclear, as Radian itself is no longer a defendant in any cases pending before this Court, and it does not purport to be prejudiced by the prospect of an immediate appeal. Indeed, a prompt determination of whether Radian is "in" or "out" of this litigation would further judicial efficiency and would prevent Radian from being brought back in at a later date when discovery is likely to have closed and its chances of defending itself markedly diminished.

Unable to deny this irrefutable truth, Radian resorts to feigned concern over the fairness of an immediate appeal to those defendants who remain "in" the case. Those defendants are, of course, fully capable of protecting their own interests. Though each opposes the Evergreen Plaintiffs' motion on other grounds, not one of them contends—as Radian purports to do on their behalf—that an immediate appeal would be unfair to them because of their posture in the case.[7]

---

[6] If the Evergreen Plaintiffs are successful on their appeal, Defendants would remain free to press their "other" grounds for dismissal in this Court, to the extent those grounds were actually asserted in Defendants' motions to dismiss.

[7] To the extent Radian claims that there are "defendants (including Fannie Mae) [who] remain in the class action but have been dismissed from the opt out action" (Radian Opp'n at 2), it is mistaken. All defendants who were named in the opt-out cases either (a) remain as defendants in those cases as well as the class action, or (b) were never named in the class action and have been dismissed from the opt-out cases.

Rather, their objections are limited to the purported threat of piecemeal appeals which, as discussed above, is not a realistic concern.

### C. Plaintiffs' Ability To Secure An Immediate Appeal By Voluntarily Dismissing Their Entire Action Does Not Support Denial Of The Entry Of A Final Judgment

Further, Radian's suggestion that the Evergreen Plaintiffs are not entitled to the relief they seek because they could secure an immediate appeal by voluntarily dismissing their entire case borders on the frivolous. Indeed, such an approach would render Rule 54(b) entirely superfluous.

The case Radian cites in support of this contention, *Young v. 1st American Financial Services*, 191 F.R.D. 1 (D.D.C. 1999), is wholly inapposite. Nothing in *Young* suggests that a court is prevented from entering final judgment under Rule 54(b) because of the possibility that a plaintiff could secure an immediate appeal of the dismissal of one claim by agreeing to drop its remaining claims. The court in *Young* merely found that a grant of summary judgment in favor of certain defendants automatically became a final judgment when the plaintiff voluntarily dismissed the sole remaining defendant a year later, obviating the need for Rule 54(b) certification to appeal that ruling. *Id.* at 2-3. The Evergreen Plaintiffs are not required to drop their entire case—a large portion of which survived Defendants' motions to dismiss—in order to take an immediate appeal from the dismissal of only certain claims.

## **CONCLUSION**

For the reasons set forth herein and in their opening brief, the Evergreen Plaintiffs respectfully request that the Court revise its Order dated July 31, 2007 to (i) include a determination pursuant to Rule 54(b) that there is no just reason to delay the Evergreen Plaintiffs' appeal from the dismissal of their state law claims (and, in the event their motion for reconsideration is denied, the dismissal of their Section 18 claim) and (ii) direct the entry of a final judgment pursuant to Rule 54(b) on the Evergreen Plaintiffs' state law claims (and, in the event their motion for reconsideration is denied, their Section 18 claim).


Dated:  September 7, 2007

*/s/ Stuart M. Grant*
Stuart M. Grant (D.C. Bar # 450895)
Megan D. McIntyre
Christine M. Mackintosh
GRANT & EISENHOFER P.A.
Chase Manhattan Centre
1201 N. Market St.
Wilmington, DE 19801
(302) 622-7000
(302) 622-7100 (facsimile)

*Attorneys for the Evergreen Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on September 7, 2007, the attached Reply Memorandum In Further Support Of The Evergreen Plaintiffs' Motion For Entry Of A Final Judgment Under Rule 54(b) On The Dismissal Of Their State Law Claims was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to those counsel of record in this matter who are registered on the CM/ECF system, and that service was accomplished on the following counsel who are not registered on the CM/ECF system via regular U.S. Mail:

Fred F. Fielding
Barbara Van Gelder
WILEY REIN & FIELDING LLP
1776 K Street, N.W.
Washington, D.C. 20006
*Counsel for Defendants Frederic V. Malek and Anne Mulcahy and for Defendant Thomas Gerrity in the Evergreen Action*

Jonathan S. Liss
Dionna K. Litvin
David Smith
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, 36th Floor
Philadelphia, PA 19103
*Counsel for Radian Guaranty Inc.*

William K. Dodds
Neil A. Steiner
DECHERT LLP
30 Rockefeller Plaza
New York, NY 10112
*Counsel for Defendant Thomas Gerrity*

*/s/ Megan D. McIntyre*
Megan D. McIntyre