

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

December 13, 2007

**<u>VIA EMAIL IN PDF FORMAT</u>**

Alex G. Romain, Esq.
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005

Eric Delinsky, Esq.
Zuckerman Spaeder LLP
1800 M Street NW
Washington, DC 20036

Christopher F. Regan, Esq.
Mayer, Brown, Row & Maw LLP
1909 K Street NW
Washington, DC 20006

   Re: <u>In re Federal national Mortgage Association Securities, Derivative, and</u>
     <u>ERISA Litigation</u> (MDL No. 1668, Consolidated Case No. 1:04-cv-1639, United
     States District Court for the District of Columbia)

Dear Counsel:

  We write to apprise you of OFHEO's progress in producing documents in accordance
with Judge Leon's September 27, 2007 Stipulated Order, as amended by the Judge's ruling on
December 3, 2007.

  To date, OFHEO has produced a total of 26,365 documents to Defendants.  An additional
31,155 documents will be produced by tomorrow, bringing the total produced to 57,520.  With
the caveat expressed below, OFHEO expects to produce the additional 143,804 documents by the

December 21, 2007, interim deadline for the first 21 custodians. This collection of documents represents all the non-privileged, non-exempt documents yielded by the Defendants' search terms, based on the results of OFHEO's initial review of documents. OFHEO has provisionally determined that approximately 177,000 of the documents collected for the first 21 custodians are privileged under the attorney-client communication, attorney work product, and/or deliberative process privilege. Accordingly, OFHEO expects to supplement its production to the extent it determines, upon further review, that it will not assert privilege over certain documents.

Because of this high volume of privileged documents, OFHEO has added another 20 attorneys to assist in the preparation of privilege logs, bringing the number of attorneys who will be working full-time on this project to 50, in addition to support staff. Due to security requirements imposed by the Office of Personnel Management (OPM), the new attorneys are unable to begin work on OFHEO documents until a detailed 80+ page security form is completed, their fingerprints are checked by the FBI, and a background investigation is scheduled by OPM. This process has been taking from one and a half to two weeks to complete for each attorney on the project. The Director of OFHEO does not have the authority to waive or circumvent these requirements. Also, the need to train the new arrivals requires the time of a few of the experienced attorneys as well as the project lead.

Given the sheer volume of documents yielded by the Defendants' search terms and the resulting strain on OFHEO's resources, it is impossible to complete the document review and prepare all the privilege logs for the first 21 custodians by December 21, 2007. Based upon the rate at which the existing staff have been preparing log entries, it appears that those privilege logs could be completed by January 25, 2008, assuming conditions remain as they are at this time.

The search terms imposed by Defendants on the next 10 custodians have yielded an additional 130,000 documents, which OFHEO is reviewing under the terms of the Stipulated Order. Although the *initial* review should be completed and all non-privileged documents produced by the January 4, 2008 deadline, the privilege logs for those documents cannot be completed before February 29, 2008. OFHEO must factor several variables into the estimate of time that will be required to complete those logs.

OFHEO would also like to raise an additional point with regard to the final completion of actions contemplated by the Stipulated Order. Under Paragraph 10 of the Stipulated Order, Defendants reserved the right to identify an *additional* four OFHEO custodians by no later than January 31, 2008. Based on Defendants' practices to date, OFHEO expects that Defendants will exercise their right in this regard and request electronic documents for the additional custodians. It is impossible for OFHEO to estimate the volume of documents yielded by this additional search. Regardless of that volume, it is reasonable to estimate that OFHEO will require several months to recover, review, produce, and prepare privilege logs for any documents yielded from this additional search.

OFHEO is diligently proceeding with its review of the 500,000+ documents yielded through Defendants' 400+ search terms; however, as the agency has stated in prior correspondence and court filings, the deadlines adopted in the Stipulated Order were established based upon reasonable but incorrect assumptions as to the actual number of documents that would be recovered and would have to be reviewed.  Therefore, OFHEO intends to request appropriate forbearance from the Court for the challenging dates that were set for production of privilege logs and requests your concurrence.

OFHEO does not believe that adding additional resources would accelerate the process significantly at this point, due to the additional time and the diversion of management resources that would be necessary to bring additional attorneys on board, to obtain clearance for them to work on OFHEO documents, to find and configure appropriate space for them to work, and to purchase or lease and then configure the computers and software that will be necessary for them to contribute significantly to the effort.  To the contrary, attempting to do so would likely be counterproductive.

If you have any questions concerning this matter, please do not hesitate to contact me at (202) 514-7157.

Sincerely,


JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


By:     _/s/_____
        Kenneth Adebonojo
        Assistant United States Attorney