McGuireWoods LLP
Washington Square
1050 Connecticut Avenue N.W.
Suite 1200
Washington, DC 20036-5317
Phone: 202.857.1700
Fax: 202.857.1737
www.mcguirewoods.com

Charles Wm. McIntyre, Jr.
Direct: 202.857.1742

# McGUIREWOODS

cmcintyre@mcguirewoods.com

September 24, 2007

**BY HAND DELIVERY**

Scott B. Schreiber, Esq.
Arnold & Porter LLP
555 Twelfth Street, NW
Washington, DC 20004-1206

Re:  *In re: Fannie Mae Securities Litigation*
     Consolidated Action No. 1:04-cv-01639

Dear Mr. Schreiber:

This responds to your August 31, 2007 letter to me regarding your Objections to KPMG LLP's ("KPMG") subpoena *duces tecum* in the above-referenced matter.

I understand from your letter that the subpoenaed party, Deloitte & Touche USA LLP ("Deloitte US"), did not provide any professional services to Fannie Mae. You state that the subpoena is objectionable because it was not addressed to Deloitte & Touche LLP ("Deloitte"). Nonetheless, on page 8 of your letter, you state that no documents will be produced in response to the subpoena "except by Deloitte." We take this to mean that Deloitte does not intend to object on the grounds that it was not the subpoenaed party. Rather, Deloitte will treat itself as the subpoenaed party. If this is not correct, please let us know, and we will re-issue a subpoena to Deloitte.

As a threshold matter, while your letter includes 25 paragraphs of objections, you do not state whether you intend to withhold documents on the basis of each objection. Moreover, for each document request in the subpoena, you do not state whether you intend to withhold any documents on the basis of any of your objections. This fundamental information is necessary for KPMG and Deloitte to have meaningful discussions regarding your objections.

Additionally, as I stated in the August 17, 2007 cover letter to the subpoena, in light of the fact that some of our requests cover documents also covered by other subpoenas to which Deloitte has already responded, it would greatly facilitate our discussions regarding your objections if you would identify those of our requests for which you have already produced all responsive documents, as well as those requests to which your response is not yet complete.

Your objections to the requests as unduly burdensome and imposing an unwarranted burden on Deloitte because it is a non-party to this litigation are not well taken. Deloitte is not merely an uninvolved bystander to this litigation. In fact, Deloitte, although not a party, is very much at the heart of this litigation. Not only did Deloitte serve as the auditing firm that aided OFHEO's investigation regarding the alleged concerns involving Fannie Mae's accounting, but



EXHIBIT D

September 24, 2007
Page 2

Deloitte also then became Fannie Mae's independent auditor in January 2005, replacing KPMG completing Fannie Mae's Restatement. Given these facts, it should be no surprise to Deloitte that it has relevant documents to which KPMG is entitled and, consistent with the Federal Rules of Civil Procedure, Deloitte is required to produce.

KPMG understands your objection to producing audit workpapers for ongoing audits. However, most of the workpapers requested relate to the work Deloitte did on Fannie Mae's Restatement which was filed in December 2006. In addition, Fannie Mae's 10-K for 2006 was filed in August 2007 so the only workpapers for ongoing audits would be for 2007.

You object to producing any documents outside the putative class period. However, as you know, while the putative class period is 4/17/01-9/27/05, relevant documents exist outside this time period. For example, Deloitte's documents regarding its policies for the implementation of certain accounting principles, while created prior to 2001, are indisputably relevant to KPMG's auditing of Fannie Mae's financial statements beginning in 2001. Furthermore, because the Restatement was not filed until December 2006, many relevant documents regarding Deloitte's work on the Restatement were created after 2005. Because Fannie Mae alleges that the Restatement is correct and that the prior financial statements were negligently audited, any Deloitte document related to the Restatement should be relevant regardless of when it was created. Indeed, you have already acknowledged the relevance of documents from outside the putative class period by producing such documents in response to other subpoenas in this litigation.

With regard to your various privilege claims, we know of no rule allowing the recipient of a subpoena to resist production on the basis that production would be contrary to public policy. There is also no accountant-client privilege recognized under federal law. Further, there is no right to privacy or self-critical analysis privilege applicable to our requests. Therefore, I do not believe that the withholding of documents on such claims would be in good faith. You also object to production based on OFHEO's policy to preserve the agency's examination privilege. However, this privilege, to the extent it applies at all, is not Deloitte's to assert and, in any event, would only apply to the OFHEO report and OFHEO documents, not third party documents made available to OFHEO during the course of its examination.

Further, to the extent that any legally recognized privilege ever attached to the documents related to the work that you did for Fannie Mae and for OFHEO regarding Fannie Mae, disclosure of such materials to an independent third party would waive such privilege. The law in this Circuit is clear on this issue. Therefore, disclosure of otherwise privileged materials to OFHEO, the SEC or Paul Weiss amounts to a waiver. Further, to the extent that you shared responsive documents with independent third parties at Fannie Mae's Board or Audit Committee Meetings, you have waived any privilege.

Additionally, we have received a copy of your September 18, 2007 letter to Plaintiffs' counsel Melanie Corwin, enclosing what purports to be a privilege log. Under the Federal Rules of Civil Procedure, as well as the law of the D.C. Circuit, the privilege log falls far short of meeting your burden of providing information necessary to determine whether your privilege assertions are appropriate. Please provide a revised privilege log that accords with applicable law. *See* Federal Rule of Civil Procedure 45(d)(2).

September 24, 2007
Page 3

    Finally, you object to the extent the requests seek documents that constitute trade secrets, proprietary information or confidential commercial information. As you know, there is a protective order in this litigation governing the production of confidential and highly confidential information, which we have signed. Please produce documents containing such information in accordance with the protective order.

    As you may know, there are ongoing depositions in this litigation to which responsive documents may be relevant. Therefore, it is imperative that we receive all responsive documents as soon as possible. In order to facilitate that process, no later than September 26, 2007 please: (1) confirm that you are in the process of gathering responsive documents; and (2) provide the information requested in this letter.

    Please do not hesitate to contact me with any questions.

Sincerely,

Charles Wm. McIntyre