McGuireWoods LLP
Washington Square
1050 Connecticut Avenue N.W.
Suite 1200
Washington, DC 20036-5317
Phone: 202.857.1700
Fax: 202.857.1737
www.mcguirewoods.com

C. Simon Davidson
Direct: 202.857.1715



cdavidson@mcguirewoods.com

December 14, 2007

Via E-Mail and U.S. Mail
Scott B. Schreiber
Arnold & Porter LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

Re:   *In re Fannie Mae Securities Litigation*, No. 1:04-cv-1639 (D.D.C.)

Dear Scott:

Thank you for speaking with us on Wednesday regarding KPMG's subpoena. To ensure that we both have the same understanding going forward, this letter documents what we discussed. Please let me know if your understanding differs in any way.

**Background**

During a call on November 19, you requested that we identify a limited set of employees whose files Deloitte should search and from which Deloitte would produce all responsive documents. As we have stated many times, we believe that we are entitled to documents from the files *all* Deloitte employees who worked on the Restatement. However, to avoid delaying Deloitte's production any further, and in an effort, at least initially, to narrow the scope of Deloitte's production, in a November 30 letter to you, as requested we identified a preliminary list of thirty-five employees for which Deloitte should produce all responsive documents. We stated at the time that we would continue to review the documents that Deloitte has produced to date, and that we intended to supplement the preliminary list with additional names.

In that same letter, we stated that we would consider your proposal that, for the time being, Deloitte not search or produce draft workpapers relating to the 2004 audit from sources other than the files of specifically identified employees. However, we also stated that we could not agree to limit Deloitte's production in this manner on an ongoing basis without certain basic information regarding these sources of documents. To date you have not addressed this request. Please provide this information as soon as possible so that we may assess your proposal.

**Policies, Manuals, and Guidelines**

During Wednesday's call, you stated that Deloitte would produce the policies, manuals, and guidelines we specified in our November 6, 2007 letter. Given that we made this request more than five weeks ago, and that the relevant documents are presumably easily identified, we anticipate receiving these documents very soon.


EXHIBIT
K

Scott B. Schreiber
December 14, 2007
Page 2

### Documents from the Files of Specific Employees

Also during Wednesday's call, in response to our preliminary list of thirty-five employees from whose files we requested that Deloitte produce responsive documents, you provided a list of thirteen employees and said that Deloitte believes in good faith that, if Deloitte were to produce documents only from these employees, KPMG would "have the audit more than covered." You characterized the employees on the list as a "likely group of deponents." This list included the following thirteen employees:

Al Hazard
Taylor Limbert
Sean Manley
Katheleen O'Hare
Armando Pimentel
Darrow Becker
Brandon Coleman
Xihao Hu
Tim Kersey
Jonathan Kyriakakis
Scott Sauer
Will Bible
Sherif Sakr

You stated that the list is based on discussions with Deloitte accountants with the knowledge necessary to prepare such a list. You stated that Deloitte arrived at the list after eliminating two types of employees from the workstream that you had previously provided: (1) employees whose documents would be "redundant" to the documents of employees who are on the list of thirteen; and (2) employees who did not work on the audit "at a critical time."

You estimated that Deloitte's production of responsive documents from these thirteen employees would constitute several million additional pages of documents. You also stated that, if Deloitte were to produce responsive documents from all Deloitte employees who worked on the 2004 audit of the Restatement, you estimate that Deloitte's production would be between forty and fifty million pages of documents. You stated that these estimates were based on work done by forensic experts within Deloitte, who performed projections using the numbers of gigabytes of electronic files of the Deloitte employees who worked on the audit.

You asked that we discuss Deloitte's proposed list with KPMG. I told you that the initial list that we provided was already based on discussions with KPMG as well as searches of documents Deloitte has produced to date. In addition, I reiterated that our list was a *preliminary* list, and that we anticipated supplementing it in the future. Nonetheless, per your request, I agreed that we would discuss your proposal with KPMG. So that Deloitte's production would not be delayed any further in the meantime, I requested that Deloitte gather for production all responsive documents from the thirteen individuals on the list. You stated that Deloitte would do so.

Scott B. Schreiber
December 14, 2007
Page 3

Finally, yesterday morning we spoke to address a few follow-up issues. First, I asked that you confirm that Deloitte's proposed list of employees does not include Duncan Barks. You confirmed that it does not. You stated that the Deloitte team had determined that he was one of the employees whose documents KPMG would not need. I noted that Mr. Barks appeared to have a prominent role in the audit, given that he was the lead partner assigned to FAS 91, an accounting issue central to the audit and this litigation. I stated that we were therefore surprised by his absence from the list.

Second, I inquired about the fact that Deloitte's proposed list includes no specialists. I reiterated what I said yesterday: KPMG is interested in documents from many of the specialists, and we are concerned about their absence from the list. You stated that you would contact the Deloitte employees who were involved in preparing the list and, for each specialist, obtain the specific reasons that Deloitte omitted the specialist from the list. You said that you would provide that information to us once you obtained it.

Third, you asked that, for the employees on Deloitte's list, we identify specific areas in which KPMG is interested so that Deloitte may limit its search and production to documents relating to those areas. As stated in my November 30 letter, KPMG is willing to work with Deloitte to ensure that Deloitte's production is no more voluminous than necessary, while still preserving KPMG's ability to obtain the documents it needs for its defense. However, as stated in that letter, the vague descriptions on the workstream you provided do not allow KPMG to identify easily those areas in which KPMG is or is not interested. In that letter, I requested more specific descriptions of the areas on which employees worked. If Deloitte provides those descriptions, we would be happy to assess if there are any areas in which KPMG is not interested. In any event, my understanding again is that none of this will prevent Deloitte from gathering responsive documents in the meantime.

Please do not hesitate to contact me with any questions you may have.

Sincerely,

Simon Davidson