## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE FANNIE MAE SECURITIES LITIGATION | No. 1:04-cv-01639 (RJL) |
| FRANKLIN MANAGED TRUST *et al.*, <br><br> *Plaintiffs,* <br> v. <br><br> FEDERAL NATIONAL MORTGAGE ASSOCIATION *et al.*, <br><br> *Defendants.* | No. 1:06-cv-00139 (RJL) |

### DEFENDANT KPMG LLP'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT FANNIE MAE

Defendant KPMG LLP hereby requests, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26.2 and 30.4 of the Rules of the United States District Court for the District of Columbia, that Defendant Federal National Mortgage Association ("Fannie Mae") produce the following documents at the offices of Gibson, Dunn & Crutcher LLP, 1050 Connecticut Avenue, N.W., Washington, D.C. within thirty (30) days after service of this request.

### INSTRUCTIONS

1. This document request calls for the production of all original documents, all non-identical copies of such documents, and any preliminary drafts thereof that are within your possession, custody or control, or within the custody or control of any of your employees, agents, representatives, attorneys or other persons who have acted or are acting at your direction or on your behalf. A document is deemed to be within your control if you have access to the document



or the authority, right, or ability to obtain the document from the person or entity having possession or custody of the document. You must identify the department, branch, or office in possession of the document, and where applicable, the person in whose possession it was found. The author(s) of all hand-written notes should be identified.

2.       All documents shall be organized and labeled to correspond to the individual request to which they are responsive. You must designate any lettered subpart of any request— for example, Request No. 91(a)—to which a document is responsive. If any part of a document is responsive, the entire document must be produced.

3.       If your response to a document request is that the documents are not within your possession, custody or control, identify who has possession, custody or control of any responsive documents.

4.       If any document that would be responsive to a document request was at any time within your possession, custody or control, but is no longer in your possession, custody or control, describe the document and explain the reason it is not in your possession, custody or control.

5.       If you object to a portion or an aspect of a document request, state the grounds for your objection with specificity and respond to the remainder of the document request. If any documents, or portion thereof, are withheld because you claim that such information is protected under the attorney-client privilege, work product doctrine, or other privilege or doctrine, you are required to so state, specifying for each such document its title, subject matter, sender, author, each person to whom the original or copy was circulated, recipients of copies, the nature of the privilege being asserted, the basis upon which the privilege is claimed, and the document request to which the document or portion thereof is responsive.

6.    If you claim that a portion of a document is protected from disclosure for any reason, you shall produce such document with redaction on only the portion claimed to be protected. Any document produced in redacted form should clearly indicate as much on its face.

7.    If you object that a request is vague or ambiguous, you shall identify the objectionable aspect of the request, state your interpretation of the request and respond to that interpretation.

8.    If you believe that you have already produced a document or documents responsive to any of these document requests to the Xerox Litigation Services database, you must provide, in response to each document request, the precise Bates number(s) that correspond to the responsive document or documents.

9.    The following rules of construction apply to all document requests:

   a.    The terms "any," "all," "each" and "every" should be understood in either their most or least inclusive sense as necessary to bring within the scope of the document requests all responses that might otherwise be construed to be outside of their scope.

   b.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document requests all responses that might otherwise be construed outside of their scope.

   c.    The use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural.

   d.    The use of a verb in any tense, mood, or voice shall be construed as the use of the verb in all tenses, moods, or voices, as necessary to bring within the scope

3

of the document requests all responses that might otherwise be construed to be outside of their scope.

10.     These requests are continuing in nature.  Supplemental responses are required if additional responsive information is acquired or discovered after filing your responses hereto.

## DEFINITIONS

1.     The term "communication" shall have the broadest meaning possible and shall mean the transmittal of information, including oral, electronic, digital or written, by any means.

2.     The terms "concern" or "concerning" shall have the broadest meaning possible and shall mean directly or indirectly, in whole or in part, alluding to, responding to, with respect to, relating to, pertaining to, referring to, describing, mentioning, evidencing, reflecting or constituting, commenting on, consisting of, in connection with, or otherwise having a connection to the subject matter of the document request.

3.     "Department of Justice" means the United States Department of Justice and any of its divisions, departments, affiliates, officers, agents, or employees.

4.     The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" set forth in Rule 34 of the Federal Rules of Civil Procedure and they shall have the broadest meaning possible and shall mean any form of communication however produced, reproduced or recorded, including all originals, non-identical copies and drafts, including, without limitation:  correspondence, letters, electronic mail, enclosures, memoranda, notes or notations, work papers, intra-office communications, notes and minutes of telephone or other conversations, conferences or meetings, calendar or diary entries, notices, announcements, requisitions, resolutions, opinions, reports, studies, analyses, evaluations, agreements, ledgers, books or records of account, financial statements, logs, account memoranda, trial balances, spreadsheets, summaries, charts,

4

graphs, sound recordings, photographs, video recordings, records in electronic, mechanical,

magnetic, optical, or electric form, records or representations of any kind (including but not

limited to computer data, computer files, computer programs, hard drives, floppy disks, compact

disks, and magnetic tapes and cards, regardless of the medium in which such records are stored),

and things similar to any of the foregoing, whatever the form.

