# WAITE, SCHNEIDER, BAYLESS & CHESLEY CO., L.P.A.

ATTORNEYS & COUNSELLORS AT LAW
1513 FOURTH & VINE TOWER
ONE WEST FOURTH STREET
CINCINNATI, OHIO 45202
TELEPHONE (513) 621-0267

MELANIE S. CORWIN

FAX (513) 381-2375
FAX (513) 621-0262

September 5, 2007

<u>VIA FACSIMILE AND REGULAR MAIL</u>

Amy J. Longo, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, California 90071-2899

    Re:    Fannie Mae Miscellaneous Privilege Log

Dear Amy:

    We have reviewed the privilege log of Fannie Mae labeled "Miscellaneous," which is comprised of 636 documents you stated were "unique" documents that Fannie Mae produced to the regulators but contain "core work product central to the issues in this case." You asked if Lead Plaintiffs would agree not to continue to seek these 636 unique documents in exchange for Fannie Mae's release to Lead Plaintiffs of approximately 150,000 documents that were produced privilege-stamped to various regulators.

    1. <u>Work Product.</u> Fannie Mae has failed to meet its burden to establish that many of the documents on the log are work product because they appear not be prepared in anticipation of or in connection with litigation, but rather were prepared to meet the regulatory requirements of OFHEO or the SEC. The work product doctrine exists "to promote the adversary system by safeguarding the fruits of an attorney's trial preparation from the discovery attempts of an opponent." *United States v. AT&T*, 642 F.2d 1285, 1299 (D.C. Cir. 1980). The work product doctrine is construed narrowly by courts and only applies to materials prepared (1) for internal purposes that are not to be shared with any opponent and (2) in anticipation of litigation. *In re Sealed Case*, 146 F.3d 881, 884 (D.C. Cir. 1998). The party asserting the doctrine has the burden of establishing its applicability to the relevant documents. See *Senate of P.R. v. U.S. Dept. of Justice*, 823 F.2d 574, 586 (D.C. Cir. 1987). Materials prepared pursuant to "regulatory requirements or for other non-litigation purposes are not documents prepared in anticipation of litigation within the meaning of Rule 26(b)(3)." *National Union Fire Ins. Co., v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 984 (4th Cir. 1992).[1]

---

[1] See also all of the legal authority cited in Lead Plaintiffs' Motion to Compel Production by Paul Weiss finding that documents prepared for business or regulatory purposes was not work product.


EXHIBIT D

Amy J. Longo, Esq.
September 5, 2007
Page 2

For example, one entry on the log is a document dated 12-3-03 and the description is "draft memorandum prepared during the course of OFHEO investigation regarding OFHEO regulatory matters." Fannie does not identify the authors or recipients of this draft memorandum, the description states the document clearly was prepared for OFHEO regulatory matters, not for litigation purposes, and there is nothing in the description which would otherwise establish it is covered by either the work product or attorney client privilege. Fannie Mae has not established any privilege for this document and it should be produced.

2. <u>Attorney-Client Privilege</u>. Similarly, many of the entries on the log either did not contain sufficient data to enable us to assess the applicability of the attorney-client privilege, as required by Federal Rule of Procedure 26(b)(5), or appear from the description not be protected by the attorney-client privilege. First, the authors and recipients were not identified for many of the documents. Second, in many cases, two documents are noted in the document description, but Fannie Mae does not indicate which document to which it claims a privilege or provide sufficient information to establish that both documents are entitled to the privilege. For example, in many instances the description of a document is an e-mail or a fax with an attached memorandum or letter, but Fannie Mae does not indicate which document (i.e., the e-mail or the attachment or both) to which the privilege is claimed and, to the extent it does claim a privilege as to the attachments to e-mails or faxes, Fannie Mae does not identify the authors and recipients and specific subject matter of the attachments to establish the privilege. Finally, the descriptions of many of these documents are conclusory and/or vague, *i.e.* prepared at the request of counsel to obtain legal advice, which does not give specific enough information for the parties or the Court to intelligibly decide on the privilege claim. See *Judicial Watch v. FDA*, 449 F.3d 141, 146 (D.C. Cir. 2006). Even if a document is prepared for the purpose of obtaining legal advice, if the document itself contains solely factual information, it is not protected.

