# O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
LOS ANGELES

1625 Eye Street, NW
Washington, D.C. 20006-4001

TELEPHONE (202) 383-5300
FACSIMILE (202) 383-5414
www.omm.com

NEWPORT BEACH
NEW YORK
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TOKYO

OUR FILE NUMBER
258,938-861

October 19, 2007

WRITER'S DIRECT DIAL
(202) 383-5382

**VIA FACSIMILE AND MAIL**

WRITER'S E-MAIL ADDRESS
knewman@omm.com

Melanie S. Corwin, Esq.
Waite, Schneider, Bayless & Chesley Co., L.P.A.
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, OH 45202

Re: *Fannie Mae's Miscellaneous Privilege Log and Proposed Agreement*

Dear Melanie:

This letter responds to your letter dated October 10, 2007 to Jeff Kilduff regarding the April 6, 2007 transmission of Fannie Mae's privilege log of 636 documents withheld from production pursuant to the work product doctrine or attorney-client privilege. At this time, we continue to assert the Company's privilege over all privileged documents withheld from the production, but remain amenable to resolving this dispute by addressing your concerns with the privilege log of 636. To that end, we have enclosed a revised, partial privilege log, which augments the 67 allegedly deficient entries you most recently identified. The revised entries provide previously omitted information and/or include supplemental information evidencing the validity of Fannie Mae's privilege claims.

We disagree with your contention that Fannie Mae has not established the applicability of the work product doctrine. The documents in question were prepared in anticipation of litigation which could result from OFHEO's Special Examination. As you are aware, in May 2006 Fannie Mae ultimately decided to settle with OFHEO instead of litigating, but the work prepared in anticipation of litigation remains squarely within the protection of the work product doctrine. OFHEO's Special Examination of Fannie Mae was separate and apart from OFHEO's ongoing general examination, and it featured numerous traits common to litigation. For example, during the Special Examination, OFHEO issued subpoenas to Fannie Mae, compelling the production of documents and depositions. Approximately six months after the Special Examination began, the first shareholder demand letter concerning the Special Examination was received in January 2004. Long before the Special Examination was concluded, the first lawsuits, including yours, tracking the OFHEO allegations were filed in September 2004. At the conclusion of the Special Examination, Fannie Mae paid a $400 million penalty. *See* Article XI, Consent Order (May 23,



EXHIBIT
E

O'MELVENY & MYERS LLP

Melanie S. Corwin, Esq., October 19, 2007 - Page 2

2006). Therefore, we reject Lead Plaintiffs' unsupported assertion that Fannie Mae's documents generated in defense of the Special Examination constituted mundane "regulatory matters."

In addition, we disagree with your contention that because "many of the documents contain merely factual material and not legal advice or opinions . . . [,] Fannie Mae has not met its burden to show that redaction of the privileged material is not more reasonable so the factual information is produced . . ." The work product doctrine protects not only mental impressions and legal advice but also fact work product. "Only upon a showing that the party seeking discovery has substantial need of the materials . . . and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means" must fact work product be produced. Fed. R. Civ. P. 26 (b)(3). Here, the facts of this case have long been in plaintiffs' possession; you have had access to thousands of pages of sworn testimony, in addition to millions of pages of documents. In fact, several of the documents on the log have already been produced to you in redacted form, had you simply searched for them. They can be found among the 25 + million pages of factual data available to you on the XEROX database. We have offered to withhold only 636 documents reflecting core work product from the millions of documents produced to you to date.

We also dispute your conclusory assertion that Dale Kitchens, Michael Joseph, and other Ernst & Young employees do not constitute legal agents whose communications with the Company are protected from disclosure by the attorney-client and work product privileges. Ernst & Young was retained to assist the law firm of Wilmer Cutler Pickering Hale and Dorr LLP ("Wilmer") in analyzing complex accounting standards and procedures for the purpose of enabling Wilmer to defend its client, Fannie Mae, in multiple regulatory investigations. Courts have long recognized the necessity of non-legal professional assistance in facilitating legal counseling and have accordingly extended the attorney-client privilege to communications with such professionals. See *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961) (holding that the attorney-client privilege extends to communications between a client and an accountant "made in confidence for the purpose of obtaining legal advice from the lawyer"). The *Kovel* court's reasoning has subsequently been embraced by the D.C. Circuit. See *FTC v. TRW, Inc.*, 628 F.2d 207, 212 (D.C. Cir. 1980). The work product protection similarly extends to Ernst & Young's work relating for Wilmer in defense of the Special Examination. See *In re Cardinal Health, Inc. Sec. Litig.*, No. C2 04 575 ALM, 2007 WL 495150, at *6-7 (S.D.N.Y. Jan. 26, 2007) (finding that work product protection extended to work papers prepared by expert forensic accountants retained and supervised by law firm). Therefore, we do not intend to produce these documents, absent a court order.

Nor do we intend to produce the Cravath and Paul Weiss communications. For the reasons we stated in opposition to the motion to compel that you reference and for the reasons stated in our motion for reconsideration that is still pending, we believe the documents on the log that involve Cravath and/or Paul Weiss communications are privileged.

Albeit you did not address the waiver issue in your most recent correspondence to Jeff Kilduff, you set forth your contention that all privileges had been waived in your September 5

O'MELVENY & MYERS LLP

Melanie S. Corwin, Esq., October 19, 2007 - Page 3

letter to Amy Longo. We disagree with that contention too. The 636 logged documents were provided to a regulator pursuant to a non-waiver agreement. Recent case law has recognized the applicability of the work product protection to documents similarly provided to regulators. *See In re Cardinal Health, Inc. Sec. Litig.*, No. C2 04 575 ALM, 2007 WL 495150 (S.D.N.Y. Jan. 26, 2007); *see also Permian Corp. v. United States*, 665 F.2d 1214 (D.C. Cir. 1981) (finding that disclosure of documents to the SEC did not waive the work product protection).

Finally, although we decline to produce any of the documents on the enclosed log or any of the privileged documents withheld to date, we think it is premature to request an *in camera* inspection of all privileged documents at this time. Rather, the disposition of virtually all of these documents can be determined by the court with a motion to compel limited to the legal issues identified in our respective correspondence on the privileged documents. Our offer to produce 99.96% of the privileged materials, or 150,000 documents, remains open. Otherwise we will be prepared to defend our privilege claims on all of these documents at the appropriate time.

As we have been since April, we are available anytime to discuss these matters over the phone or in person.

Very truly yours,

Kimberly A. Newman
of O'MELVENY & MYERS LLP

Enclosure

cc:  James R. Cummins, Esq. (w/enc.)
     Karen A. Thomas, Esq. (w/enc.)
     Megan D. McIntyre, Esq. (w/enc.)
     Samuel K. Rosen, Esq. (w/enc.)
     Kevin M. Downey, Esq. (w/enc.)
     Alex G. Romain, Esq. (w/enc.)
     Steven M. Salky, Esq. (w/enc.)
     Eric R. Delinsky, Esq. (w/enc.)
     Charles Wm. McIntrye, Esq. (w/enc.)
     David S. Krakoff, Esq. (w/enc.)
     Christopher F. Regan, Esq. (w/enc.)
     Andrew S. Tulumello, Esq. (w/enc.)
     Jeffrey W. Kilduff, Esq. (w/enc.)