5.     The term "FASB" means the Financial Accounting Standards Board and any of its

divisions, departments, affiliates, officers, or employees.

6.     The terms "Fannie Mae," "you," and "your" mean Federal National Mortgage

Association and any of its predecessors, successors, parents, subsidiaries, divisions, departments,

or affiliates, and any of its present or former shareholders, members, officers, directors, partners,

employees, contract employees, accountants, agents, attorneys, or other persons acting for, at the

direction of, or in concert with such persons or entities.

7.     The term "FIN" means Financial Accounting Standards Board Interpretation

Number.

8.     The term "final OFHEO Report" means the Report of the Special Examination of

Fannie Mae dated May 2006 by the Office of Federal Housing Enterprise Oversight, and any

amendments or supplements thereto.

9.     The term "GAAP" means Generally Accepted Accounting Principles.

10.    The term "GAAS" means Generally Accepted Auditing Standards.

11.    The term "including" means "including but not limited to."

12.    The "Individual Defendants" means Defendants Franklin Raines, J. Timothy

Howard, and Leanne G. Spencer.

13.    The term "interim OFHEO Report" means the Report of the Findings to Date,
Special Investigation of Fannie Mae dated September 17, 2004 by the Office of Federal Housing
Enterprise Oversight, and any amendments or supplements thereto.

14.    "KPMG" means KPMG LLP and any of its predecessors, divisions, departments,
or affiliates, and any of its present or former shareholders, members, officers, directors, partners,
employees, accountants, agents, attorneys, or other persons acting for, at the direction of, or in
concert with such persons or entities.

15.    "NYSE" means the New York Stock Exchange and any of its predecessors,
successors, divisions, departments, or affiliates, and any of its present or former officers,
directors, employees, contract employees, accountants, agents, attorneys, or other persons acting
for, at the direction of, or in concert with such persons or entities.

16.    "OFHEO" means the Office of Federal Housing Enterprise Oversight and any of
its divisions, departments, affiliates, officers, agents or employees.

17.    "Paul Weiss" means the law firm of Paul, Weiss, Rifkind, Wharton & Garrison
LLP and any of its predecessors, successors, divisions, departments, or affiliates, and any of its
present or former shareholders, members, officers, directors, partners, associates, employees,
contract employees, accountants, agents, attorneys, or other persons acting for, at the direction
of, or in concert with such persons or entities, including Huron Consulting Group, Inc.

18.    The term "relate to" shall have the same meaning as the terms "concern" and
"concerning" that is set forth in these definitions.

19.    The term "Restatement" means Fannie Mae's restatement of its publicly reported
financial statements for its fiscal years ending December 31, 2001, 2002, and 2003 and the first
two quarters of 2004, as set out in Fannie Mae's 2004 Form 10-K filed with the Securities and

Exchange Commission on December 6, 2006, as well as any amendments or supplements
thereto, and as well as consulting, auditing, review and other work undertaken in connection with
that restatement.

      20.     The term "Rudman Investigation" means the investigation conducted by Warren
B. Rudman and Paul, Weiss, Rifkind, Wharton & Garrison LLP at the direction of the Special
Review Committee of the Board of Directors of Fannie Mae, including work performed by
Huron Consulting Group Inc.

      21.     The term "Rudman Report" means the Report to the Special Review Committee
of the Board of Directors of Fannie Mae dated February 23, 2006, by Paul, Weiss, Rifkind,
Wharton & Garrison LLP, the Executive Summary of the Report, all Appendices to the Report,
and any amendments or supplements thereto.

      22.     "SEC" means the United States Securities and Exchange Commission and any of
its divisions, departments, affiliates, officers, agents or employees.

      23.     The term "SFAS" means Statement of Financial Accounting Standards.

      24.     The term "workpaper" means documentation, including notes, drafts, and all non-
identical copies of documentation of auditing, testing or review procedures, documentation of
audit or review planning, and documentation of the evidence obtained and conclusions reached
by an accountant in the audit or review engagement.

      25.     These document requests incorporate the definitions set out in Fannie Mae's 2004
Form 10-K. To the extent that any term used in these document requests is not expressly defined
herein, such term shall have the meaning assigned to it in Fannie Mae's 2004 Form 10-K. To the
extent that any term not expressly defined in these document requests is not defined in Fannie

Mae's 2004 Form 10-K, such term shall be defined as commonly understood under Generally

Accepted Accounting Principles.