We also do not agree with Fannie Mae's designation of Dale Kitchens and Michael Joseph or anyone else from Ernst & Young as a "legal agent" of Fannie Mae, making the documents prepared by or sent to them privileged. If you have any legal authority to support this claim, please promptly provide it. Otherwise, please produce the documents on the log prepared by representatives of Ernst & Young.

In addition, Fannie Mae also identifies several other people as "legal agents" on the log without identifying the company with which those persons are employed or otherwise provide any basis to establish they are in fact legal agents. Whether or not those persons are employed by Fannie Mae, a law firm or other company is important to the determination as to whether or not they truly constitute a legal agent of Fannie Mae.

I have enclosed a couple pages of the Miscellaneous Privilege Log to show examples of the types of deficiencies discussed above with respect to both work product and attorney-client privilege claims. These same types of deficiencies are consistent throughout the log, so we have not marked the specific deficiencies for each of the 636 separate entries. Failure to provide a log of sufficient detail constitutes a waiver of the underlying privilege claim. 9A Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2458 (2d. Ed., 1995 and 2006 Supp.).

Amy J. Longo, Esq.
September 5, 2007
Page 3

3. <u>Waiver</u>. It is my understanding that the documents listed on this log were provided to OFHEO, the SEC and possibly other governmental agencies. Please confirm in writing all entities that were provided with copies of the documents on the log. Even if the documents were provided to these agencies pursuant to non-waiver agreements, Fannie Mae has waived any work product or attorney-client privilege to these documents. Fannie Mae may not selectively choose which opponents to which it will provide the materials. See *In re Subpoena Duces Tecum*, 738 F.2d 1367, 1375 ("It would . . . be inconsistent and unfair to allow [the party asserting the privilege] to select according to their own self-interest to which adversaries they will allow access to the materials.").[2]

Based upon the foregoing, please post to the Xerox database all of the documents on this log by September 17, 2007, to avoid a motion to compel production of these documents.

Thank you in advance for your prompt attention to this matter and please feel free to contact me if you have any questions.

Sincerely yours,

Melanie

Melanie S. Corwin

Enclosures
cc: Jeffrey W. Kilduff, Esq.
    Megan D. McIntyre, Esq.
    Alex G. Romain, Esq.
    Eric R. Delinsky, Esq.
    Christopher F. Regan, Esq.
    Andrew S. Tulumello, Esq.
    Samuel Rosen, Esq.
    James R. Cummins, Esq.

---

[2] See also the additional legal authority concerning the waiver of the privilege by providing documents to governmental agencies cited in Lead Plaintiffs' motion to compel Paul Weiss.