## RELEVANT TIME PERIOD

Unless otherwise specified, the relevant time period for these requests is the time period

beginning January 1, 1998 through the present.

## DOCUMENTS REQUESTED

1.     All organizational charts for Fannie Mae.

2.     All documents provided to, received from, or which relate to communications

with OFHEO during the relevant time period.

3.     All documents provided to, received from, or which relate to communications

with the SEC during the relevant time period.

4.     All documents provided to, received from, or which relate to communications

with OFHEO concerning that agency's investigation and special examination of Fannie Mae

and/or the Individual Defendants during the relevant time period.

5.     All subpoenas and document requests issued to Fannie Mae and/or the Individual

Defendants by OFHEO concerning that agency's investigation and special examination of

Fannie Mae and/or the Individual Defendants during the relevant time period.

6.     All documents provided to, received from, or which relate to communications

with OFHEO concerning Fannie Mae's capital or concerning any of the financial statement items

that were restated.

7.     All documents provided to, received from, or which relate to communications

with the SEC concerning that agency's investigation of Fannie Mae and/or the Individual

Defendants during the relevant time period.

8.     All subpoenas and document requests issued to Fannie Mae and/or the Individual Defendants by the SEC concerning that agency's investigation of Fannie Mae and/or the Individual Defendants during the relevant time period.

9.     All documents provided to, received from, or which relate to communications with the Department of Justice concerning that agency's investigation of Fannie Mae and/or the Individual Defendants during the relevant time period.

10.     All subpoenas and document requests issued to Fannie Mae and/or the Individual Defendants by the Department of Justice concerning that agency's investigation of Fannie Mae and/or the Individual Defendants during the relevant time period.

11.     All documents provided to, received from, or which relate to communications with any government agency or entity other than OFHEO, the SEC, or the Department of Justice, or any division, department, affiliate, officer, or employee of such agency or entity, concerning such agency or entity's investigation of Fannie Mae and/or the Individual Defendants during the relevant time period.

12.     All subpoenas and document requests issued to Fannie Mae and/or the Individual Defendants by any government agency or entity other than OFHEO, the SEC, or the Department of Justice concerning that agency's or entity's investigation of Fannie Mae and/or the Individual Defendants during the relevant time period.

13.     All documents provided to, received from, or which relate to communications with the United States House of Representatives, the United States Senate, or any committee, subcommittee, division, department, member, affiliate, or employee thereof concerning any investigation or inquiry into the conduct and actions of Fannie Mae and/or the Individual Defendants during the relevant time period.

9

14.    All subpoenas and document requests issued to Fannie Mae and/or the Individual Defendants by the United States House of Representatives, the United States Senate or any committee, subcommittee, division, department, member, affiliate, or employee thereof concerning any investigation or inquiry into the conduct and actions of Fannie Mae and/or the Individual Defendants during the relevant time period.

15.    All documents provided to, made available to, received from, or which relate to communications with Paul Weiss concerning the Rudman Investigation.

16.    All document requests issued to Fannie Mae and/or the Individual Defendants by Paul Weiss concerning the Rudman Investigation.

17.    All documents and reports, including communications or discussions with Fannie Mae's Board of Directors or Fannie Mae's Audit Committee, concerning the activities, practices, procedures, or policies at issue in the Restatement.

18.    All documents provided to, received from, or which relate to communications with the FASB concerning the accounting activities, practices, procedures, or policies at issue in the Restatement.

19.    All documents provided to, received from, or which relate to communications with the Derivatives Implementation Group, also known as the DIG, concerning the accounting activities, practices, procedures, or policies at issue in the Restatement.

20.    All documents provided to, received from, or which relate to communications with the NYSE concerning the accounting activities, practices, procedures, or policies at issue in the Restatement.

21.    All documents, regardless of date, that Fannie Mae provided to or received from KPMG concerning the accounting activities, practices, procedures, or policies at issue in the Restatement.

22.    All documents, regardless of date, that relate to communications Fannie Mae had with KPMG concerning the accounting activities, practices, procedures, or policies at issue in the Restatement.

23.    All documents, regardless of date, that relate to meetings at which Fannie Mae and KPMG were present concerning the accounting activities, practices, procedures, or policies at issue in the Restatement.

24.    All documents, regardless of date, relating to any decision, discussion, or consideration by Fannie Mae about whether to provide to or withhold from KPMG information relating to Fannie Mae's accounting activities, practices, procedures, or policies, including, without limitation, the activities, practices, or policies at issue in the Restatement.