Fannie Mae
Privileged Documents
from Miscellaneous Log 701,934

| No. | Beg Bates | End Bates | Type of Claim | Doc Date | From | To | cc | Description | Replicated Duplicates | Deficiencies |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | FM SRC M-OFHEO 00017407.0001 | FM SRC M-OFHEO 00017407.0001 | AC; WP | 10/1/02 | JOSEPH, MICHAEL S | HAIRSTON, ANGELA | | Facsimile with attached draft letter reflecting attorney client communications with Werner Carter-Pickens re a Dear Carter-Pickens prepared at the request of counsel regarding SEC regulatory matters. | FM SRC M-OFHEO 00035815.PDF-FM SRC M-OFHEO 00035816.PDF; FM SRC M-OFHEO 00035819.0001-FM SRC M-OFHEO 00035019.0001; FM SRC M-OFHEO 00035521.0001-FM SRC M-OFHEO 00035521.0001; FM SRC M-OFHEO 00035818.PDF-FM SRC M-OFHEO 00035818.PDF | Joseph is not legal agent (EMP). Fails to show author and recipients of attached letters to make a determination as to whether AC privilege is proper as to that document. Description of both documents fail to show document was prepared in anticipation of or in connection with litigation to establish a WP claim. Appears to be prepared for SEC regulatory issues, which is not work product. |
| 2 | FM SRC M-OFHEO 00017899.0001 | FM SRC M-OFHEO 00017899.0004 | AC; WP | 8/14/03 | | | | Email forwarding legal advice of Ann Kappler prepared in anticipation of OFHEO investigation regarding OFHEO regulatory matters. | | Fails to identify author and recipients so a determination can be made as to whether the AC privilege applies. Fails to show document was prepared in anticipation of or in connection with litigation to establish the WP claim. Appears to be prepared for OFHEO regulatory matters, which is not work product. |
| 3 | FM SRC M-OFHEO 00040461.0001 | FM SRC M-OFHEO 00040461.0038 | WP | 12/16/02 | | | | Draft memorandum prepared during the course of OFHEO investigation regarding OFHEO regulatory matters. | | Fails to identify author and recipients. Fails to show document was prepared in anticipation of or in connection with litigation to establish the WP claim. Appears to be prepared for OFHEO regulatory matters, which is not work product. |
| 4 | FM SRC M-OFHEO 00035524.0001 | FM SRC M-OFHEO 00035524.0004 | AC; WP | 12/16/02 | | | | Memorandum providing legal advice prepared during the course of OFHEO investigation regarding OFHEO regulatory matters. | | Fails to identify author and recipients to establish AC privilege. Fails to show document was prepared in anticipation of or in connection with litigation to establish WP claim. |
| 5 | FM SRC M-OFHEO 00008135.PDF | FM SRC M-OFHEO 00008135.PDF.0 0004 | AC; WP | 1/22/04 | SMITH, CATHERINE S | MEDINA, MONICA P | | Email forwarding draft board resolution providing legal advice prepared in anticipation of litigation regarding shareholder lawsuit/Fannie matter. | | Fails to identify which document (the e-mail, the draft board resolution, or both) to which the privilege applies. Fails to establish Catherine Smith, an Office Administrator, is a legal agent. |

Fannie Mae
Privileged Documents
from Miscellaneous Log 701934

| No. | Beg Bates | End Bates | Type of Claim | Doc Date | From | To | CC | Description | Replicated/Duplicate | Comments |
|---|---|---|---|---|---|---|---|---|---|---|
| 6 | FM SRC M-OFHEO 00005383.pdf | FM SRC M-OFHEO 00005389.pdf | AC; WP | 2/5/04 | | | | Email with attached memorandum providing legal advice prepared during the course of OFHEO investigation regarding OFHEO regulatory matters. | | Fails to identify which document (the e-mail, the memorandum, or both) to which the privilege applies. Fails to identify author and recipients of each document to establish AC claim. Fails to provide sufficient information to show document was prepared in anticipation of or in connection with litigation to establish WP claim. |
| 7 | FM SRC M-OFHEO 00005394.pdf | FM SRC M-OFHEO 00005394.pdf | AC; WP | 2/12/04 | | | | Email with attached memorandum providing legal advice prepared during the course of OFHEO investigation regarding OFHEO regulatory matters. | | Fails to identify which document (the e-mail, the memorandum, or both) to which the privilege applies. Fails to identify author and recipients of each document to establish AC claim. Fails to provide sufficient information to show document was prepared in anticipation of or in connection with litigation to establish WP claim. |
| 8 | FM SRC M-OFHEO 00002713.0001 | FM SRC M-OFHEO 00002713.0001 | AC; WP | 3/4/04 | | | ANDERSON, JAMES; JOSEPHS**, MIKE; KITCHENS**, HD; LESNES*, SCOTT; KELLEY, JODIE L; GRIFFITH, JONATHAN L; BAER, GREGORY A | Handwritten notes reflecting attorney client communications with Scott Lesnes*, Jodie Kelley, Jonathan Griffith and Gregory Baer* prepared during the course of OFHEO investigation regarding OFHEO regulatory matters. | | Fails to identify author of handwritten notes. Description is merely conclusory, providing little basis on which to evaluate whether the document is potentially protected or not. Fails to show document prepared in anticipation of or in connection with litigation to establish WP claim. Kitchens and Joseph (E&Y) are not legal agents. |
| 9 | FM SRC M-OFHEO 00007654.pdf | FM SRC M-OFHEO 00007654.pdf | WP | 4/26/04 | | | | Email with attached draft outline prepared during course of OFHEO investigation regarding OFHEO regulatory matters. | | Fails to identify which document (the email, the outline, or both) to which the privilege applies. Fails to identify author and recipients of each document to establish AC claim. Fails to provide sufficient information to show document was prepared in anticipation of or in connection with litigation to establish WP claim. |
| 10 | FM SRC M-OFHEO 00005845.pdf | FM SRC M-OFHEO 00005845.pdf | AC; WP | 6/7/04 | | | | Email prepared at the request of counsel during the course of the OFHEO investigation providing information in order to obtain legal advice regarding OFHEO regulatory matters. | | Fails to identify author and recipients of each document to establish AC claim. Fails to show document was prepared in anticipation of or in connection with litigation to establish WP claim. If e-mail contains only factual information, it would not be protected. |
| 11 | FM SRC M-OFHEO 00042264.0001 | FM SRC M-OFHEO 00042264.0004 | WP | 6/9/04 | | | | Email prepared during course of OFHEO investigation regarding OFHEO regulatory matters. | | Fails to identify author and recipients. Fails to show document was prepared in anticipation of or in connection with litigation to establish WP claim. If e-mail contains only factual information, it would not be protected. |