25.    All documents, regardless of date, relating to any decision, discussion, or consideration by Fannie Mae to provide KPMG with misleading, inaccurate, or incomplete information relating to Fannie Mae's accounting activities, practices, procedures, or policies, including, without limitation, the activities, practices, or policies at issue in the Restatement.

26.    All documents, regardless of date, relating to any decision, discussion, or consideration by Fannie Mae of whether to provide to or withhold from OFHEO, the SEC, the Department of Justice, the United States Congress, any other government agency or entity or division, department, affiliate, officer, or employee thereof, the FASB, or the NYSE information relating to Fannie Mae's accounting activities, practices, procedures, or policies, including, without limitation, the activities, practices, procedures, or policies at issue in the Restatement.

27.     All documents and reports relating to internal audit reports produced by Fannie Mae's Office of Internal Auditing during the relevant time period, concerning the activities, practices, procedures, or policies at issue in the Restatement.

28.     All documents and reports relating to investigations or inquiries by Fannie Mae's Office of Corporate Justice during the relevant time period, concerning the activities, practices, procedures, or policies at issue in the Restatement.

29.     All documents and reports relating to investigations or inquiries by Fannie Mae's Office of Corporate Compliance during the relevant time period, concerning the activities, practices, procedures, or policies at issue in the Restatement.

30.     All documents produced or made available by Fannie Mae or the Individual Defendants to any party in connection with any civil litigation relating to the activities, practices, procedures, or policies at issue in the Restatement.

31.     All documents produced or made available by Fannie Mac or the Individual Defendants to OFHEO that were cited in the interim OFHEO Report.

32.     All documents produced or made available by Fannie Mae or the Individual Defendants to OFHEO that were cited in the final OFHEO Report.

33.     All documents produced or made available by Fannie Mae or the Individual Defendants to Paul Weiss that were cited in the Rudman Report.

34.     All documents, including, without limitation, transcripts or other recordation concerning any statements, testimony, interviews, or depositions, whether oral or written, given by Fannie Mae or the Individual Defendants to OFHEO.

35.    All documents, including, without limitation, transcripts or other recordation concerning any statements, testimony, interviews, or depositions, whether oral or written, given by Fannie Mae or the Individual Defendants to the SEC.

36.    All documents, including, without limitation, transcripts or other recordation concerning any statements, testimony, interviews, or depositions, whether oral or written, given by Fannie Mae or the Individual Defendants to Paul Weiss.

37.    All documents, including, without limitation, transcripts or other recordation concerning any statements, testimony, interviews, or depositions, whether oral or written, given by Fannie Mae or the Individual Defendants to any government agency or entity other than OFHEO, the SEC, or the Department of Justice, or any division, department, affiliate, officer, or employee of such agency or entity, concerning Fannie Mae's accounting activities, practices, procedures, or policies.

38.    All documents, including, without limitation, transcripts or other recordation concerning any statements, testimony, interviews, or depositions, whether oral or written, given by Fannie Mae or the Individual Defendants to any non-governmental entity, including, without limitation, FASB and the NYSE, or any division, department, affiliate, officer, or employee of such entity, concerning Fannie Mae's accounting activities, practices, procedures, or policies.

39.    All documents relating to Freddie Mac's accounting activities, practices, procedures, or policies.

40.    All documents relating to Freddie Mac's restatement of its previously issued consolidated financial statements.

41.    All documents relating to Fannie Mae's actual or projected earnings per share during the relevant time period, including, without limitation, any policies, directives,

memoranda, communications, correspondence, or other documents concerning objectives, goals, or targets for increasing earnings per share.

42.    All documents relating to Fannie Mae's executive compensation policies or practices.

43.    All documents concerning meetings of Fannie Mae's Board of Directors and any of its committees, including, but not limited to, minutes of the meetings.

44.    All documents concerning any investigation authorized, directed, or required by Fannie Mae's Board of Directors and/or any of its committees regarding Fannie Mae's accounting activities, practices, procedures, or policies.

45.    All documents concerning the certification of Fannie Mae's financial statements by Fannie Mae executives.

46.    All documents concerning any decision, discussion, communication, or consideration by Fannie Mae whether to accept, reject, endorse, or otherwise take any position regarding the Rudman Report or any of the findings or conclusions of the Rudman Report, including drafts of press releases issued by Stephen Ashley and Daniel Mudd.

47.    All documents concerning Fannie Mae's decision to engage KPMG as its external auditor.

48.    All documents concerning engagement letters provided by KPMG to Fannie Mae.

49.    All documents concerning Fannie Mae's management representation letters provided to KPMG.

50.    All documents concerning communications by or with any Individual Defendant regarding Fannie Mae's accounting practices, procedures, or policies.