Fannie Mae
Privileged Documents
from Miscellaneous Log 701934

| No. | Beg Bates | End Bates | Type of Claim | Doc Date | From | To | CC | Description | Replication/Duplicate | [Basis for Challenge] |
|---|---|---|---|---|---|---|---|---|---|---|
| 12 | FM SRC M-OFHEO 00035556.0001 | FM SRC M-OFHEO 00035556.0002 | WP | 6/9/04 | FANNIE MAE LEGAL DEPARTMENT | | | Handwritten notes prepared during the course of OFHEO investigation regarding OFHEO regulatory matters. | | Fails to identify author of handwritten notes. Fails to show document was prepared in anticipation of or in connection with litigation to establish the WP claim. |
| 13 | FM SRC M-OFHEO 00035947.0001 | FM SRC M-OFHEO 00035947.0005 | AC; WP | 7/5/04 | MARTIN, PAUL G | SHEPTIN, MICHAEL | | Email with attached presentation providing information for the purpose of obtaining legal advice regarding OFHEO regulatory matters. | | Fails to indicate whether privilege claim is being made as to e-mail, attached presentation or both. Fails to identify author and recipients of presentation and basis for AC or WP protection of attachment. Fails to establish Michael Sheptin as valid legal agent. |
| 14 | FM SRC M-OFHEO 00002428.0001 | FM SRC M-OFHEO 00002428.0004 | AC; WP | 7/16/04 | KAPPLER, ANN M | MEDAY, MONICA P; FRENCH, ELVIRA M | RAJAPPA, SAM | Email with attached outline draft report providing legal advice prepared during the course of OFHEO investigation regarding OFHEO regulatory matters. | | Fails to identify which document (the e-mail, the draft outline, or both) contains legal advice. Fails to show document was prepared in anticipation of or in connection with litigation to establish WP claim. |
| 15 | FM SRC M-OFHEO 00002036.0001 | FM SRC M-OFHEO 00002036.0002 | AC; WP | 7/21/04 | | | | Email requesting legal advice during the course of the OFHEO investigation regarding OFHEO regulatory matters. | | Fails to identify author and recipients to establish AC privilege. Fails to show document was prepared in anticipation of or in connection with litigation to establish WP claim. |
| 16 | FM SRC M-OFHEO 00000038.0001 | FM SRC M-OFHEO 00000038.0002 | AC; WP | 7/27/04 | KAPPLER, ANN M | SMITH, CATHERINE S | | Email reflecting attorney client communications with Jodie Kelley* prepared during the course of the OFHEO investigation regarding OFHEO regulatory matters. | | Fails to show document was prepared in anticipation of or in connection with litigation to establish WP claim. Fails to show Catherine S. Smith is valid Legal Agent. |
| 17 | FM SRC M-OFHEO 00007069.pdf | FM SRC M-OFHEO 00007069.pdf | AC; WP | 8/3/04 | | | | Email forwarding legal advice of Paul Martin* prepared during the course of OFHEO investigation regarding OFHEO regulatory matters. | | Fails to show author and recipients to establish AC privilege. Fails to show document was prepared in anticipation of or in connection with litigation to establish WP claim. |
| 18 | FM SRC M-OFHEO 00037756.0001 | FM SRC M-OFHEO 00037756.0004 | AC; WP | 8/4/04 | | | | Memorandum with marginalia providing legal advice prepared during the course of OFHEO investigation regarding OFHEO regulatory matters. | | Fails to show author and recipients to establish whether AC privilege is proper. Description fails to show document was prepared in anticipation of or in connection with litigation to establish a WP claim. |