14

51.    All documents concerning communications by or with any Individual Defendant regarding any decision, discussion, or consideration by Fannie Mae whether to provide information to or withhold information from KPMG regarding Fannie Mae's accounting practices, procedures, or policies.

52.    All documents concerning communications by or with any Individual Defendant regarding any decision, discussion, or consideration by Fannie Mae whether to provide KPMG with misleading, inaccurate, or incomplete information regarding Fannie Mae's accounting practices, procedures, or policies.

53.    All documents concerning any investigation or inquiry by Fannie Mae regarding actions or decisions made by any Individual Defendant.

54.    All documents concerning communications with Roger Barnes regarding Fannie Mae's accounting practices, procedures, or policies.

55.    All documents concerning any investigation or inquiry by Fannie Mae regarding allegations or questions raised by Roger Barnes concerning Fannie Mae's accounting practices, procedures, or policies.

56.    All documents concerning communications between or among any current or former Fannie Mae officer or director, Fannie Mae, the Individual Defendants, Janet Pennewell, Jonathan Boyles and/or Sampath Rajappa regarding Roger Barnes.

57.    All documents concerning communications with Michelle Skinner regarding Fannie Mae's accounting practices, procedures, or policies.

58.    All documents concerning any investigation or inquiry by Fannie Mae regarding allegations or questions raised by Michelle Skinner concerning Fannie Mae's accounting practices, procedures, or policies.

59.    All documents concerning communications between or among any current or former Fannie Mae officer or director, Fannie Mae, the Individual Defendants, Janet Pennewell, Jonathan Boyles and/or Sampath Rajappa regarding Michelle Skinner.

60.    All documents concerning communications between or among any current or former Fannie Mae officer or director, Fannie Mae, the Individual Defendants, Janet Pennewell, Jonathan Boyles and/or Sampath Rajappa regarding any of the findings or conclusions of the interim OFHEO Report.

61.    All documents concerning communications between or among any current or former Fannie Mae officer or director, Fannie Mae, the Individual Defendants, Janet Pennewell, Jonathan Boyles and/or Sampath Rajappa regarding any of the findings or conclusions of the final OFHEO Report.

62.    All documents concerning communications between or among any current or former Fannie Mae officer or director, Fannie Mae, the Individual Defendants, Janet Pennewell, Jonathan Boyles and/or Sampath Rajappa regarding any of the findings or conclusions of the Rudman Report.

63.    All documents contained in or concerning the personnel file(s) of Franklin Raines.

64.    All documents contained in or concerning the personnel file(s) of Timothy Howard.

65.    All documents contained in or concerning the personnel file(s) of Leanne Spencer.

66.    All documents contained in or concerning the personnel file(s) of Janet Pennewell.

67.     All documents contained in or concerning the personnel file(s) of Jonathan Boyles.

68.     All documents contained in or concerning the personnel file(s) of Sampath Rajappa.

69.     All documents contained in or concerning the personnel file(s) of Roger Barnes.

70.     All documents contained in or concerning the personnel file(s) of Michelle Skinner.

71.     All documents relating to any assessment or evaluation of Fannie Mae's internal controls, including, without limitation, any documents created or produced in connection with any certification or sub-certification of compliance with the provisions of the Sarbanes-Oxley Act of 2002.

72.     All documents relating to closing meetings for each quarterly review and audit during the relevant time period.

73.     All documents concerning Fannie Mae's Derivatives Accounting Guidelines.

74.     All documents concerning Fannie Mae's Hedge Accounting Policy Manual(s).

75.     All documents concerning Fannie Mae's Financial Accounting Policy Manual(s) or Fannie Mae's Financial Accounting Policy Guide(s).

76.     All documents concerning Fannie Mae's development, implementation, and application of policies, practices, and procedures for accounting under SFAS 133.

77.     All documents reflecting any tests of anticipated effectiveness, measures of ineffectiveness, or analyses or estimates of possible ineffectiveness of derivatives or hedging transaction from January 1, 2000 through December 31, 2004, including, without limitation, all

documents relating to or relied upon in preparing Fannie Mae's letters to the SEC dated October 19, November 3, and November 24, 2004.

78.    All documents reflecting the absence of documents, failure to maintain documents, or destruction of documents concerning any tests of anticipated effectiveness, measures of ineffectiveness, or analyses or estimates of possible ineffectiveness of derivatives or hedging transaction from January 1, 2000 through December 31, 2004.

79.    All documents concerning the calculation of ineffectiveness associated with termouts performed in the second and third quarters of 2004, as referenced in Fannie Mae's letter to the SEC dated November 24, 2004.

80.    All documents concerning Fannie Mae's development, implementation, and application of policies, practices, and procedures for accounting under SFAS 149.