111/Fannie Mae/Privilege Docs/Reviewed Privilege Logs/701934/AllLogs    3 of 125

Fannie Mae
Privileged Documents
from Miscellaneous Log 701934

| No. | Beg Bates | End Bates | Type of Claim | Doc Date | From | To | CC | Description | Replicated/Duplicates | Assertions |
|---|---|---|---|---|---|---|---|---|---|---|
| 19 | FM SRC M-OFHEO 00260748.0001 | FM SRC M-OFHEO 00260748.0004 | AC; WP | 8/5/04 | | | | Email providing legal advice prepared during the course of OFHEO investigation regarding OFHEO regulatory matters. | | Fails to show author and recipients to establish AC privilege. Fails to show document was prepared in anticipation of or in connection with litigation to establish WP claim. |
| 20 | FM SRC M-OFHEO 00046825.0001 | FM SRC M-OFHEO 00046825.0004 | AC; WP | 8/9/04 | | | | Email providing legal advice prepared during the course of OFHEO investigation regarding OFHEO regulatory matters. | | Fails to show author and recipients to establish AC privilege. Fails to show document was prepared in anticipation of or in connection with litigation to establish WP claim. |
| 21 | FM SRC M-OFHEO 00049442.0001 | FM SRC M-OFHEO 00049442.0137 | AC; WP | 8/9/04 | RACCOOSIN, SAMUEL | BARR, SUZANNE | | Email providing legal advice during the course of the OFHEO investigation regarding OFHEO regulatory matters. | | Document is not authored by an attorney. Fails to show document was prepared in anticipation of or in connection with litigation to establish WP claim. |
| 22 | FM SRC M-OFHEO 00055350.0001 | FM SRC M-OFHEO 00055350.0001 | AC; WP | 8/26/04 | | | | Email providing information for the purpose of obtaining legal advice prepared during the course of OFHEO investigation regarding OFHEO regulatory matters. | | Fails to identify author and recipients to establish AC privilege. Fails to show document was prepared in anticipation of or in connection with litigation to establish WP claim. If e-mail contains only factual information, it would not be protected. |
| 23 | FM SRC M-OFHEO 00006877.pdf | FM SRC M-OFHEO 00006877.pdf | AC; WP | 9/2/04 | | | | Email with attached draft letter requesting legal advice prepared during the course of OFHEO investigation regarding OFHEO regulatory matters. | | Fails to identify which document (the email, the draft Minutes, or both) to which the privilege applies to. Fails to identify author and recipients to establish AC privilege. Fails to show document was prepared in anticipation of or in connection with litigation to establish WP claim. |
| 24 | FM SRC M-OFHEO 00002623.0001 | FM SRC M-OFHEO 00002623.0013 | AC; WP | 9/9/04 | KAPPLER, ANN M | SMITH, CATHERINE S | | Email with draft Minutes attached reflecting attorney client communications with Ann Kappler and Russel Bruemmer prepared during the course of OFHEO examination regarding OFHEO regulatory matters. | | Fails to identify which document (the email, the draft Minutes, or both) to which the privilege applies to. Fails to show document was prepared in anticipation of or in connection with litigation to establish WP claim. |
| 25 | FM SRC M-OFHEO 00035080.0001 | FM SRC M-OFHEO 00035080.0066 | WP | 9/17/04 | | | | Draft chart prepared during the course of OFHEO investigation regarding OFHEO regulatory matters. | | Fails to show author and recipients and subject matter. Fails to show document was prepared in anticipation of or in connection with litigation to establish WP claim. |