81.    All documents concerning Fannie Mae's development, implementation, and application of policies, practices, and procedures for accounting under SFAS 91.

82.    All documents concerning Fannie Mae's forecast of the prepayment rates for its asset portfolio from 1995 through the present.

83.    All documents concerning Fannie Mae's development, implementation, and application of policies, practices, and procedures for accounting under SFAS 115.

84.    All documents concerning Fannie Mae's development, implementation, and application of policies, practices, and procedures for accounting under SFAS 125.

85.    All documents concerning Fannie Mae's development, implementation, and application of policies, practices, and procedures for accounting under SFAS 140.

86.    All documents concerning Fannie Mae's development, implementation, and application of policies, practices, and procedures for accounting under FIN 45.

87.    All documents concerning the calculation or estimation of Fannie Mae's SFAS 91 quarterly or annual amortization catch-up sensitivities.

88.    All documents concerning Fannie Mae's calculation of estimated prepayment speeds, SFAS 91 adjustments, factor changes, interest rate paths, and other data used to estimate amortization of premiums and discounts on loans and securities or catch-up adjustments during the relevant time period.

89.    All documents concerning the results of Fannie Mae's estimates of prepayment speeds compared to historical results or to estimates of others.

90.    All documents concerning Fannie Mae's estimate of amortization of expense for the period ending December 31, 1998 or deferral by Fannie Mae of the approximately $200 million of estimated expense in 1998.

91.    All documents concerning Fannie Mae's compliance or non-compliance with GAAP, including, without limitation, any memoranda, correspondence, electronic mail, or other documents relating to any discussion or consideration of whether any Fannie Mae activity, policy, or practice was or was not compliant with GAAP.

92.    All documents concerning Fannie Mae's decision to restate its financial statements for errors relating to the accounting treatment of debt and derivatives under SFAS 133, including, without limitation, documents relating to:

    (a)    designation of derivatives either as cash flow or as fair value hedges;

    (b)    accounting for foreign exchange derivatives;

    (c)    recording of financial instruments as derivatives;

    (d)    valuation of option-based and foreign exchange derivatives; and

    (e)    calculation of interest expense.

93.     All documents concerning Fannie Mae's decision to restate its financial statements for errors associated with accounting treatment of mortgage loan and security commitments under SFAS 133 and SFAS 149, including, without limitation, documents relating to:

    (a)     accounting treatment of mortgage loan and security commitments prior to the adoption of SFAS 149;

    (b)     accounting treatment of mortgage loan and security commitments after the adoption of SFAS 149;

    (c)     calculation of SFAS 149 transition adjustment in 2003;

    (d)     accounting treatment of security commitments that were not classified as securities prior to July 1, 2003; and

    (e)     valuation of mortgage loan and security commitments.

94.     All documents concerning Fannie Mae's decision to restate its financial statements for errors associated with accounting treatment of investments in securities under SFAS 115, SFAS 125, and SFAS 140, including, without limitation, documents relating to:

    (a)     classification of securities for SFAS 115 purposes;

    (b)     valuation of securities;

    (c)     classification of dollar roll repurchase transactions;

    (d)     assessment of securities for impairment; and

    (e)     assessment of interest-only securities and lower credit quality investments for impairment.

95.     All documents concerning Fannie Mae's decision to restate its financial statements for errors associated with mortgage-backed security trust consolidation and sale accounting under SFAS 125 and SFAS 140, including, without limitation, documents relating to:

    (a)     consolidation of mortgage-backed security trusts; and

    (b)     accounting for transfer of assets to mortgage-backed security trusts.

96.     All documents concerning Fannie Mae's decision to restate its financial statements for errors associated with financial guaranties and master servicing under FIN 45, SFAS 91, SFAS 125, and SFAS 140, including, without limitation, documents relating to:

    (a)     amortization of guaranty and master servicing contracts;

    (b)     valuation of guaranty assets and guaranty obligations;

    (c)     accounting for buy-ups;

    (d)     accounting for lender-provided credit enhancements;

    (e)     recording of adjustments to guaranty assets and guaranty obligations based on the amount of Fannie Mae mortgage-backed securities held in consolidated balance sheets;

    (f)     accounting treatment of guaranty assets and guaranty obligations associated with guaranties to mortgage-backed security trusts in which Fannie Mae was the transferor of the trust's underlying loans;

    (g)     recognition of master servicing assets and related deferred profit;

    (h)     assessment of guaranty assets for impairment; and

    (i)     assessment of buy-ups for impairment.

21

97.    All documents concerning Fannie Mae's decision to restate its financial statements for errors associated with amortization of cost basis adjustments under SFAS 91, including, without limitation, documents relating to:

   (a) calculation of prepayments speeds at Fannie Mae;

   (b) aggregation of assets for amortization purposes; and

   (c) analysis of cumulative catch-up adjustments.

98.    All documents concerning Fannie Mae's decision to restate its financial statements for errors that do not fall within any of the categories listed in the foregoing document requests, including, without limitation, documents relating to:

   (a) accounting for partnership investments;

   (b) classification of loans held for sale;

   (c) provision for credit losses;

   (d) early funding options and corresponding forward commitments;

   (e) collateral associated with derivatives contracts;

   (f) accounting for reverse mortgages;

   (g) accounting for dollar rolls;

   (h) Fannie Mae's Account 1622;

   (i) the Low Income Housing Tax Credit ("LIHTC");

   (j) accrued interest on delinquent loans;

   (k) amortization of prepaid mortgage insurance;

   (l) computation of interest income;

   (m) amortization of Fannie Mae's mortgage insurance contract;

   (n) stock-based compensation;

(o)     calculation of earnings per share;

(p)     presentation of business segments; and

(q)     fair value disclosure of financial instruments.

99.     All documents related to the quantification of the financial effect of the changes in the accounting for each issue identified in the Restatement.

100.     All documents concerning any audit difference or audit adjustment that KPMG posted or proposed to Fannie Mae.

101.     All documents concerning Fannie Mae's decision to terminate KPMG as its external auditor.

102.     All documents concerning Fannie Mae's evaluations or assessments of KPMG's work for Fannie Mae.

103.     All documents concerning Fannie Mae's document retention policy.

## TANGIBLE THINGS REQUESTED

1.    All current and historical systems used by Fannie Mae in its accounting for FAS 133, including DEBTS, FAS 133 Accounting Prototype, STAR, Hedge Integrated Trading System ("HITS"), PVM, and Hedge Accounting Tracking System ("HATS"), as these systems are defined in Fannie Mae's 2003 Derivatives Accounting Guidelines.  To the extent that the systems cannot be produced for technological reasons, compliance with this request may be achieved pursuant to Federal Rules of Civil Procedure 26(b) and 34(a) by granting access to these systems for inspection by KPMG representatives.

Dated:  May 1, 2007

Respectfully submitted,

F. Joseph Warin (D.C. Bar No. 235978)
Andrew S. Tulumello (D.C. Bar No. 468351)
Claudia M. Osorio (D.C. Bar No. 477594)
Melanie L. Katsur (D.C. Bar No. 484969)
Henry C. Whitaker (D.C. Bar No. 499210)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Counsel for Defendant KPMG LLP*

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2007, I caused copies of the foregoing to be transmitted via email and U.S. Mail to the following counsel registered to receive electronic service:

Joshua S. Devore
Steven J. Toll
Matthew K. Handley
Daniel S. Sommers
Cohen, Milstein, Hausfeld & Toll P.L.L.C
West Tower, Suite 500
1100 New York Ave., N.W.
Washington, D.C. 20005
*Counsel for Plaintiffs Vincent Vinci; State Teachers Retirement System of Ohio; Anne E. Flynn; Robert L. Garber*

James R. Cummins
Melanie S. Corwin
Jean Marie Geoppinger
Waite, Schneider, Bayless & Chesley Co., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 45202
*Counsel for Plaintiffs Ohio Public Employees Retirement System; State Teachers Retirement System of Ohio*

Julie A. Richmond
Kathleen M. Donovan-Maher
Jeffery C. Block
Joseph C. Merschman
Berman Devalerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA 02190
*Counsel for Plaintiffs Ohio Public Employees Retirement System; State Teachers Retirement System of Ohio*

Alan J. Statman
Jeffery P. Harris
Statman, Harris & Eyrich LLC
3700 Carew Tower
441 Vine Street
Cincinnati, OH 45202
*Counsel for Plaintiffs Ohio Public Employees Retirement System; State Teachers Retirement System of Ohio*

Frank J. Johnson
Brett M. Weaver
Law Office of Frank J. Johnson
402 W. Broadway 27th Floor
San Diego, CA 92101
*Counsel for Plaintiff Sassan Shahrokhinia*

Robert W. Liles
Liles Parker, PLLC
4400 MacArthur Blvd., N.W.
Suite 203
Washington, DC 20007
*Counsel for Plaintiff Sassan Shahrokhinia*

Stuart M. Grant
Megan D. McIntyre
Christine M. Mackintosh
Grant & Eisenhofer, P.A.
Chase Manhattan Centre
1201 N. Market Street
Wilmington, DE 19801
*Counsel for the Franklin Templeton Plaintiffs*

Jeffrey W. Kilduff
Michael J. Walsh, Jr.
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, D.C. 20006
*Counsel for Defendant Fannie Mae, Thomas P.*
*Gerrity, Taylor C. Segue, III, William R.*
*Harvey, Joe Pickett, Kenneth M. Duberstein,*
*Manuel Justiz, H. Patrick Swygert, and Leslie*
*Rahl*

Kevin M. Downey
Alex G. Romain
Daniel N. Marx
Joseph M. Terry, Jr.
Matthew L. Fore
John E. Clabby
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005-5091
*Counsel for Defendant Franklin D. Raines*

Steven M. Salky
Eric R. Delinsky
Ellen D. Marcus
Holly Ann Pal
Tammy Gershoni
Zuckerman Spaeder LLP
1800 M Street, N.W., Suite 1000
Washington, D.C. 20036-2638
*Counsel for Defendant Timothy J. Howard*

David S. Krakoff
Christopher F. Regan
Adam B. Miller
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101
*Counsel for Defendant Leanne G. Spencer*

David I. Ackerman
James Hamilton
Bingham McCutchen, LLP
2020 K Street, N.W.
Washington, D.C. 20006
*Counsel for Defendant Joe Pickett*

James D. Wareham
Paul, Hastings, Janofsky & Walker LLP
875 15th Street, N.W., Suite 12
Washington, D.C. 20005
*Counsel for Defendant Daniel H. Mudd*

Richard H. Klapper
Patrice A. Rouse
Michael T. Tomaino
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004-2498
*Counsel for Goldman Sachs*

Cristen Sikes Rose
Edward S. Scheideman III
DLA Piper US LLP
1200 19th Street, N.W.
Washington, D.C. 20036
*Counsel for Defendants Stephen B. Ashley,*
*Donald B. Marron, and Ann Korologos*

William H. Jeffress
Julie E. Guttman
Nicholas A. Brady
Baker Botts LLP
The Warner; 1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
*Counsel for Defendant Jamie S. Gorelick*

2

David Smith
Jonathan S. Liss
Jonathan Michael Stern
Schnader Harrison Segal & Lewis LLP
1600 Market Street
Philadelphia, PA 19103-7286
*Counsel for Radian Group Inc.*

John H. Doyle, III
Rhonda D. Orin
Anderson Kill & Olick LLP
2100 M Street, N.W. Suite 650
Washington, D.C. 20037
*Counsel for Defendant Leslie Rahl*

Carolyn M. Welshhans
Dechert LLP
1775 Eye Street, NW
Washington, DC 20006
*Counsel for Defendant Thomas P. Gerrity*

Robert Romano
Bonnie Altro
Rachelle M. Barstow
Morgan, Lewis & Bockius
101 Park Avenue
New York, NY 10178-0060
*Counsel for Defendant Thomas P. Gerrity*

Seth Aronson
O'Melveny & Myers, LLP
400 South Hope Street
15th Floor
Los Angeles, Ca. 90071
*Counsel for Defendant Fannie Mae, Thomas P. Gerrity, Taylor C. Segue, III, William R. Harvey, Joe Pickett, Kenneth M. Duberstein, Manuel Justiz, H. Patrick Swygert, and Leslie Rahl*

Barbara Van Gelder
Wiley Rein LLP
1776 K Street, N.W.
Washington, D.C. 20006
*Counsel for Defendants Anne M. Mulcahy and Frederic V. Malek*

Shannon Ratliff
Ratliff Law Firm
600 Congress Avenue
Suite 3100
Austin, TX 78701
*Counsel for Manuel Justiz*

Melanie L. Katsur

# GIBSON, DUNN & CRUTCHER LLP

### LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

———

1050 Connecticut Avenue, N.W.  Washington, D.C. 20036-5306
(202) 955-8500
www.gibsondunn.com

MKatsur@gibsondunn.com

April 30, 2007

| | |
|---|---|
| Direct Dial | Client No. |
| (202) 887-3636 | T 71004-01296 |
| Fax No. | |
| (202) 530-9658 | |

VIA EMAIL AND US MAIL

Jeffrey W. Kilduff, Esq.
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, D.C. 20006

Re:    *In re Fannie Mae Securities Litigation, No. 01:04-cv-1639 and Franklin
Managed Trust, et al. v. Federal National Mortgage Association, et al.,
No. 01:06-cv-00139*

Dear Mr. Kilduff:

Enclosed please find KPMG LLP's First Set of Requests for Production of Documents to Defendant Fannie Mae.

Very truly yours,

Melanie L. Katsur

Enclosure(s)

cc:    All Counsel of Record

LOS ANGELES  NEW YORK  WASHINGTON, D.C.  SAN FRANCISCO  PALO ALTO
LONDON  PARIS  MUNICH  BRUSSELS  ORANGE COUNTY  CENTURY CITY  DALLAS  DENVER